# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. 1:19-CR-59 |
| DANIEL EVERETTE HALE, | |
| *Defendant.* | |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, asks for an Order to Seal the Indictment until the government completes its investigation and moves to unseal the Indictment or until the defendant is arrested, whichever comes first.

**I.  REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Federal Bureau of Investigation is investigating Defendant Daniel Everette Hale in connection with the unlawful obtainment, retention, and disclosure of certain government-owned or government-controlled documents between on or about February 28, 2014, and December 2016. Some of the documents at issue are classified and contain national defense information and/or communications intelligence information, while other such documents are unclassified.

2. In connection with this investigation, a federal grand jury in the Eastern District of Virginia returned a five-count Indictment charging the defendant with obtaining national defense information, in violation of 18 U.S.C. § 793(c), retaining and transmitting national

defense information, in violation of 18 U.S.C. § 793(e), causing the communication of national defense information, in violation of 18 U.S.C. § 793(e), disclosing communications intelligence, in violation of 18 U.S.C. §§ 798(a)(3), and theft of government property, in violation of 18 U.S.C. § 641. Nonetheless, the grand jury's investigation into the activities of the defendant is ongoing. The government is continuing to gather and evaluate evidence, weigh the appropriateness of certain charges, and determine which national defense information is appropriate for potential disclosure at a trial. Premature disclosure of the charges against the defendant therefore would possibly thwart the government's ability to continue its investigation and make these evaluations.

3. Moreover, premature disclosure of the charges against the defendant would threaten law enforcement's ability to locate and arrest the defendant. Disclosure of the Indictment also would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

4. The Court has the inherent power to seal indictments. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going

investigation severely. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366 (D. Kan. 1992).

5. Markedly, the Court's authority to seal an indictment is "broader than merely the need to take the defendant into custody." *United States v. Ramey*, 791 F.2d 317, 320–21 (4th Cir. 1986). Indeed, a "judicial officer may grant the Government's motion to seal for any legitimate prosecutorial need," *id.* at 321, and one such legitimate prosecutorial need is the continued gathering of evidence. *United States v. Lakin*, 875 F.2d 168, 170 (8th Cir. 1989) (explaining that the district court deemed legitimate the government's request to seal an indictment on the grounds that, although probable cause existed to indict the defendants, more time was needed to gather additional evidence for purposes of evaluating whether the case should be pursued).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

6. The Indictment would need to remain sealed until the United States moves to unseal the Indictment or the defendant is arrested, whichever comes first. The United States will move to unseal the sealed materials as soon as sealing is no longer necessary.

7. Upon occurrence of the defendant's arrest, as specified in Paragraph 6, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

8. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

//

//

WHEREFORE, the United States respectfully requests that the Indictment and this Motion to Seal and proposed Order be sealed until the United States moves to unseal these filings or the defendant is arrested, whichever comes first.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: *(signature)*
Alexander P. Berrang
Gordon D. Kromberg
Assistant United States Attorneys

Heather M. Schmidt
Senior Trial Attorney
Counterintelligence-Export Control Section
National Security Division
U.S. Department of Justice

4