IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:19-CR-59 |
| v. | The Honorable Liam O'Grady |
| DANIEL EVERETTE HALE, | **FILED UNDER SEAL** |
| *Defendant.* | |

FILED

## MOTION FOR LEAVE TO PROVIDE COPIES OF
## SEALED INDICTMENT TO CERTAIN GOVERNMENT ENTITIES

On March 7, 2019, a federal grand jury in the Eastern District of Virginia returned a five-count indictment in the above-captioned case. The Court subsequently issued an arrest warrant at the request of the United States. Upon a motion by the United States pursuant to Local Rule 49, the Court also entered an Order on March 7 sealing the indictment until the United States moves to unseal the case or the defendant is arrested, whichever comes first.

The U.S. Attorney's Office for the Eastern District of Virginia now seeks leave from the Court to provide copies of the sealed indictment to the Federal Bureau of Investigation (FBI), as well as counsel for the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. In support of this Motion, the United States represents:

1. The FBI is investigating Defendant Daniel Everette Hale in connection with the unlawful obtainment, retention, and disclosure of certain government-owned or government-controlled documents between on or about February 28, 2014, and December 2016. Some of

Case 1:19-cr-00059-LO   Document 9 *SEALED*   Filed 03/08/19   Page 2 of 4 PageID# 48

the documents at issue are classified and contain national defense information and/or communications intelligence information, while other such documents are unclassified.

2. On March 7, 2019, the grand jury returned a five-count indictment charging the defendant with obtaining national defense information, in violation of 18 U.S.C. § 793(c), retaining and transmitting national defense information, in violation of 18 U.S.C. § 793(e), causing the communication of national defense information, in violation of 18 U.S.C. § 793(e), disclosing communications intelligence, in violation of 18 U.S.C. § 798(a)(3), and theft of government property, in violation of 18 U.S.C. § 641.

3. At the time the grand jury returned the indictment, the government submitted a motion that requested that the matter be sealed given that the government is continuing to gather and evaluate evidence, weigh the appropriateness of certain charges, and determine which national defense information is appropriate for potential disclosure at a trial. The government further explained in its motion for a sealing order that premature disclosure of the charges against the defendant would possibly thwart the government's ability to continue its investigation and make the aforementioned evaluations; provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved; and threaten law enforcement's ability to locate and arrest the defendant. The Honorable Theresa C. Buchanan granted the government's request and sealed the indictment until the government moves to unseal it or the defendant is arrested, whichever comes first.

4. For purposes of furthering its investigation, the government now seeks leave from this Court to provide sealed copies of the indictment to the FBI, as well as counsel for the ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The government intends to inform recipients of the sealed documents that the items are under seal and may not be disclosed to unauthorized parties.

5. Although the FBI may be entitled to a copy of the sealed indictment given that the FBI is the lead investigative agency in this matter, the government seeks permission from this Court out of an abundance of caution. Providing a copy of the sealed indictment to the FBI is necessary to assist the FBI in its continued investigation of the defendant.

6. As for counsel for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, these individuals have a need to review a copy of the sealed indictment in order to provide assistance in the investigation. For example, in order to satisfy its discovery obligations, the government needs the assistance of the aforementioned agencies in conducting prudential searches. Such searches necessarily require counsel for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to have knowledge of the charges and allegations in the indictment.

7. The government submits that, at this time, the proposed disclosure of the sealed indictment does not warrant an unsealing of the court file in the above-captioned case. The government also requests that the instant motion and the requested Court Order also be sealed until the indictment is unsealed. As noted previously, the investigation is ongoing and public disclosure of the indictment could thwart the government's investigation in the ways outlined above in Paragraph 3. For instance, the defendant, upon learning of the indictment, could take measures to avoid apprehension. In other words, there is a substantial probability that the release of the sealed documents would severely compromise the government's on-going investigation, thus making continued sealing appropriate. *See, e.g., In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *In re Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366, 368–69 (D. Kan. 1992). Moreover, the Court's authority to seal an indictment is "broader than merely the need to take the defendant into custody." *United States v. Ramey*, 791

3

F.2d 317, 320–21 (4th Cir. 1986). Indeed, a "judicial officer may grant the Government's motion to seal for any legitimate prosecutorial need," *id.* at 321, and one such legitimate prosecutorial need is the continued gathering of evidence, *see United States v. Lakin*, 875 F.2d 168, 170 (8th Cir. 1989) (explaining that the district court deemed legitimate the government's request to seal an indictment on the grounds that, although probable cause existed to indict the defendants, more time was needed to gather additional evidence for purposes of evaluating whether the case should be pursued).

7. A proposed Order is attached requesting that the Court authorize the limited disclosure of the sealed indictment and seal the instant Motion and proposed Court Order, as described herein.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: March 8, 2019

By: /s/ Alexander P. Berrang
Alexander P. Berrang
Gordon D. Kromberg
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: Alexander.P.Berrang@usdoj.gov
Email: Gordon.Kromberg@usdoj.gov

Heather M. Schmidt
Senior Trial Attorney
Counterintelligence-Export Control Section
National Security Division
U.S. Department of Justice