# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:19-CR-59 |
| v. | The Honorable Liam O'Grady |
| DANIEL EVERETTE HALE, | |
| *Defendant.* | |

## PROTECTIVE ORDER

Before the Court is the parties' Joint Motion for Entry of a Protective Order restricting the disclosure and dissemination of the documents, electronic records, and other information produced by the United States to the defendant as part of the government's discovery obligations in this case.

### Protection of Sensitive But Unclassified Discovery Materials

These documents, electronic records, and other information, shall be subject to the following Order:

1. The government may designate certain discovery materials that relate to national security interests as "Sensitive But Unclassified." The Government will mark the information with the inscription "Sensitive But Unclassified" or "SBU." If the defense makes any further copies of any of the Sensitive But Unclassified information, the instruction "Sensitive But Unclassified" or "SBU" must be included on the copies. Further, if the defense makes use of the Sensitive But Unclassified information for this Case in a filing or other document, the filing or document must include the inscription "Sensitive But Unclassified" or "SBU."

1

2. The government shall disclose Sensitive But Unclassified discovery materials to the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure and relevant case law. Where Sensitive but Unclassified discovery materials are produced electronically on disc, only the physical disc (and not the individual electronic files) must be labeled "SENSITIVE BUT UNCLASSIFIED DISCOVERY MATERIALS."

3. The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver as to any third parties of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

4. Access to Sensitive But Unclassified discovery materials shall be restricted to persons authorized by this Order, namely, the defendant, the defendant's attorney(s) of record in this case, expert witnesses, and the employees of the attorney(s) of record who are performing work on behalf of the defendant.

5. The following restrictions are placed on the individuals identified in Paragraph 4, unless and until further ordered by the Court. The individuals identified in Paragraph 4 shall not allow any other entity or person to read Sensitive But Unclassified discovery materials, nor may the individuals identified in Paragraph 4 use the Sensitive But Unclassified discovery materials or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter. In addition, the individuals identified in Paragraph 4 shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to persons authorized by this Order, and all such notes or records are to be treated in the same manner as the original materials.

6. The defense will store the Sensitive But Unclassified discovery materials in a secure place and will use reasonable care to ensure it is not disclosed to third persons, including the media, in violation of this agreement.

7. Prior to the disclosure of any Sensitive But Unclassified discovery materials to a person not identified in Paragraph 4 of this Order—including, but not limited to, (a) persons who are interviewed as potential witnesses, or (b) counsel for potential witnesses—defense counsel must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*. No person described in this paragraph shall have access to the Sensitive But Unclassified discovery materials until he or she has (a) been provided with a copy of this Order; and (b) certified that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of the Court, by signing a copy of the attached Memorandum of Understanding of the Protective Order. Copies of any signed Memorandum of Understanding shall be maintained by defense counsel and provided to the government upon an order of this Court. Defense counsel shall maintain a list of persons to whom materials are disclosed.

8. Nothing in this Order shall restrict use by the defendant's counsel of Sensitive But Unclassified discovery materials or information contained therein during the defendant's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that any documents, papers, or pleadings filed with the Court that: (a) quote directly from Sensitive But Unclassified discovery materials; (b) summarize or refer to the contents of Sensitive But Unclassified discovery materials; or (c) attach copies of Sensitive But Unclassified discovery materials, shall be filed under seal, unless the parties agree to the public filing of such information, or the Court rules that it may be filed on the public docket.

## General Provisions

9. Any classified information will be governed by the applicable laws and rules applying to the disclosure and handling of classified information, the Classified Information Procedures Act, 18 U.S.C. App. 3 § 1 *et seq.*, and a different Order of this Court.

10. Upon conclusion of the above-captioned case, all discovery materials, including, but not limited to Sensitive But Unclassified discovery materials, copies, and derivative materials thereof shall either be destroyed or returned to the United States, to the extent that this order is not inconsistent with Defense counsel's ethical obligations. If counsel chooses to destroy the materials, counsel shall provide written confirmation that the materials have been destroyed.

11. If any party believes an exception should be made to this Protective Order, the parties will confer and then seek guidance from the Court as necessary. The parties will advise the Court of any exceptions that they believe should be made to the Protective Order.

12. Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

IT IS SO ORDERED.

Date: May 23, 2019
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

## MEMORANDUM OF UNDERSTANDING

1. I, _____, understand that I may be the recipient of documents or shown documents that contain information that the government has designated to be Sensitive But Unclassified.

2. I agree that I shall never divulge, publish, or reveal, either by word, conduct, or other means, such Sensitive But Unclassified information and documents unless specifically authorized in writing to do so by an authorized representative of the U.S. government, or as otherwise ordered by the Court.

3. I understand this agreement will remain binding upon me after the conclusion of the proceedings in *United States v. Daniel Everette Hale*, No. 1:19-cr-59, and any subsequent related proceedings.

4. I have received, read, and understood the Protective Order entered by the U.S. District Court for the Eastern District of Virginia in the above case, and I agree to comply with the provisions thereof.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _____

Place: _____

_____
Authorized Person

The above-named individual has received a copy of the Protective Order in the case *United States v. Daniel Everette Hale*, No. 1:19-cr-59.

_____
Counsel for Defendant

1