IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 1:19-cr-59 |
| v. ) | |
| ) | Hon. Liam O'Grady |
| DANIEL EVERETTE HALE, ) | |
| ) | Motion Hr'g: Oct. 18, 2019 |
| Defendant. ) | |

## MOTION FOR BILL OF PARTICULARS

Pursuant to Federal Rules of Criminal Procedure 7 and 12(b), and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, defendant Daniel Everette Hale moves this Court to require the United States to provide a bill of particulars identifying with particularity certain allegations in the superseding indictment, as specified below.  *See* Dkt. No. 12.

**I.     Background**

On May 9, 2019, a grand jury in the Eastern District of Virginia issued a five-count superseding indictment against Mr. Hale.  Counts 1 through 3 charge violation of 18 U.S.C. § 793 by obtaining or communicating national defense information. Count 4 charges the disclosure of classified communications intelligence information in violation of 18 U.S.C. § 798(a)(3).  And Count 5 charges theft of government information in violation of 18 U.S.C. § 641.  Although the superseding indictment does refer to a discrete set of generally described documents as the subjects of Counts 1 through 5, the indictment fails to describe the specific acts that allegedly constitute violations of the statutory provisions charged.  Specifically:

- **Count 1** fails to identify (1) what "know[ledge] and [ ] reason to believe" Mr. Hale is alleged to have had with respect to the disposition of the identified documents; (2) *who* is contemplated by the reference to "any person contrary to the provisions of Title 18, United States Code, Chapter 37"; and (3) what provision of "Title 18, United States Code, Chapter 37" is relied upon.

- **Count 2** fails to identify the (1) date, (2) location and (3) manner by which any transmission of documents is alleged to have been effected.

- **Count 3** fails to identify the (1) date, (2) location and (3) manner by which the unauthorized possession and communication, delivery, or transmission is alleged to have been effected, (4) the "persons" who allegedly received the documents, and (5) the reason those persons were "not entitled to receive" the documents.

- **Count 4** fails to identify the (1) date, (2) location and (3) manner by which the communication, furnishing, or transmission is alleged to have been effected, (4) what "person" allegedly received the information, and (5) why that person was "unauthorized" to receive the information at issue.

- **Count 5** fails to identify the (1) manner by which the documents at issue allegedly were "conveyed and disposed of," (2) the dollar value of each document at issue, and (3) the manner by which the government has calculated any purported dollar values.

Mr. Hale is entitled to more specificity so that he may prepare for trial, protect his constitutional right against double jeopardy and guard against multiplicitous counts.

II. **Argument**

Federal Rule of Criminal Procedure 7(f) instructs that "[t]he court may direct the government to file a bill of particulars." A bill of particulars "identifies for the defendant the area within which the government's chief evidence will fall." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). It is used to provide essential information that may have been omitted from the indictment. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). It is also designed to permit a defendant to effectively prepare a defense and avoid unfair surprise at trial. *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973).

Whether to require a bill of particulars is a matter within the sound discretion of the trial court. *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985). "The test in ruling on such a motion is whether deprivation of the information sought will render the defendant subject to unfair surprise." *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) (citing *Fletcher*, 74 F.3d at 53). A critical factor, however, is whether the indictment generically charges a statute and is otherwise lacking in sufficient clarifying detail. *See, e.g.*, *United States v. Chandler*, 753 F.2d 360, 362 (4th Cir. 1985) (noting that "[c]harging the generic offense may have created some ambiguity as to what facts the government might seek to prove at trial. . . . The defendants' remedy therefore was to seek a bill of particulars to clarify the specific factual theory (or theories) upon which the government was proceeding") (citing *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972), and *United States v. Previti*, 644 F.2d 318 (4th Cir. 1981)). The indictment must contain sufficiently specific facts to provide the defendant "with reasonable certainty[] of the nature of

3

the accusation against him" so that he knows "what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 764-65 (1962).

Here, with respect to the specific counts charged, the government has done little more than recite language derived from the charged statutes. Though the indictment contains 41 paragraphs of general allegations, these paragraphs shed little light on the location, manner and means of the alleged communication or transmission of documents. Rather, the general allegation paragraphs contain background information such as Mr. Hale's alleged work history and an explanation of classified information. Dkt. No. 12 ¶¶ 1-41.

Unless the government identifies the information lacking from each count as delineated above, Mr. Hale will not know until trial "the specific acts of which he is accused." *United States v. Doan*, 184 F. Supp. 3d 271, 283 (E.D. Va. 2016) (Ellis, J.) (quotation omitted). Additionally, as the defense argues in its contemporaneously filed Motion to Dismiss Multiplicitous Counts, Counts 1 through 4 appear to charge the same conduct, relying on the same or similar verbs, the same list of documents and the same date range, or subsets thereof. Thus, if the Court is not prepared to order the government to choose which one of Counts 1, 2, 3 or 4 on which to proceed, a bill of particulars is required to permit the defense to guard against multiplicity. *See, e.g., United States v. Diboh*, No. 5:17-cr-176, 2018 WL 890074, at *1-2 (E.D.N.C. Feb. 14, 2018) (referring to government's bill of particulars to determine whether multiplicity issue resolved, and ruling that it was not).

4

## III.     Conclusion

Accordingly, to ensure that Mr. Hale receives protection to which he is entitled against double jeopardy, so that he can adequately prepare for trial, and so that he can guard against prosecution on multiplicitous counts, the Court should require the government to provide a bill of particulars that specifies the facts lacking in Counts 1 through 5, as described herein.

    Respectfully submitted,

    DANIEL EVERETTE HALE

    By Counsel,
    Geremy C. Kamens
    Federal Public Defender

    By: /s/ Cadence Mertz
    Todd M. Richman
    Va. Bar No. 41834
    Cadence A. Mertz
    Va. Bar No. 89750
    Tor B. Ekeland
    Admitted *pro hac vice*
    Counsel for Mr. Hale
    1650 King Street, Suite 500
    Alexandria, VA   22314
    703-600-0840 (tel)
    703-600-0880 (fax)
    Cadence_Mertz@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2019, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon counsel of record.

                    /s/ Cadence Mertz
                    Cadence A. Mertz
                    Va. Bar No. 89750
                    Assistant Federal Public Defender
                    Office of the Federal Public Defender
                    1650 King Street, Suite 500
                    Alexandria, VA 22314
                    703-600-0840 (tel)
                    703-600-0880 (fax)
                    Cadence_Mertz@fd.org