IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | No. 1:19-cr-59 |
| v. | ) | |
| | ) | Hon. Liam O'Grady |
| **DANIEL EVERETTE HALE,** | ) | |
| | ) | Motion Hr'g: Oct. 18, 2019 |
| Defendant. | ) | |

## MOTION TO DISMISS MULTIPLICITOUS COUNTS (COUNTS 1-4)

Pursuant to Federal Rule of Criminal Procedure 12(b), defendant Daniel Everette Hale respectfully moves this Court to dismiss three of Counts 1 through 4 of the superseding indictment (Dkt. No. 12) because they are multiplicitous. That is, they are each restatements of the same illegal act, violating 18 U.S.C. §§ 793 and 798 by obtaining and transmitting certain documents. All four counts are alleged to have occurred during the same time frame, or a subset thereof. All four counts are alleged to involve the same eleven identified documents, or a subset thereof. The government has merely alleged in four slightly variant ways that Mr. Hale impermissibly obtained and communicated certain classified information pertaining to national defense.[1]

---

[1] To the extent that the Court is not inclined to agree that Counts 1 through 4 are multiplicitous at this time, the defense respectfully submits that the abundant overlap between the Counts are an additional reason why this Court should order the government to provide a bill of particulars, as requested in the defense's contemporaneously filed Motion for Bill of Particulars.

I. **The multiplicitous counts in the superseding indictment.**

On May 9, 2019, the government filed a superseding indictment charging Mr. Hale with five counts. Each of Counts 1 through 4 pertain to 11 documents the government has labeled A, B, C, D, E, F, G, I, J, K and M, or a subset of those documents. In relevant part, Counts 1 through 4 read:

- **Count 1 – (18 U.S.C § 793(c)—Obtaining National Defense Information)**

    . . . 42. The General Allegations within Paragraph 1 through 41 of this Indictment are realleged and incorporated by reference.

    43. Beginning on or about February 28, 2014, and continuing to on or about May 14, 2014, in the Eastern District of Virginia and elsewhere, the defendant, DANIEL EVERETTE HALE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents connected with the national defense, namely:

    [Documents A-G, I-K, and M]

    knowing and having reason to believe at the time he obtained Documents A-G, I-K, and M that they had been or would be obtained, taken, made, or disposed of by any person contrary to the provisions of Title 18, United States Code, Chapter 37.

    (In violation of Title 18, United States Code, Section 793(c).)

- **Count 2 – (18 U.S.C. § 793(e)—Retention and Transmission of National Defense Information)**

    . . . 44. The General Allegations within Paragraph 1 through 41 of this Indictment are incorporated by reference.

    45. Beginning on or about February 28, 2014, and continuing to on or about December 17, 2015, in the Eastern District of Virginia and elsewhere, the defendant, DANIEL EVERETTE HALE, having unauthorized possession of, access to, and control over the following documents related to the national defense, willfully: (a) retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive them; and (b) communicated, delivered, and transmitted such documents to a person not entitled to receive them. Specifically, HALE retained the following documents

relating to the national defense, and transmitted them to the Reporter and/or the Reporter's Online News Outlet:

[Documents A-G, I-K, and M]

(In violation of Title 18, United States Code, Section 793(e).)

- **Count 3 – (18 U.S.C. § 793(e)—Causing the Communication of National Defense Information)**

. . . 46. The General Allegations within Paragraph 1 through 41 of this Indictment are incorporated by reference.

47. Beginning on or about February 28, 2014, and continuing to on or about December 17, 2015, in the Eastern District of Virginia and elsewhere, the defendant, DANIEL EVERETTE HALE, having unauthorized possession of, access to, and control over documents related to the national defense of the United States, namely:

[Documents A-G, I-K, and M]

did willfully communicate, deliver, transmit and cause to be communicated, delivered, and transmitted, and attempt to communicate, deliver and transmit and cause to be communicated, delivered, and transmitted the same to persons not entitled to receive them, through the publication, dissemination, and distribution to the general public of articles and books concerning Classified Documents A-G, I-K, and M.

(In violation of Title 18, United States Code, Section 793(e).)

- **Count 4 – (18 U.S.C. § 798(a)(3)—Disclosure of Classified Communication Intelligence Information)**

. . . 48. The General Allegations within Paragraph 1 through 41 of this Indictment are incorporated by reference.

49. Beginning on or about February 28, 2014, and continuing to in or about October 2015, in the Eastern District of Virginia and elsewhere, the defendant, DANIEL EVERETTE HALE, did willfully communicate, furnish, transmit, and otherwise make available to an unauthorized person any classified information concerning the communication intelligence activities of the United States, namely:

[Documents A, D, E & K]

(In violation of Title 18, United States Code, Section 798(a).).

