IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | No. 1:19-cr-59 |
| v.   ) | |
| ) | Hon. Liam O'Grady |
| DANIEL EVERETTE HALE,   ) | |
| ) | Motion Hr'g: Oct. 18, 2019 |
| Defendant.   ) | |

**MOTION TO DISMISS FOR SELECTIVE AND VINDICTIVE PROSECUTION**

Defendant Daniel Everette Hale moves this Court under Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) to dismiss his indictment because it is a selective and vindictive prosecution that would punish him for constitutionally protected political speech and conduct.[1]  In the alternative, Mr. Hale requests this Court order discovery from the government on:

- the reasons for its prosecutorial decisions, including whether it initially decided not to prosecute, and the reasons for deciding to prosecute this case almost five years after the events complained of, and

- instances where government employees leaked information similar to that at issue in this case but were not prosecuted.

The government waited almost five years to bring this case.  On October 15, 2015, according to press reports, the reporter Jeremy Scahill and the online news site the Intercept published a series of articles criticizing the government's Drone

---

[1] Superseding Indictment, Dkt. No. 12, May 9, 2019.  This motion incorporates the facts and procedural history as outlined in Mr. Hale's Motion to Dismiss on First Amendment and Due Process grounds (Dkt. No. 53).

Program based on the information at issue in this case.[2] It appears that the government came to suspect Mr. Hale in the distribution of this information around August 2014, when it obtained and executed a search warrant. The government did not obtain its initial indictment in this case until March 7, 2019.[3]

## I. The Law of Selective and Vindictive Prosecutions

Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) requires that a defendant raise the defenses of selective and vindictive prosecution at the motion to dismiss stage or risk waiver of those defenses. The defenses do not go to the merits of the case, but rather argue that the government has instituted the prosecution for constitutionally impermissible reasons.[4]

In the case of selective prosecutions the question is whether the government has violated the equal protection component of the Fifth Amendment's Due Process Clause by basing its prosecutorial decision on "'an unjustifiable standard such as race, religion, or other arbitrary classification . . . .'"[5] A defendant must demonstrate

---

[2] *See, e.g.,* Rachel Weiner, "Former Intelligence Analyst Charged with Leaking Drone Details to News Outlet," The Washington Post, May 9, 2019, available at https://beta.washingtonpost.com/local/public-safety/former-intelligence-analyst-charged-with-leaking-drone-details-to-news-outlet/2019/05/09/19eeb9e2-7258-11e9-8be0-ca575670e91c_story.html.

[3] Dkt. No. 1.

[4] *United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("A selective-prosecution claim is not a defense on the merits to the criminal charges itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.").

[5] *Id.* (quoting *Oyler v. Boles* 368 U.S. 448, 456 (1962)).

that the "'federal prosecutorial policy'" had a discriminatory effect, and that it was motivated by a "'discriminatory purpose.'"[6] The standard is a demanding one because the government is entitled to a presumption that its prosecution does not violate equal protection.[7] However, if a defendant can meet the "threshold [of] a credible showing of different treatment of similarly situations persons," the defendant is entitled to discovery on the issue.[8]

On the other hand, vindictive prosecution is an otherwise valid prosecution that punishes a defendant for exercising a constitutionally protected right and thus chills the exercise of that right. This also violates the Fifth Amendment's Due Process Clause.[9] To establish that a prosecution is vindictive, the defendant must show through objective evidence that: (1) "the prosecutor acted with genuine animus toward the defendant;"[10] and (2) "the defendant would not have been prosecuted but for that animus."[11] It is not necessary that the prosecutor of the case be the one with

---

[6] *Armstrong*, 517 U.S. at 465 (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)).

[7] *Id.*

[8] *Id.* at 470.

[9] *See North Carolina v. Pearce*, 395 U.S. 711, 725 (1969) ("[T]he fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right . . . ."); *see also United States v. Wilson*, 120 F.Supp. 550, 554-55 (E.D.N.C. 2000) (collecting cases).

[10] *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001); *see also United States v. Cooper*, 617 Fed. Appx. 249, 250-51 (4th Cir., June 29, 2015) (unpublished).

[11] *Wilson*, 262 F.3d at 314.

the genuine animus towards the defendant. It is sufficient if the defendant can show that the prosecutor was "prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse' . . . ."[12]

If a defendant cannot show "an improper motive with direct evidence, he or she may still present evidence of circumstances from which an improper vindictive motive may be presumed."[13] This requires a showing that the circumstances "'pose a realistic likelihood of vindictiveness.'"[14] Upon such a showing, the burden shifts to the government to justify its conduct.[15] The standard for ordering discovery on a vindictive prosecution claim is the same as for a selective prosecution claim.[16]

## II. Argument

The Court should dismiss the Indictment because it is the product of both a selective and a vindictive prosecution. The government is prosecuting Mr. Hale for what is, as the government alleges, political speech and conduct, namely, that Mr. Hale allegedly supplied information to an American reporter that led to a series of

---

[12] *See Wilson*, 120 F.Supp.2d at 555; *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000); *United States v. Aviv*, 923 F.Supp. 35, 36 (S.D.N.Y. 1996) (collecting cases).

