## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:19cr59 |
|  | ) |  |
| v. | ) | The Honorable Liam O'Grady |
|  | ) |  |
| DANIEL EVERETTE HALE, | ) | Motions Hearing: October 18, 2019 |
|  | ) |  |
| *Defendant.* | ) |  |
|  | ) |  |

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
## CERTAIN EVIDENCE, ARGUMENT, OR COMMENT AT TRIAL

The United States, by and through its undersigned counsel, respectfully moves *in limine* for a ruling that precludes Defendant Daniel Everette Hale and his counsel from adducing evidence at trial or making arguments or comments before the jury concerning the following matters:

(1)    the supposed "good motives" of the defendant;

(2)    a claim that an alternative perpetrator committed the charged crimes, absent some non-speculative evidence of that individual's (a) connection to a particular reporter, and (b) knowledge of, or access to the documents at issue;

(3)    a claim that "everybody leaks classified information" and the defendant is being unfairly prosecuted; and

(4)    the punishment the defendant may face upon conviction.

As explained below, such evidence and arguments are inadmissible under Federal Rule of Evidence 403 and the pertinent case law.

## BACKGROUND

The defendant has been indicted for stealing, obtaining, and retaining government documents; disclosing and transmitting them to a particular reporter, and causing them to be published on the internet and in a book, all in violation of 18 U.S.C. §§ 641, 793(c), 793(e), and 798(a)(3).  Eleven of the documents that give rise to these charges were marked either "TOP SECRET" or "SECRET."

As alleged in the Superseding Indictment, the defendant obtained the documents at issue by printing them while he worked at the National Geospatial-Intelligence Agency.  An online media organization thereafter posted a series of articles that published, in whole or in part, many of the documents at issue.  A particular reporter (hereinafter, the "Reporter") wrote or contributed to all of these articles, and the Reporter subsequently released a book that essentially compiled the previously published articles and documents.

At this time, the government anticipates the defense may seek to make two arguments at trial.  First, the defendant may try to argue at trial that someone else is responsible for disclosing the documents at issue to the Reporter.  Second, the defense likely will want to argue that, even if the defendant engaged in the conduct alleged, he had good reasons to leak the documents at issue and is being unfairly prosecuted under criminal statutes that carry significant penalties. Any such arguments, however, would be entirely improper.

The United States therefore asks this Court to grant this Motion and preclude the defense from raising at trial the arguments and defense theories described below.

## LEGAL AUTHORITY AND ARGUMENT

Although a defendant has a constitutional right to present evidence and argument in his favor, "'a defendant's right to present a defense is not absolute.'"  *United States v. Lighty*, 616

F.3d 321, 358 (4th Cir. 2010) (quoting *United States v. Prince-Oyibo*, 320 F.3d 494, 501 (4th Cir. 2003)).  "In presenting a defense, the accused 'must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.'"  *United States v. Jones*, 742 F. App'x 710, 712 (4th Cir.) (per curiam) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)), *cert. denied sub nom. Jones v. United States*, 139 S. Ct. 578 (2018).  Accordingly, criminal defendants neither have a right to present "'evidence that the district court, in its discretion, deems irrelevant or immaterial,'" *Lighty*, 616 F.3d at 358 (quoting *Prince-Oyibo*, 320 F.3d at 501), nor a right to present evidence that is relevant but unduly prejudicial, confusing, or misleading, *see* Fed. R. Evid. 403.

As explained below, the Court should disallow the defendant from introducing evidence at trial or making argument or comment before the jury regarding at least four theories of defense.  The first impermissible defense is that the defendant had "good motives" in acting as he did.  A second improper defense is that "everybody leaks classified information," and so it is unfair to prosecute the defendant for such conduct.  The third defense that should be disallowed is a speculative claim that an alternative perpetrator committed the charged crimes.  And, the final defense tactic to be proscribed in this case is disclosure to the jury of the potential punishment the defendant may face upon conviction.  Each of these defenses lacks a sufficient factual or legal basis to be raised at trial.

