IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

<u>UNITED STATES' MOTION IN LIMINE TO ALLOW THE REDACTION FROM GOVERNMENT EXHIBITS OF PAGES THAT WERE PRINTED BUT NOT PUBLISHED</u>

Pursuant to Federal Rule of Evidence 611(a), the United States moves the Court to authorize the government to redact from government exhibits pages that the defendant printed out at his job at the National Geo-Spatial Intelligence Agency ("NGA"), but that were not published by the online media organization or the reporter to whom the defendant provided the stolen information.

<u>Facts</u>

In 2014, the defendant was employed as a contractor at the NGA. While employed at NGA, the defendant printed out 23 U.S. government documents unrelated to his NGA work. An online media organization thereafter posted a series of articles that published, in whole or in part, 17 of the 23 documents that were printed by Hale but unrelated to his employment, including 11 that were classified "secret" or "top secret." A reporter with whom the defendant socialized and communicated wrote or contributed to all of these articles. In 2016, that reporter published a book ("the Book") that essentially compiled the articles that previously had been published by the online media organization.

At trial, the United States intends to move the admission of the 17 documents that the government can show were printed by Hale but that were unrelated to his employment at NGA.

Nevertheless, since some of the pages of those 17 documents were not published by the online media organization or in the Book, the government seeks authority to redact from its exhibits the pages that were printed by the defendant but not published.

## Argument

The pages that were printed but not published are irrelevant to any issue at the defendant's trial. Federal Rule of Evidence 611(a) provides that the Court should exercise reasonable control over the mode and order of presenting evidence in order to make those procedures effective for determining the truth, and avoid wasting time. Authorization for the government to redact those pages from its exhibits will exclude irrelevant evidence from admission, enhance the jury's truth-seeking function, and avoid wasting time.

An important facet of the government's proof in this case will be that the documents that were published by the online media organization (and in the Book) are identical to pages that were printed out by the defendant at NGA. A government witness is expected to testify that she compared the pages of the documents that were published online to the pages that the defendant printed at NGA, and found that all of the pages that were published online were identical to pages that the defendant printed at NGA. She is expected also to explain, however, that not every page printed by the defendant at NGA was published online or in the Book.

The government plans to introduce as exhibits the pages that were printed by the defendant at NGA that are identical to the pages that were published online and in the Book. The pages that were not published are irrelevant to the prosecution. Accordingly, the government does *not* seek to introduce as part of its exhibits those pages that were printed by the defendant at NGA but that were *not* published online or in the Book.

Many of the pages that were printed out by the defendant but not published by the online media organization or in the Book were classified as Secret or Top Secret, and remain so classified to this day. To avoid the unnecessary disclosure of information that is irrelevant to the trial but that remains classified, the United States seeks an order from the Court under Fed.R.Evid. 611(a) that authorizes the United States to introduce the documents printed by the defendant at NGA as exhibits, but without the pages that were not published online or in the Book.

On July 19, 2019, undersigned counsel asked defense counsel whether the defense would consent to the redaction or substitution of blank pages for pages that were printed by the defendant, but not published by the online media organization or in the Book. To date, defense counsel has not notified us of their position on this question.

In view of the irrelevance to the charges against the defendant of the pages that were printed out by the defendant, but not published by the online media organization or in the Book, the United States moves the Court pursuant to Fed.R.Evid. 611(a) for authorization to redact from its exhibits pages of documents that were printed but not published.

    Respectfully submitted,

    G. Zachary Terwilliger
    United States Attorney

By:     /s/
    Gordon D. Kromberg
    Assistant United States Attorney
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: (703) 299-3700
    Fax: (703) 299-3981
    Email: gordon.kromberg@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on September 16, 2019, I electronically filed the foregoing UNITED STATES' MOTION IN LIMINE TO ALLOW THE REDACTION FROM GOVERNMENT EXHIBITS OF PAGES THAT WERE PRINTED BUT NOT PUBLISHED with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                /s/           .
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov