IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:19-cr-59 |
| v. | ) | |
| | ) | Hon. Liam O'Grady |
| DANIEL EVERETTE HALE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONSENT MOTION OF THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**

Proposed amicus curiae the Reporters Committee for Freedom of the Press ("Reporters Committee") hereby submits this consent motion seeking leave to file, under Local Civil Rule 7, the accompanying amicus brief, attached hereto as Exhibit A, in support of Defendant's motion to dismiss the indictment in the above-captioned case (Dkt. No. 53). The Reporters Committee has informed both parties to this matter of its intent to submit the attached amicus brief. Both parties consent to the relief sought by this motion.

This Court has recognized that district courts have "broad discretion in deciding whether to allow a non-party to participate as an amicus curiae." *Tafas v. Dudas*, 511 F.Supp.2d 652, 659 (E.D. Va. 2007); *see also Perry-Bey v. City of Norfolk, Virginia*, No. 2:08-cv-100, 2008 WL 11348007 (E.D. Va. Aug. 14, 2008) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings" (citations and quotations omitted)). Amicus briefs "have been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Tafas*, 511 F.Supp.2d at 659 (citations and quotations omitted); *see also Perry-Bey*, 2008 WL 11348007, at *3 (noting amici have been approved where they "could be helpful to the

1

Court in addressing some of the issues raised by the parties"); *Jin v. Ministry of State Security*, 557 F.Supp.2d 131, 137 (D.D.C. 2008) (finding that district court may approve a motion to file an amicus curiae brief "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide" (citation omitted)).

Proposed amicus curiae is an unincorporated nonprofit association of reporters and editors dedicated to safeguarding the First Amendment rights and freedom of information interests of the news media and the public. The Reporters Committee has participated as a party and as amicus curiae in First Amendment and freedom of information litigation since 1970, and frequently represents the interests of the press and the public in matters implicating the public's First Amendment and common law rights of access to judicial proceedings and court records, as well as the law regarding newsgathering and the importance of reporter-source confidentiality. Amicus curiae was before the Fourth Circuit in 1987 as one of 31 amici curiae news media organizations urging reversal of the conviction of Samuel Loring Morison who, until 2009, was the only individual successfully prosecuted for the unauthorized disclosure of national defense information to a media entity. *See* Br. of the Washington Post et al., as Amici Curiae, In Support of Reversal at 49, United States v. Morison, 844 F.2d 1057 (4th Cir. 1988).

Amicus curiae respectfully suggests that the attached amicus brief will be of assistance to the Court in considering the significant First Amendment and newsgathering issues raised by Defendant's motion to dismiss the indictment. Specifically, the Reporters Committee, drawing from its experience and expertise, seeks to provide the Court with two specific observations regarding Espionage Act prosecutions of individuals for the disclosure of national defense information to the news media. First, as noted by Defendant and more fully explored in amicus's proposed brief, there has been a dramatic proliferation of national security media "leak"

prosecutions in just the last ten years: 17 journalistic source prosecutions since 2009 versus only five (four attempted and one successful) in the preceding 230 years. Second, there is evidence of a chill on newsgathering posed by these prosecutions and by the analogous dynamic resulting from the revelations of broad foreign intelligence surveillance programs in 2013. That is, sources have been dissuaded from talking to reporters not just about classified information but even about non-classified but potentially sensitive information. This state of play is markedly different from the landscape presented to the district court and the Fourth Circuit in *Morison*, where two judges concurred in affirming Morison's conviction because they believed—as a matter of practicality—"that the use of the [Espionage Act] will not significantly inhibit needed investigative reporting about the workings of government in matters of national defense and security." *Morison*, 844 F.2d at 1086 (Philips, J., concurring specially). The Reporters Committee seeks to present indicators of such inhibition today, which are relevant to the constitutional questions before the Court.

  These observations are based on the Reporters Committee's historical research and factual survey of every federal case involving the unauthorized disclosure of government information to the press. It is believed, particularly in bringing to the attention of the Court important principles and binding authorities not fully addressed by the parties, that this amicus brief will inform the Court's effort to resolve the question before it.

  Further, this Motion seeking leave to file the attached amicus brief in support of Defendant's motion to dismiss the indictment is filed well in advance of the close of briefing on Defendant's motion to dismiss and any hearing by this Court, and so does not unduly delay the Court's ability to rule on any matter.

## CONCLUSION

For these reasons, proposed amicus curiae Reporters Committee respectfully requests that the Court grant this motion and accept the accompanying unopposed amicus brief.  Amicus curiae hereby waives a hearing on this Motion.

Dated:  September 23, 2019	Respectfully submitted,

/s/ Jennifer A. Nelson
Jennifer A. Nelson
VA Bar No. 94394
University of Virginia School of Law
First Amendment Clinic
580 Massie Road
Charlottesville, VA 22903
Phone: 434.924.7354
jn5g@virginia.edu

Gabriel Rottman*
University of Virginia School of Law
First Amendment Clinic
580 Massie Road
Charlottesville, VA 22903
Phone: 434.924.7354
 *Pro Hac Vice Application Pending*

*Counsel for Proposed Amicus Curiae*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing **CONSENT MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE** was filed with the Clerk of Court using the CM/ECF system.

This the 23rd day of September, 2019.

                                              */s/ Jennifer A. Nelson*
                                              Jennifer A. Nelson