IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS COUNT 5

Defendant Hale moves the Court to dismiss Count 5 of the Superseding Indictment on the grounds that 18 U.S.C. § 641 does not reach the theft of intangible information through the copying of government documents. To his credit, he concedes that, in *United States v. Fowler*, 932 F.2d 306 (4th Cir. 1991), the Fourth Circuit rejected the same argument that he makes now. Nevertheless, he asks this Court to ignore binding Fourth Circuit precedent. That request should be denied.[1]

BACKGROUND

In 2014, Hale was employed as a contractor at the National Geospatial- Intelligence Agency ("NGA"), in Springfield, Virginia. While employed at NGA, Hale printed out 23 U.S. government documents unrelated to his NGA work. An online news outlet thereafter posted a series of articles that published, in whole or in part, 17 of the 23 documents that were printed by Hale but unrelated to his employment (hereinafter "the 17 Documents"), including 11 that were classified "Secret" or "Top Secret." The Superseding Indictment alleges that 14 of the

---

[1] In asking this Court to take the extraordinary step of disregarding long-standing Fourth Circuit precedent, Hale also argues that Section 641 is unconstitutionally vague and overbroad. That argument is addressed in our response to Hale's motion to dismiss the indictment as constitutionally infirm.

Documents the defendant stole, and provided to the online news outlet, collectively have a value in excess of $1000.[2]

## ARGUMENT

*Fowler* is directly on point, and compels denial of Hale's motion. Fowler was a retired Department of Defense civilian working for Boeing; Fowler delivered to Boeing classified documents that he used his security clearance to obtain from the Department of Defense and the National Security Council.

Charged under Section 641 with both conveying records and converting information to his own use, Fowler moved to dismiss, on the ground that Section 641 did not punish the acquisition of information. "Fowler emphasized that he did not acquire the original documents but only copies of them. He distinguishe[d] between a document and the information contained in the document," and argued that "because the government did not copyright the information, it could not be a thing of value owned by the government within the meaning of § 641." *Fowler*, 932 F.2d at 309.

The Fourth Circuit rejected his argument, noting that, in *United States v. Morison*, 844 F.2d 1057 (4th Cir. 1988), it previously held that Section 641 applied to secret navy documents and photographs that were stolen. *Fowler*, 932 F.2d at 310. The Fourth Circuit concluded that *Morison* provided sound precedent for affirming the district court's denial of Fowler's motion to dismiss the indictment. *Id.*

In *Fowler,* the Fourth Circuit also noted the Supreme Court's conclusion in *Carpenter v. United States*, 484 U.S. 19 (1987), that the intangible nature of confidential business information

---

[2] The government charged the defendant with stealing documents A-G, I-N, and T. Documents L, N, and T are unclassified.

did not "make it any less 'property'" protected by the mail and wire fraud statutes. *Fowler*, 932 F.2d at 310. The Fourth Circuit reasoned, therefore, that even if it were to accept Fowler's theory that the indictment essentially charged only the conveyance and conversion of information, Section 641 still "would apply because information is a species of property and a thing of value." *Id.* The Fourth Circuit noted that, in reaching that conclusion, it did not do so alone. Citing *United States v. Jeter*, 775 F.2d 670, 680–82 (6th Cir.1985), and *United States v. Girard*, 601 F.2d 69, 70–71 (2d Cir.1979), it stated that it "agree[d] with the Second and Sixth Circuits that conversion and conveyance of governmental information can violate § 641." *Fowler*, 932 F.2d at 310.

In sum, in *Fowler,* the Fourth Circuit squarely held that the copies of documents with which Fowler was charged with conveying and converting "were things of value and tangible property of the United States." *Id.* at 310. That the copies of the documents contained information did "not deprive them of their qualities as tangible property and things of value" for purposes of their coverage under Section 641. *Id.*

*Fowler* is as valid today as it was when it was issued in 1991. Just two years ago, the Fourth Circuit affirmed a conviction under Section 641 for the theft of classified information. *United States v. Sterling*, 860 F.3d 233 (4th Cir. 2017). In *Sterling,* the Fourth Circuit affirmed convictions under 18 U.S.C. § 641 for the unauthorized conveyance of government property that consisted of classified information.

Finally, even were this Court to reject the precedent of *Fowler*, and grant Hale's motion to dismiss Count 5, that decision would be reversed by the Fourth Circuit panel that heard the issue on appeal. After all, it is a basic principle of the Fourth Circuit that "one panel cannot overrule a decision issued by another panel." *McMellon v. United States*, 387 F.3d 329, 332 (4th

3

Cir. 2004) (*en banc*). *See United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 314 (4th Cir. 2018) (*quoting McMellon*). As a result, *Fowler* could be overturned only if the Fourth Circuit did so, sitting *en banc*.

Accordingly, in light of *Fowler*, Hale's motion must be denied.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:           /s/
      Gordon D. Kromberg
      Assistant United States Attorney
      United States Attorney's Office
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      Phone: (703) 299-3700
      Fax: (703) 299-3981
      Email: gordon.kromberg@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on September 30, 2019, I electronically filed the foregoing GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS COUNT 5 with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                                      /s/          .
                                          Gordon D. Kromberg
                                          Assistant United States Attorney
                                          Virginia Bar No. 33676
                                          Assistant United States Attorney
                                          Attorney for the United States
                                          2100 Jamieson Avenue
                                          Alexandria, VA  22314
                                          (703) 299-3700
                                          (703) 837.8242 (fax)
                                          gordon.kromberg@usdoj.gov