IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

OPPOSITION TO MOTION FOR BILL OF PARTICULARS

Defendant Hale moves the Court to order the government to provide a bill of particulars. The motion should be denied, because the indictment sets forth Hale's involvement in the crimes alleged with more than adequate specificity.  Moreover, much of the information Hale requests is otherwise available in the extensive discovery the government has provided.

Background

On May 9, 2019, Hale was charged in a superseding indictment with: (1) obtaining national defense information, in violation of 18 U.S.C. § 793(c); (2) retaining and transmitting national defense information, in violation of 18 U.S.C. § 793(e); causing the communication of national defense information, in violation of 18 U.S.C. § 793(e); disclosing classified communications intelligence information, in violation of 18 U.S.C. § 798(a)(3); and (5) theft of government property, in violation of 18 U.S.C. § 641.  The superseding indictment is 17 pages long, and describes in detail Hale's unlawful theft and disclosure of classified documents entrusted to him.

<u>Argument</u>

I.    The Indictment Sufficiently Apprises Hale of the Nature of the
      <u>Charges, Avoids Surprise, and Enables Him to Prepare for Trial</u>

An indictment fulfills the requirements of the Federal Rules of Criminal Procedure when

it is a "plain, concise and definite written statement of the essential facts constituting the offense

charged." Fed. R. Crim. P. 7(c)(l).  Rule 7 mandates that all the essential elements of the offense

be alleged along with sufficient additional facts to allow the indictment to be used as proof to bar

a subsequent prosecution for the same offense. *See United States v. Duncan*, 598 F.2d 839, 848

(4th Cir. 1979).  The facts alleged should also be sufficiently detailed to allow a defendant to

prepare his defense. *Id.*

The purpose of a bill of particulars is "to enable a defendant to obtain sufficient

information on the nature of the charge against him so that he may prepare for trial, minimize the

danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another

prosecution for the same offense." *United States v. Doan*, 184 F.Supp.3d 271, 283 (E.D. Va.

2016) (Ellis, J.).[1]  "If, however, the indictment adequately details the charges, or the information

requested is otherwise available, then no bill of particulars is required." *United States v.*

*Esquivel*, 755 F.Supp. 434, 436 (D.D.C.1990).

The purpose of a bill of particulars has been satisfied when a defendant receives ample

information to meet the government's charge, regardless of whether he receives it through

discovery or through the indictment. *United States v. Automated Med. Labs. Inc.*, 770 F.2d 399,

405 (4th Cir. 1985).  A bill of particulars is unnecessary when "it appears that defendants are

---

[1] Internal quotations and citations omitted throughout this pleading.

sufficiently apprised through discovery of the facts and circumstances of the offense." *United States v. Cuong Gia Le*, 310 F.Supp.2d 763, 782 (E.D.Va. 2004) (Ellis, J.).

No bill of particulars is warranted here because the superseding indictment more than adequately informs Hale of the nature of the government's charges.  In this case, Hale has been given ample information concerning the events and criminal acts with which he has been charged.  The indictment properly alleges the violations of which Hale is charged.  It is far more detailed than legally required.  Furthermore, defense counsel has been given extensive discovery, including access to all the documentary evidence that will be introduced at trial by the government.  *See United States v. Adams*, 770 F.2d 399, 405 (4th Cir.1985) (unpublished) (explaining that the information necessary to prepare a defense can be supplied "through the use of a bill of particulars or discovery").[2]  Under these circumstances, the motion for a bill of particulars should be denied.

A.  The Superseding Indictment Sufficiently Identifies
    The Dates and Locations of the Charged Offenses

Hale complains that the indictment fails to identify the specific dates on which the offenses occurred, the locations at which they occurred, and the manner by which they occurred. In light of the information in the indictment and the information he has received in discovery, he is not entitled to anything more.

The superseding indictment does, in fact, identify the dates on which the charged crimes occurred.  In specific, it alleges that the crime alleged in Count 1 occurred at a time between on or about February 28, 2014, and on or about May 14, 2014; that the crimes alleged in Counts 2 and 3 occurred at a time between on or about February 28, 2014, and on or about December 17,

---

[2] In addition to extensive digital evidence on three external hard drives, the defense has received in discovery thousands of pages of documents in hard copy.

2015; that the crime alleged in Count 4 occurred at a time between on or about February 28,

2014, and in or about October 2015; and that the crime alleged in Count 5 occurred at a time

between on or about February 28, 2014, and in or about December 2016.  Exact dates are not

required so long as the general dates alleged are within the statute of limitations and no prejudice

is shown.  *United States v. Nunez*, 668 F.2d 10, 12 (1st Cir. 1981).