## II. The law of multiplicity

An indictment that charges the same offense in more than one count is multiplicitous. *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993). "The prohibition on multiplicity in an indictment is within the core protections of the Double Jeopardy Clause, and specifically, bars the charging of a single offense in more than one indictment count." *United States v. Gardner*, 417 F. Supp. 2d 703, 708 (D. Md. 2006) (citing *United States v. Colton*, 231 F.3d 890, 908 (4th Cir. 2000)). The "signal danger" in a multiplicitous indictment is that the defendant may be given multiple sentences for the same offense. *See Burns*, 990 F.2d at 1438. Put another way, the government may attempt an end-run around statutory maximum penalties by charging the same offense multiple times. Moreover, a lengthy pleading may have a prejudicial effect on the jury, suggesting that the defendant has committed not one, but several crimes. 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Proc. § 142 (4th ed. 2010).

Here there are two types of multiplicity analyses: First, for those counts (Counts 1 through 3) charged under the same statute, 18 U.S.C. § 793, the court must divine what the statute is criminalizing, termed the "unit of prosecution," and whether each count alleges a single, distinct unit of prosecution or, instead, is merely a different way of charging the same thing. *See, e.g.*, *United States v. Dunford*, 148 F.3d 385, 389 (4th Cir. 1998). Second, Count 4, charged under a separate statute, 18 U.S.C. § 798, the Court must determine whether the charge requires proof of any

additional fact not required for Counts 1 through 3. *See, e.g.*, *Gardner*, 417 F. Supp. 2d at 708 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

### III. Three of Counts 1 through 4 should be dismissed because all four charge the same criminal conduct

Even a cursory examination of Counts 1 through 4 under this framework demonstrates that they are multiplicitous.

#### A. Counts 1 through 3

To begin, three of the four counts all arise under the same statute, 18 U.S.C. § 793. Counts 2 and 3 arise out of the same statutory subsection, § 793(e). In § 793, Congress criminalized "gathering, transmitting or losing defense information" and delineated six different ways the statute could be violated. *See* 18 U.S.C. § 793(a)-(f). It also sets the maximum penalty for violating the statute at 10 years. *See* 18 U.S.C. § 793 (defining alternative manners of violating the statute that would trigger the punishment).

The government has not, however, distinguished Counts 1 through 3 by alleging three distinct instances of violating § 793. Instead it has pled the same type of violation three times with minor variances in the manner the government alleges the violation to have occurred. The government does not charge that the violations involved different documents or occurred on different days. Each of Counts 1 through 3 involves the same 11 documents, A-G, I-K and M. Similarly, each of Counts 1 through 3 involves the same timeframe: Counts 2 and 3 allegedly occurred between February 28, 2014 and December 17, 2015, while Count 1 allegedly occurred during a subset of that period, between February 28, 2014 and May 14, 2014.

5

The only real distinguishing factor between Counts 1, 2 and 3 is that Count 1 contains a slight variation in the verbs it employs. Count 1 alleges Mr. Hale "unlawfully obtained" the eleven documents. Count 2 and 3 allege he "ha[d] unauthorized possession of, access to, and control over the [eleven] documents," "willfully: (a) retained," "failed to deliver," and "communicated, delivered, and transmitted" those documents. But shifting the verbs does not allege distinct crimes; it merely describes alternative ways of violating § 793, that is, committing the same offense. *See, e.g.*, *Dunford*, 148 F.3d at 390 (holding seven counts under 18 U.S.C. § 922(g)(1), one each charging felon in possession of gun and six bullets, multiplicitous and remanding for sentencing on single count). *See also United States v. Goodine*, 400 F.3d 202, 211 (4th Cir. 2005) (Traxler, J., concurring in part and concurring in the judgment) (charging alternative means of committing crime should be done in single count (citing *United States v. Harvard*, 103 F.3d 412, 420 (5th Cir. 1997)). *Cf. id.* at 208 (finding *no* multiplicity of § 922(g)(1) counts when gun seized at different time and location than ammunition); *United States v. Pleasant*, 125 F. Supp. 2d 173, 175-76 (E.D. Va. 2000) (count is not *duplicitous* merely because it charges alternative means of committing the same offense).

Moreover, the language employed in Counts 2 and 3 is nearly identical, such that it cannot even be said that the two counts charge alternative means of committing the same crime. Rather, they charge the same means of committing the same crime. Both allege the "willful[] communicat[ion], deliver[y] and transmit[tal]" of national defense information. This is unsurprising as both Counts allege violation

6

of § 793 through the means described in § 793(e). What is more, the date range of the criminal conduct alleged and the eleven documents at issue are identical in the two Counts.