[13] *Wilson*, 262 F.3d at 314.

[14] *Id.* (quoting *Blackledge v. Perry*, 407 U.S. 21, 27 (1974)).

[15] *Id.*

[16] *Id.* at 314-15; *see also Sanders*, 211 F.3d at 717 (holding that the discovery standard is the same for selective and vindictive prosecution claims).

4

articles criticizing the United States military's claims about the effectiveness of its controversial drone program.

### A. This case should be dismissed for selective prosecution

This prosecution is selective because it appears that the government has chosen not to prosecute similarly situated individuals who have provided similar information to the press that resulted in positive coverage of the drone program. The government is using this selective prosecution to chill criticism of its drone program while simultaneously allowing the dissemination of information that leads to praise of the same program. The selective nature of this prosecution implicates core First Amendment principles involving the People's right to criticize the government and petition the government for a redress of grievances. Clearly, the People's right to exercise either of those fundamental rights is hindered if the government hides information that would serve as the basis for or subject of that speech or grievance.

The government regularly and publicly praises the efficacy of its drone program in the press and in public speaking engagements.[17] The impression it gives is that the drone program is a highly effective program, even though it occasionally

---

[17] *See, e.g.,* Tr. of Remarks by John O. Brennan, "The Ethics and Efficacy of the President's Counterterrorism Strategy," The Wilson Center, April 30, 2012, available at https://www.wilsoncenter.org/event/the-efficacy-and-ethics-us-counterterrorism-strategy; Greg Jaffe, "The Watchers: Airmen who Surveil the Islamic State Never got to Look Away," The Wash. Post, July 6, 2017, available at https://www.washingtonpost.com/world/national-security/the-watchers-airmen-who-surveil-the-islamic-state-never-get-to-look-away/2017/07/06/d80c37de-585f-11e7-ba90-f5875b7d1876_story.html; S.L Fuller, "A Day in the Life of a U.S. Air Force Drone Pilot," Avionics Int'l, March 16, 2017, available at https://www.aviationtoday.com/2017/03/16/day-life-us-air-force-drone-pilot/.

makes mistakes.[18] There is at least some evidence that in furtherance of its goal of garnering public support for its drone program, the government has engaged in selective leaking of National Defense Information ("NDI").[19] It does not appears that anyone has been prosecuted for leaking NDI that led to positive coverage of the drone program.

### B. This case should be dismissed for vindictive prosecution

Likewise, this prosecution is vindictive in that it seeks to punish Mr. Hale for alleged behavior involving core First Amendment rights to criticize the government. The defense is not asserting that the prosecutor in this case has genuine animus towards Mr. Hale. Rather, the prosecutor in this case may be a "stalking horse" for those higher up in the government who have demonstrated animus toward a vigorous free press and those who would aid journalists in doing their job.[20]

---

[18] Julie Vitkovska, "Revealing Statements Obama has made about Transparency and Drone Strikes," Wash. Post, July 1, 2016, available at https://www.washingtonpost.com/news/checkpoint/wp/2016/07/01/9-revealing-statements-obama-has-made-about-transparency-and-drone-strikes/ (quoting President Obama as stating "I want to make sure that people understand: actually, drones have not caused a huge number of civilian casualties.").

[19] *See, e.g.*, "'Secret' Drone Killings of Civilians & The Selective Leaks Defending Drones," Government Accountability Project, Feb. 8. 2012, available at https://www.whistleblower.org/uncategorized/secret-drone-killings-of-civilians-the-selective-leaks-defending-drones/.

[20] *See, e.g.,* Marvin Kalb, "To Trump, the Media is the 'Enemy of the People.' He Should Look in the Mirror," Wash. Post, Oct. 14, 2018, available at https://beta.washingtonpost.com/opinions/to-trump-the-media-is-the-enemy-of-the-people-he-should-look-in-the-mirror/2018/10/04/08ca6926-c7f5-11e8-9158-09630a6d8725_story.html.

## III. Conclusion

Accordingly, this Court should dismiss the Indictment on the separate and independent bases that it is a selective and a vindictive prosecution. In the alternative, the Court should order discovery and a hearing on these issues.

Respectfully submitted,

DANIEL EVERETTE HALE

By Counsel,
Geremy C. Kamens
Federal Public Defender

By: /s/ Tor B. Ekeland
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Tor B. Ekeland
Admitted *pro hac vice*
Counsel for Mr. Hale
1650 King Street, Suite 500
Alexandria, VA  22314
703-600-0840 (tel)
703-600-0880 (fax)
Cadence_Mertz@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 16, 2019, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon counsel of record.

                                /s/ Todd Richman
                                Todd M. Richman
                                Va. Bar No. 41834
                                Assistant Federal Public Defender
                                Office of the Federal Public Defender
                                1650 King Street, Suite 500
                                Alexandria, VA  22314
                                703-600-0845 (tel)
                                703-600-0880 (fax)
                                Todd_Richman@fd.org