**A.      The Court Should Bar the Defendant from Presenting a "Good Motives" Defense**

Absent express approval by a person who is authorized to provide it, no government employee or contractor can steal government documents, whether classified or unclassified, and then provide them to the media.  The defendant in this case did precisely that, with no authority

or approval whatsoever.  Any attempt to inject a necessity, whistleblower, or similar "good motive" defense into this case should be rejected, because the motive for the defendant's conduct is irrelevant.  Moreover, any attempt to litigate the defendant's views of various military or intelligence programs, or to introduce evidence of the merits or substance of any claims of abuse within the military or intelligence community, is not relevant to the charges and will serve only to distract the jury with mini-trials about how the United States should conduct foreign affairs.

In short, the defendant's intent to retain, transmit, or cause any of the stolen materials to be published is an element of the offenses charged against him.  But, his motive to help or hinder the United States by doing so is not.  The Court, as a result, should bar proof of such motive from trial as irrelevant to his guilt or innocence.

**1.** ***The Defendant's Motive to Help or Hinder the United States Is Not an Element of Any Offense Charged***

In Count 1, the defendant is charged with a violation of 18 U.S.C. § 793(c), for unlawfully obtaining 11 classified documents connected with the national defense, for the purpose of obtaining information respecting the national defense, having reason to believe at the time he obtained them that they would be obtained, taken, and disposed of contrary to law.  In order to prove the defendant is guilty of this offense, the government must prove:

> One:   The defendant obtained from any person, or from any source, a document connected with the national defense;
>
> Two:   The defendant did so for the purpose of obtaining information respecting the national defense; and
>
> Three: At the time he obtained the document, the defendant knew or had reason to believe that the document would be obtained, taken, made, or disposed of by a person contrary to law.

*See* 18 U.S.C. § 793(a) & (c).  Based on the elements of the offense, proof of any motive beyond "the purpose of obtaining information respecting the national defense" is irrelevant.

In Count 2, the defendant is charged with a violation of 18 U.S.C. § 793(e), for (a) willfully retaining documents relating to the national defense over which he had unauthorized possession, and failing to deliver them to the officer or employee of the United States entitled to receive them; and (b) communicating, delivering, and transmitting such documents to a person not entitled to receive them, *i.e.*, the Reporter.  To prove the defendant guilty of this offense, the government must prove:

> One:   The defendant had unauthorized possession of, access to, or control over a document;
>
> Two:   The document related to the national defense; and
>
> Three: The defendant willfully retained the document and failed to deliver it to the officer or employee of the United States entitled to receive it; or the defendant willfully communicated, delivered, and transmitted the document to a person not entitled to receive it.

*See United States v. Aquino*, 555 F.3d 124, 130 (3d Cir. 2009); Jury Instructions at 194:10–20, *United States v. Morison*, No. Y-84-00455 (D. Md. 1985).

Section 793(e) requires the government to prove that the documents at issue relate to the national defense in that they were, at the time of the criminal conduct, closely held and the disclosure of the documents would have been potentially damaging to the United States or potentially useful to an enemy of the United States.  *United States v. Morison*, 844 F.2d 1057, 1071–72 (4th Cir. 1988) (approving a district court's jury instruction defining "national defense" in a §§ 793(d) and (e) prosecution).  Yet, § 793(e) does not require the government to prove the defendant intended to harm the United States, and, in a prosecution involving documents rather than information, the government does not have to prove that the defendant had reason to believe

his conduct could harm the United States or aid a foreign nation. *See Aquino*, 555 F.3d at 131 n.13 (explaining that the "reason to believe" *mens rea* requirement "'is not present for the delivery or retention of photographs or documents'" (quoting *United States v. Morison*, 604 F. Supp. 655, 658–59 (D. Md. 1985))); *see also United States v. Kiriakou,* 898 F. Supp. 2d 921, 923 (E.D. Va. 2012) (observing that for § 793(d), which parallels § 793(e), "the 'reason to believe' clause applies only to disclosures of intangible [national defense information]"); *United States v. Drake*, 818 F. Supp. 2d 909, 916–17 (D. Md. 2011) ("Only the second 'information' clause [of § 793(e)] requires proof of the 'reason to believe' element"). Instead, a defendant can be convicted of § 793(e) in a documents retention or disclosure case "whether or not he knew or had reason to know of a specified use for the information contained therein." *Aquino*, 555 F.3d at 131 n.13. In short, based on the elements of the offense, proof of the defendant's motive is irrelevant.