"[W]here an indictment alleges a crime occurred on or about a certain date, proof need

only establish beyond a reasonable doubt that the crime occurred on a date reasonably near that

alleged." *United States v. Ward*, 676 F.2d 94, 96 (4th Cir. 1982).  "Where a particular date is not

a substantive element of the crime charged, strict chronological specificity or accuracy is not

required."  *United States v. Smith,* 441 F.3d 254, 261 (4th Cir. 2006).  "Proof that a crime

occurred reasonably near the date charged in the indictment is sufficient unless time is a material

element of the offense or the actual date of the offense implicates the statute of limitations or

follows the indictment."  *United States v. Brewer*, 1 F.3d 1430, 1437 (4th Cir. 1993).

Time is essential where it constitutes an element of the crime; or

> where accused having been tried for another and similar offense within the
> period of limitations, proof of the exact date is necessary to show that he is
> not being again tried for the same offense; or, where two offenses have
> been committed, to enable accused to plead the judgment in the present
> prosecution in the event of a second prosecution; or where the date is
> necessary to enable the court to impose the proper sentence.

*United States v. Covington*, 411 F.2d 1087, 1088 (4th Cir. 1969).  "Except when time is of the

essence of the offense, the prosecution is not confined in its evidence to the precise date laid in

the indictment, but may prove that the offense was committed on some other day prior to the

commencement of the prosecution and within the period of limitations."  *Id*.  In a case such as

this one, the allegation of time "is not regarded as going to an essential element of the crime, and,

within reasonable limits, proof of any date before the return of the indictment and within the

statute of limitations is sufficient." *Nunez*, 668 F.2d at 12.

The superseding indictment also adequately advises the defendant of the locale of his

crimes.  "Similarly [to dates of the offense alleged], location is not an invariably necessary

detail."  *U.S. v. Kwang Hee Kim*, 2012 WL 5879830 at 3 (E.D. Va. November 20, 2012)

(Cacheris, J.).  The analysis for the specification of locations is the same as the analysis for the

specification of dates.

Here, each count in the indictment not only alleges that the offenses occurred "in the

Eastern District of Virginia and elsewhere," but also incorporates the 41 paragraphs of the

General Allegations of the Indictment.  Paragraph 3 of the General Allegations alleges that, from

December 2013 through August 2014, Hale was assigned to work at the National Geospatial-

Intelligence Agency ("NGA"), in Springfield, Virginia.  Paragraphs 25, 28, 29, 30, 31, and 32 all

refer to documents that Hale printed out while at NGA.  Paragraph 39 refers to a document that

Hale possessed at his residence.  As disclosed in discovery, that residence was in Lorton,

Virginia.  No more is required in a bill of particulars.

Since allegation of specific locations does not go to an essential element of the crime,

proof of any location within the Eastern District of Virginia is sufficient.  As the Fourth Circuit

wrote with respect to a similar challenge based on an alleged failure to identify a specific

location that a crime occurred on a naval base:

> Even though the indictment did not provide the exact time of day or the
> precise location on the naval base that the offense occurred, it did provide
> sufficient notice to prepare a proper defense, and was of sufficient
> specificity to be used as proof to bar a subsequent prosecution for the
> same offense.

*United States v. Poe,* 81 F.3d 152 (Table), 1996 WL 139200 at 2 (4th Cir. March 26, 1996).

*Accord United States v. Coleman,* 2018 WL 1386265 at 5 (W.D. Va. March 19, 2018) (denying

motion for a bill of particulars seeking to require the government to provide specific locations of

acts in furtherance of a drug offense).  Accordingly, the allegations of dates and places in the

instant indictment are adequate without further resort to a bill of particulars, beyond those

already voluntarily supplied by the government.

     B.   Hale Seeks a Level of Detail the Government is Not Required to Provide

     Hale also seeks a level of evidentiary detail that the government is not required to

provide.  In particular, he contends that the government is obligated to identify his knowledge

and belief about the disposition of the stolen documents (Count 1), the manner in which

documents were transmitted, conveyed, or disposed (Counts 2, 3, 4, and 5), the recipients of the

stolen documents and why they were not entitled to receive the documents (Counts 3 and 4), and

the manner in which the government calculated the value of the documents (Count 5).

     These requests amount to a demand that the government disclose how it intends to prove

its case at trial. Hale is not entitled to have the Government "furnish the precise manner in which

the crimes charged were committed."  *United States v. Foggo,* 2008 WL 2777009 at 11 (E.D. Va.

July 14, 2008) (Cacheris, J.).   A bill of particulars "should not to be used to provide detailed

disclosure of the government's evidence in advance of trial." *Doan*, 184 F.Supp.3d at 283.