### B. Count 4

Even though Count 4 is charged under a separate section of Chapter 37 of Title 18, it is multiplicitous of Counts 1 through 3. That is because, as charged, it alleges identical conduct. First, Count 4 refers to the same documents, though a subset (A, D, E and K), as those that are the subject of Counts 1 through 3. Though in Count 4 the documents are referred to as "classified information concerning communication intelligence activities of the United States" to hew to the statutory language of § 798, rather than § 793's "national defense" information, they are the same documents subject to Counts 1 through 3. Second, Count 4 refers to the same time frame, again, though a subset of that charged in Counts 2 and 3 (February 28, 2014 through October 2015). Third, Count 4 uses nearly identical verbs to those employed in Counts 2 and 3. Count 4 alleges that Mr. Hale "willfully communicate[d], furnish[ed], transmit[ted]"; Count 3 uses "willfully communicate[d], deliver[ed], transmit[ted] . . ." Fourth, Count 4 appears to describe the alleged recipient as the same recipient contemplated in Counts 2 and 3.[2] Count 4 requires proof of no additional fact beyond at least that required to prove Counts 2 and 3. It is clear, then, that Count 4 is merely a restatement of Counts 2 and 3, and, thus, also multiplicitous.

---

[2] Further light could be shed on this point if the government is required to provide a bill of particulars, as the defense has requested in its contemporaneously filed Motion for Bill of Particulars.

7

## IV. Prejudice and remedy as a result of multiplicitous counts

Multiplicity of counts is a defect in the indictment. *See* Fed. R. Crim. P. 12(b). The concern is threefold. First, multiplicitous counts pose a risk of a defendant being sanctioned twice for a single offense. Such a result would contravene the Fifth Amendment's protection against Double Jeopardy. Second, it undermines the intent of Congress in enacting criminal statutes. And, third, multiplicity poses a risk of prejudice to the criminal defendant at trial. *See United States v. Phillips*, 962 F. Supp. 200, 201-02 (D.D.C. 1997) (compelling the government to elect between multiplicitous counts because "at least some of the harm from multiplicitous prosecution occurs during the course of the trial itself, and not merely at sentencing"). That is because an indictment carrying more counts may influence the jury to believe that the defendant has committed more crimes. *See, e.g.*, *United States v. Ketchum*, 320 F.2d 3, 8 (1963) ("[P]rolix pleading may have some psychological effect upon a jury by suggesting to it that defendant has committed not one but several crimes."). *See also United States v. Marquardt,* 786 F.2d 771, 778 (7th Cir.1986) (multiple indictments create the impression of more criminal activity than in fact occurred); *United States v. Han*, 280 F. Supp. 3d 144, 152 (D.D.C. 2017) (same); *United States v. Polizzi*, 257 F.R.D. 33, 36 (E.D.N.Y. 2009) (same, citing risk of "exaggerated impression of a defendant's criminal activity").

At this juncture, the proper remedy is to require the government to choose on which one of Counts 1, 2, 3 or 4 it wishes to proceed. *See, e.g.*, *United States v. Clarridge*, 811 F. Supp. 697, 702 (D.D.C. 1992) (finding counts multiplicitous and ordering government to choose on which counts to proceed); *Furtick v. United States*,

8

No. 3:01-2273-17, 2001 WL 34681749 at *1 (D.S.C. July 26, 2001) ("The remedy for a multiplicitous indictment is for the court to require that the government elect, prior to trial, on which count to proceed or to set aside the verdict if the jury returns a guilty verdict on more than one of the multiplicitous counts."). Allowing all four counts to go to a jury will create the prejudice associated with a multiplicitous indictment:

> *For when an indictment charges numerous offenses arising from the same conduct it may falsely suggest to a jury that a defendant has committed not one but several crimes.* Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue. Compromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system.

*Clarridge*, 811 F. Supp. at 702 (emphasis added) (internal citations omitted). Requiring the government to choose between counts pre-trial is particularly appropriate where, as here, "forcing election will not hinder the government's presentation of its case in any way." *Phillips*, 962 F. Supp. at 202. In other words, if the government in this case elects to go forward only on Count 3, § 793(e), the government will still present the same proof that it would have presented on Counts 1, 2 and 4.

V.  **Conclusion**

Accordingly, because Counts 1 through 4 are multiplicitous, the proper remedy is to require the government to elect pretrial on which offense it would like to proceed.

9

The defense respectfully moves this Court for an order compelling the government to do so.

                Respectfully submitted,

                DANIEL EVERETTE HALE

                By Counsel,
                Geremy C. Kamens
                Federal Public Defender

                By: /s/ Cadence Mertz
                Todd M. Richman
                Va. Bar No. 41834
                Cadence A. Mertz
                Va. Bar No. 89750
                Tor B. Ekeland
                Admitted *pro hac vice*
                Counsel for Mr. Hale
                1650 King Street, Suite 500
                Alexandria, VA   22314
                703-600-0840 (tel)
                703-600-0880 (fax)
                Cadence_Mertz@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2019, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon counsel of record.

      /s/ Cadence Mertz
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA  22314
703-600-0840 (tel)
703-600-0880 (fax)
Cadence_Mertz@fd.org