Count 3 charges the defendant with a violation of 18 U.S.C. § 793(e), for causing the publication, dissemination, and distribution to the general public of articles and a book related to the national defense of the United States, by willfully (a) communicating, delivering, and transmitting such documents to persons not entitled to receive them; (b) causing such documents to be communicated, delivered, and transmitted to such persons; (c) attempting to communicate, deliver, and transmit such documents to such persons; and (d) attempting to cause such documents to be communicated, delivered, and transmitted to such persons. In order to prove the defendant guilty of this offense, the government must prove the following essential elements beyond a reasonable doubt:

> One:   The defendant had unauthorized possession of, access to, or control over a document;
>
> Two:   The document related to the national defense; and

Three: The defendant willfully (a) communicated, delivered, or transmitted such a document to a person not entitled to receive it, (b) caused such a document to be communicated, delivered, or transmitted to a person not entitled to receive it, (c) attempted to communicate, deliver or transmit such a document to a person not entitled to receive it, or (d) attempted to cause such a document to be communicated, delivered, or transmitted to a person not entitled to receive it.

*See* 18 U.S.C. § 793(e); *Aquino*, 555 F.3d at 131 n.13; *Kiriakou*, 898 F. Supp. 2d at 923; *Drake*, 818 F. Supp. 2d at 916–17; Jury Instructions at 193:10–20, *Morison*, No. Y-84-00455. Again, based on the elements of the offense, proof of motive is irrelevant.

In Count 4, the defendant is charged with a violation of 18 U.S.C. § 798(a)(3), for willfully communicating, furnishing, transmitting, and otherwise making available to an unauthorized person classified information concerning the communication intelligence activities of the United States. The elements of this offense are:

One: The defendant communicated, furnished, transmitted, or otherwise made available classified information;

Two: The classified information concerned the communication intelligence activities of the United States; and

Three: The defendant did so willfully.

*See* 18 U.S.C. §§ 798(a)(3). Once again, based on the elements of the offense, proof of motive is irrelevant.

Finally, in Count 5, the defendant is charged with a violation of 18 U.S.C. § 641, for conveying and disposing of records and things of the United States with an aggregate value in excess of $1,000. To prove this offense, the government must prove the following elements:

One: The defendant conveyed or disposed of a record or thing of value of the United States;

Two:    The defendant did not have the legal authority to do so;

Three:  The total value of the record or thing of value exceeded $1,000; and

Four:   The defendant acted knowingly.

*See United States v. Landersman,* 886 F.3d 393, 409 (4th Cir. 2018) ("'Section 641 prohibits two separate acts.  The first is to embezzle, steal, or knowingly convert United States property and the second is to sell, convey, or dispose of United States property without authority.'" (quoting *United States v. Zettl*, 889 F.2d 51, 53 (4th Cir. 1989))); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 128–29 (2019 Online Edition); Jury Instructions at 1549:10–19, *Sterling*, No. 1:10-CR-485-LMB.  Once again, based on the elements of the offense, proof of motive is irrelevant.

### 2.      The Defendant's Supposed "Good Motive" in Retaining and Disclosing the Classified Documents Is Irrelevant

Evidence of the defendant's views of military and intelligence procedures would needlessly distract the jury from the question of whether he had illegally retained and transmitted classified documents, and instead convert the trial into an inquest of U.S. military and intelligence procedures.  The defendant may wish for his criminal trial to become a forum on something other than his guilt, but those debates cannot and do not inform the core questions in this case: whether the defendant illegally retained and transferred the documents he stole.

To be sure, §§ 793(e) and 798(a)(3) require the government to prove the defendant acted "willfully."  This *mens rea*, however, is not a vehicle for showcasing the defendant's motivations for his conduct.  The defendant either willfully retained or transmitted documents relating to the national defense, or he did not.  Evidence of whistleblowing efforts does not defeat that intent; if anything, it proves that his actions were knowing and willful.  In other words, if the defendant

had a specific reason for retaining and transmitting the documents, then his retention and transmission could not have been due to accident, mistake, or negligence.

The seminal decision addressing this exact issue in the context of § 793 is *United States v. Morison*. The defendant in *Morison* was a naval intelligence officer who transmitted classified satellite photographs of Soviet naval activity to a British periodical. The naval intelligence officer was convicted at trial of violating § 793(d), § 793(e), and two counts of § 641, and the Fourth Circuit affirmed his conviction. *See* 844 F.2d at 1060–63, 1080.

At trial, the United States moved *in limine* to exclude testimony regarding the defendant's patriotism. The defense argued in response that patriotism was relevant to the issue of willfulness because willfulness requires a showing of evil intent or bad motive. The defense further asserted that the government must not only show that the defendant intentionally transmitted the specified items, but also that he did so in order to potentially damage the national defense. *United States v. Morison*, 622 F. Supp. 1009, 1009–10 (D. Md. 1985).

The district court granted the government's motion and rejected the defense's "incorrect[] read[ing] [of] the statute." *Id.* at 1010. The district court explained that, although "[t]he government[] must show a bad purpose to break the law by delivering or retaining the items, . . . a showing of an underlying *purpose* to damage the national defense is entirely unnecessary and irrelevant." *Id.* Willfulness "only requires that [a defendant] knew he was doing something that was prohibited by law," and, as a result, "[i]t is irrelevant whether the defendant personally believed that the items related to the national defense, and his underlying motive is equally irrelevant." *Id.*

The district court further reasoned that "[p]roof of the most laudable motives, or any motive at all, is irrelevant to" the elements of 18 U.S.C. § 793(d) and (e). *Id.* This is because

"[n]ational defense is not a subjective test; it does not matter whether the defendant himself believed that the photographs and/or documents did indeed relate to the national defense.  It is purely an objective test, and one for the jury to decide after considering all of the evidence."  *Id.* Simply put, a "[d]efendant's patriotism or lack of patriotism *has no bearing* on any element of" the charged offenses.  *Id.* (emphasis added).

In affirming the naval intelligence officer's conviction, the Fourth Circuit approved of the district court's striking of testimony regarding the defendant's patriotism.  *Morison*, 844 F.2d at 1080 ("We are satisfied with the district court's reasoning and decision on this point."). While the Fourth Circuit did not expressly opine as to whether the jury should have been instructed that motive is irrelevant, subsequent decisions make clear that a defendant's belief about information relating to the national defense, or his motive for retaining or transferring that information, is irrelevant under the statute.  That is, the government need only prove under §§ 793(e) and 798(a)(3) that the defendant's retention or transmission was intentional.

Indeed, decades ago, the Supreme Court expressly rejected the idea that willfulness requires proof "of any motive other than intentional violation of a known legal duty.'"  *United States v. Pomponio*, 429 U.S. 10, 12 (1976).  This interpretation of the term "willfulness" has been affirmed time and time again.  *See Bryan v. United States*, 524 U.S. 184, 194–96 (1998) (holding that, except for "highly technical statutes" that could "ensnar[e] individuals engaged in apparently innocent conduct," "willfulness" only requires proof that the defendant knew his conduct was unlawful); *United States v. Washington*, 705 F.2d 489, 493 (D.C. Cir. 1983) ("Proof of a good motive . . . is not probative on the issue of . . . intent.").  Moreover, courts have found that even where a *good-faith belief* can negate an individual's willful violation of a statute, a *good-faith motive* never constitutes a proper defense.  *See United States v. Aaron*, 590 F.3d 405,

408 (6th Cir. 2009) (a good-faith motive for willfully committing tax fraud is not a valid

defense); *United States v. Dack*, 987 F.2d 1282, 1285 (7th Cir. 1993) (approving jury instruction

in tax evasion prosecution that stated: "[t]he purpose of protesting government policies is not a

defense even if such protest is based on a good motive").  To hold otherwise "would be to

confuse the concept of intent with that of motive," the latter of which is "not relevant to the

question of the violation of the statute" and "is rather an element proper for the judge's

consideration at sentencing."  *United States v. Moylan*, 417 F.2d 1002, 1004 (4th Cir. 1969)

(finding statute outlawing the willful destruction of Selective Service draft records requires proof

of an intent to commit the proscribed act with knowledge such conduct violated the statute, and

rejecting argument that willfulness is negated by "act[ing] from good motives, *i.e.*, to protest a

war which [the defendants] sincerely believed was not only illegal but immoral").

   Espionage Act decisions that have been issued after *Morison* further establish that a

good-motive defense is irrelevant to §§ 793(e) and 798(a)(3) prosecutions.  For instance, in

*United States v. Rosen*, 445 F. Supp. 2d 602 (E.D. Va. 2006), an information (as opposed to

documents) disclosure prosecution, Judge T.S. Ellis, III observed that "if a person transmitted

classified documents relating to the national defense to a member of the media despite knowing

that such an act was a violation of the statute, he could be convicted for 'willfully' committing

the prohibited acts even if he viewed the disclosure as an act of patriotism," *id.* at 626.  Likewise,

in *Drake*, the district court held that the unlawful retention of documents requires proof of

"simple willfulness" in accordance with *Bryan*, 818 F. Supp. 2d at 916–17.   Similarly, in *United

States v. Hitselberger*, 991 F. Supp. 2d 101 (D.D.C 2013), the district court found that the

government need not establish that the defendant intended to injure the national security of the

United States, *id.* at 107–08 (explaining the applicability of *Bryan*'s "simple willfulness"

standard, and describing the "core of 'willful' misconduct" as "act[ing] with the knowledge or intent to disregard the law, not an evil intent to injure the United States").

Barring the introduction of "good motives" evidence not only is consistent with established law, but it also accords with common sense.  Any other result would allow any individual in possession of classified documents to substitute his own view as to whether the information was deserving of protection in the name of national defense in the place of the President of the United States, who, through Executive Order and designees, is entitled to make such determinations.  *See Morison*, 604 F. Supp. at 661 (stating the classification system established by Executive Order has "the force and effect of law").  Our entire system of national security would crumble if every individual could decide on his own what information should and should not be protected.

**B.      The Court Should Bar the Defendant from Presenting Speculative Evidence or Argument of an Alternative Perpetrator of the Charged Crimes**

It is not enough for a defendant to establish the relevancy of a proffered defense that someone else committed the charged crimes.  *See United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) ("When proffered evidence deals with a defense theory of an alternative perpetrator, additional considerations [beyond Rule 403] arise.").  Such a defense must also be grounded in fact.  As the Supreme Court observed in *Holmes v. South Carolina*, 547 U.S. 319 (2006), a case concerning the constitutionality of a South Carolina statute that excluded third-party guilt evidence, it is blackletter law that evidence of someone other than the accused committing the charged crime "'may be introduced by [the] accused when it is inconsistent with, and raises a reasonable doubt of, his own guilt; but frequently matters offered in evidence for this purpose are so remote and lack such connection with the crime that they are excluded,'" *id.* at 327 (quoting 41 C.J.S., Homicide § 216 pp. 56–58 (1991)).

It therefore is axiomatic that third-party guilt evidence is appropriately excluded where the nexus between the crime charged and the alleged alternative perpetrator is speculative.  *See Lighty*, 616 F.3d at 358 ("When determining whether evidence of an alternative perpetrator should be admitted at trial, courts have found that such evidence 'is relevant, but there must be evidence' of a 'connection between the other perpetrators and the crime, not mere speculation on the part of the defendant.'" (quoting *DiBenedetto v. Hall*, 272 F.3d 1, 8 (1st Cir. 2001))); *United States v. Hicks*, 307 F. App'x 758, 761 (4th Cir. 2009) (per curiam) (explaining that an alternative perpetrator defense requires a weighing of the relevance of the evidence to its potential to mislead, confuse, or result in prejudice); *Jordan*, 485 F.3d at 1219 (holding that there must be a "non-speculative 'nexus' between the crime charged and the alleged [alternative] perpetrator"); *Wade v. Mantello*, 333 F.3d 51, 60 (2d Cir. 2003) (finding that third-party animus did not establish sufficient connection to permit an alternative perpetrator defense); *United States v. Patrick*, 248 F.3d 11, 21 (1st Cir. 2001) (holding that there must be evidence "that there is a connection between the other perpetrator and crime, and not mere speculation.").

Particularly instructive in this regard is *Lighty*, 616 F.3d at 358.  There, the defendant sought to introduce testimony from two witnesses concerning a third party's possession of a firearm.  According to the proffer from the two witnesses, the witnesses would have testified that they each saw the third party, Mathis, with a firearm that looked similar to the murder weapon.  *Id*.  The district court refused to permit the testimony, noting that the proposed testimony was "'just too tenuous,'" and finding that the "proffered testimony provided no nexus between [the charged] kidnapping and murder and Mathis."  *Id*.

The Fourth Circuit affirmed the district court's ruling, finding that "the proffered testimony would have caused the jury to rankly speculate that the gun allegedly possessed by

Mathis" was the murder weapon. *Id*. at 358–59. According to the Fourth Circuit, "Rule 403 is designed to, among other things, prevent the jury from engaging precisely in this type of speculation." *Id*. at 359. Given the lack of any evidence regarding why the two witnesses thought Mathis's firearm looked like the murder weapon, the lack of any close temporal proximity between the possession and the charged kidnapping and murder, and the fact that "the proffered testimony would have shed no light on what transpired during [the] kidnapping and murder," the Fourth Circuit upheld the exclusion of evidence. *Id. See also Hicks*, 307 F. App'x at 761 (excluding evidence that his estranged wife and her boyfriend placed child pornography on the defendant's computer because the defendant could not establish any prior "connection between such evidence and the child pornography found on [the defendant's] computer.").

Here, the Court should bar the defendant from presenting any evidence or argument regarding alternative perpetrators of the charged crime absent some non-speculative evidence of a connection to the Reporter *and* some knowledge of, or access to, the classified documents identified in the Superseding Indictment. Importantly, the defendant cannot rely upon rank conjecture and speculation that some anonymous individual "could have been" a source for the Reporter. *Cf. United States v. Waters*, 627 F.3d 345, 352–53 (9th Cir. 2010) (excluding "highly speculative" evidence that government conspired to engage in misconduct). Because the defendant will not be able to produce non-speculative evidence to establish the requisite nexus between the charged crimes and an alternative perpetrator, the case law forecloses the defendant from presenting any evidence or making any argument that others in the government were the Reporter's source(s) and disclosed the national defense information at issue.

**C.      The Court Should Bar the Defendant from Presenting Any Evidence or Argument About Everybody Leaking Classified Information**

A defense that suggests the defendant is being unfairly prosecuted for conduct that "everybody does" also is improper in this case.  This is because such a defense is irrelevant and inadmissible under Rule 403.  *See United States v. Fowler*, 932 F.2d 306, 316 (4th Cir. 1991) (noting in a retention, disclosure, and conversion of classified documents prosecution that the district court deemed irrelevant an "'everybody-does-it' defense").

An instructive case in this regard is *United States v. Oldbear*, 568 F.3d 814 (10th Cir. 2009).  There, the defendant, who had been indicted for embezzling federal tribal funds, sought to call several witnesses who "would have testified that they, like Oldbear, were allowed to use tribal funds to pay for personal transportation expenses."  *Id*. at 821.  The district court barred their testimony as irrelevant and inadmissible under Rule 403.  The Tenth Circuit affirmed the district court, ruling that "only Oldbear's actions and state of mind were material to her guilt."  *Id*.  According to the Court, the mere "fact that others may have been the beneficiaries of improper conduct does nothing to excuse Oldbear."  *Id*.  This type of "everybody-is-doing-it" defense was immaterial to the defendant's guilt and would have created a "sideshow from which the jury could have gleaned little valuable information."  *Id*.

The Court therefore should bar the defendant from presenting any evidence, argument or comments that everybody leaks classified information.  In particular, the case law forecloses the defendant from presenting any evidence or making any argument regarding the following:

1.      everyone in government leaks information, classified or otherwise, or that "everybody does it"; and

2.      specific instances or examples of the leaking of classified information, whether prosecuted or not.

Such evidence would be inadmissible under Rule 403.  Not only is such evidence not probative

on the issue of whether the defendant committed the charged crimes, but the introduction of such

evidence or arguments would force mini-trials over the similarities and differences between the

present prosecution and every other specific instance of leaked classified information.  *See*

*also United States v. Dooley*, 578 F.3d 582, 590–91 (7th Cir. 2009) (affirming exclusion of

evidence of possible previous thefts as irrelevant and potentially confusing and distracting to the

jury); *United States v. Henderson*, 409 F.3d 1293, 1304 (11th Cir. 2005) (excluding from

prosecution of excessive force under color of law evidence of the statistics of the actions of other

police officers and proper police procedures as irrelevant and confusing).

## D.      Defendant Should Be Barred from Referring to the Punishment He Might Incur Upon Conviction

The defendant may attempt to inform the jury through testimony or argument that he

stands to lose his liberty and face a prison sentence based on the charged conduct.  Such

testimony or argument should not be allowed.  Any punishment or consequence the defendant

might suffer is irrelevant to the factual issues and, therefore, inadmissible under Federal Rule of

Evidence 403.

The impermissibility of disclosing to a jury the potential punishments upon conviction is

time-honored.  For instance, in *United States v. Shannon*, 512 U.S. 573 (1994), the Supreme

Court reaffirmed the "well established" rule that a jury must "'reach its verdict without regard to

what sentence might be imposed,'" *id.* at 579 (quoting *Rogers v. United States*, 422 U.S. 35, 40

(1975)).  The Court explained that information regarding the consequences of a guilty verdict are

"irrelevant" to the jury's task of finding the facts and applying them to the criminal law as

charged.  *Id.*  Moreover, allowing the jury access to such information "invites them to ponder

matters that are not within their province, distracts them from their fact-finding responsibilities,

and creates a strong possibility of confusion." *Id.* (citations omitted). In addition to being irrelevant, any references to the defendant's possible punishment would only be designed to evoke jurors' sympathies in an attempt to encourage a nullification verdict.

The principles articulated in *Shannon* are just as applicable here. The Court, therefore, should bar the defense from introducing evidence or making argument or comment at trial regarding the potential punishment the defendant will face upon conviction.

(CONTINUED ON NEXT PAGE)

## CONCLUSION

For the foregoing reasons, the government asks the Court to bar the defense from adducing evidence at trial or making any arguments or comments before the jury regarding the supposed "good motives" of the defendant in acting as he did, speculation as to an alternative perpetrator of the charged crimes, the supposition that everybody leaks classified information, and the punishment the defendant might face upon conviction.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Dated: September 16, 2019        By:        /s/

Alexander P. Berrang
Gordon D. Kromberg
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Alexander.P.Berrang@usdoj.gov

By:        /s/

Heather M. Schmidt
Senior Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Tel.: (202) 233-2132
Fax: (202) 233-2146
Heather.Schmidt@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused an electronic copy of the GOVERNMENT'S

MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE, ARGUMENT, OR COMMENT

AT TRIAL to be served via ECF upon counsel for Defendant Daniel Hale.

       /s
_____
Alexander P. Berrang
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA  22314
Tel: (703) 299-3700
Fax: (703) 299-3981
Alexander.P.Berrang@usdoj.gov