"Thus, court must not direct the government to reveal the details of its evidence or the precise

manner in which it will make its proof in a bill of particulars." *Cuong Gia Le*, 310 F.Supp.2d at

781.  *See Wong Tai v. U.S.*, 273 U.S. 77, 82 (1927) (affirming the denial of a bill of particulars

that sought disclosure of "the manner in which and the specific circumstances under which" the

crimes were committed).  *See also United States v. Abakporo*, 959 F.Supp.2d 382, 393 n.50 (S.D.

N.Y. 2013) ("The Government may not be compelled to provide a bill of particulars disclosing . . . the precise manner in which the defendant committed the crime charged"); *United States v. Barret*, 824 F.Supp.2d 419, 439 (E.D. N.Y. 2011) ("the court is mindful that it cannot compel the government to disclose, through a bill of particulars . . . the precise manner in which a defendant committed the crime charged").

Hale argues that Count 1 is deficient inasmuch as it does not specify "who is contemplated by the reference to 'any person contrary to the provisions of Title 18, United States Code, Chapter 37" or the specific provision of Chapter 37 relied upon.  (Def. Mot. at 2, Dkt. 50.) Although that argument is incorrect, *see, e.g., United States v. Menon*, 24 F.3d 550, 558 (3d Cir. 1994) (rejecting argument that indictment charging defendant with "knowingly and willfully import[ing] merchandise into the United States contrary to law" was defective for not specifying which law was violated because the indictment "specified which of [the defendant's] actions were contrary to law"), the issue is moot, because the United States here notifies Hale that the reference to "any person" in Count 1 is the defendant himself, and the provision of Chapter 37 referenced is Section § 793(e).

II.   The Government Has Provided Broad and Organized
      Discovery, Eliminating the Need for a Bill of Particulars

A bill of particulars is further unnecessary because the government has provided Hale with extensive discovery that describe the facts and circumstances of the offenses charged. *Cuong Gia Le*, 310 F.Supp.2d at 782 (a bill of particulars is unnecessary when "it appears that defendants are sufficiently apprised through discovery of the facts and circumstances of the offense").

Notably, Hale's motion ignores the broad discovery that the government has produced to date; indeed, it fails to mention the issue of discovery altogether.  Since May 30, 2019, the

government has produced thousand pages of classified and unclassified discovery, which include

returns from search warrants, business records, investigative reports, and photographs.

The government will continue to provide ongoing formal and informal discovery to the

defendant.  Under these circumstances, there is no need for a bill of particulars.  *Automated Med.*

*Labs. Inc.*, 770 F.2d at 405.  *See also United States v. Priviti,* 644 F.2d 318 (4th Cir. 1981)

(explaining that the information necessary to prepare a defense can be supplied through "a bill of

particulars or discovery"); *Foggo,* 2008 WL 2777009, at *9 (denial appropriate where "the

information requested is otherwise available").

When faced with circumstances of such broad discovery, judges in this district routinely

reject requests for bills of particulars. *See, e.g., Cuong Gia Le*, 310 F. Supp. 2d at 781-

82 (denying motion "because it appears that defendants are sufficiently apprised through

discovery of the facts and circumstances of the offense and that defendants' motions are in

essence an improper request for underlying evidentiary matters"); *United States v. Tsoa*, No.

1:13-cr-137, 2013 WL 3242700, at *4-5 (E.D. Va. June 25, 2013) (Cacheris, J.) (same); *United*

*States v. Taylor*, 3:04-CR-227, 2005 WL 2298170, at *4 (E.D. Va. Sept. 21, 2005) (Spencer, J.)

(denying motion given the government's "extensive discovery to the Defendant," which "makes

it almost impossible to have any undue surprise at trial").  This Court should similarly reject

Hale's motion here.

### Conclusion

The superseding indictment returned in this case is far more detailed than legally

required.  Furthermore, Hale has been provided with extensive discovery, including access to all

the documentary evidence that will be introduced at trial by the government.  Under these

circumstances, the motion for a bill of particulars should be denied.

<div style="margin-left: 50%;">

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:              /s/
           Gordon D. Kromberg
           Assistant United States Attorney
           United States Attorney's Office
           2100 Jamieson Avenue
           Alexandria, Virginia 22314
           Phone: (703) 299-3700
           Fax: (703) 299-3981
           Email: gordon.kromberg@usdoj.gov

</div>

Certificate of Service

I hereby certify that on September 30, 2019, I electronically filed the foregoing

OPPOSITION TO MOTION TFOR BILL OF PARTICULARS with the Clerk of Court using

the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                                        /s/          .
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov