IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

OPPOSITION TO MOTION TO DISMISS COUNTS AS MULTIPLICITOUS

Defendant Hale moves the Court to dismiss three of Counts 1 through 4 of the indictment on the grounds that they are multiplicitous. That motion should be denied. Each of the offenses charged in those counts require the proof of at least one fact not required for the other counts. Moreover, with one exception, each of the offenses charged in those counts contains at least one element not contained in another one of those counts. And, even with respect to that one exception, any possible multiplicity issue should not be resolved until after trial.

Background

In 2014, Hale was employed as a contractor at the National Geospatial- Intelligence Agency ("NGA"), in Springfield, Virginia. While employed at NGA, Hale printed out 23 U.S. government documents unrelated to his NGA work. An online news outlet ("the Online News Outlet") thereafter posted a series of articles that published, in whole or in part, 17 of the 23 documents that were printed by Hale but unrelated to his employment (hereinafter "the 17 Documents"), including 11 that were classified "Secret" or "Top Secret."

A particular reporter ("the Reporter") associated with the Online News Outlet wrote or contributed to multiple articles that incorporated or referenced 12 of the documents. In 2016, the Reporter published a book that essentially compiled articles that previously had been published

by the Online News Outlet.  Neither the aforementioned articles nor the book published any U.S.

government documents other than documents Hale printed while he was at the NGA in 2014.

On May 9, 2019, Hale was charged in a superseding indictment with: (1) obtaining

national defense information, in violation of 18 U.S.C. § 793(c); (2) retaining and transmitting

national defense information, in violation of 18 U.S.C. § 793(e); causing the communication of

national defense information, in violation of 18 U.S.C. § 793(e); disclosing classified

communications intelligence information, in violation of 18 U.S.C. § 798(a)(3); and (5) theft of

government property, in violation of 18 U.S.C. § 641.  The superseding indictment is 17 pages

long, and describes in detail Hale's unlawful theft and disclosure of classified documents

entrusted to him.

I.    The Law of Multiplicity

Multiplicity "is the charging of a single offense in several counts."  *United States v.

Lawing*, 703 F.3d 229, 236 n.7 (4th Cir. 2012).[1]  The danger of multiplicity is that it may lead to

multiple sentences for a single offense, thus violating the Double Jeopardy Clause of the Fifth

Amendment.  *See United States v. Burns*, 990 F.2d 1438 (4th Cir. 1993).

Where each offense requires proof of different elements or facts, however, there is no

multiplicity, and separate punishments may be imposed for each offense.  *See generally United

States v. Bailey*, 112 F.3d 758, 767 (4th Cir. 1997).  Thus, the primary test for multiplicity is

whether each count charged requires proof of an element or fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Pursuant to *Blockburger*, if "the same act or transaction constitutes a violation of two

distinct statutory provisions, the test to be applied to determine whether there are two offenses or

---

[1] Internal quotations and citations are omitted throughout this pleading.

2

only one is whether each provision requires proof of a fact which the other does not." *Rutledge v. United States,* 517 U.S. 292, 297 (1996).  Further, pursuant to *Blockburger,* two crimes are not multiplicitous if "each crime charged contains an element that the other does not." *United States v. Terry*, 86 F.3d 353, 356 (4th Cir. 1996).

Thus, where a single course of conduct gives rise to distinct offenses, both may be separately prosecuted and cumulatively punished.  *Albernaz v. United States*, 450 U.S. 333, 337-38 (1981).  In other words, "double jeopardy is not implicated simply because a factual situation might exist where a defendant could commit one act that satisfies the elements of two offenses." *United States v. Hassoun*, 476 F.3d 1181, 1188-99 (11th Cir. 2007).  For example, a defendant may be prosecuted both for a conspiracy "and for the substantive offense which was the conspiracy's object." *United States v. Ruhbayan*, 406 F.3d 292, 300 (4th Cir. 2005).  Similarly, a defendant may be prosecuted both for failing to report the currency he brings into the country, and also for falsely denying his possession of the currency that he failed to declare.  *United States v. Woodward*, 469 U.S. 105 (1985).  *See United States v. Dixon*, 509 U.S. 688, 703-04 (1993) (rejecting a test for multiplicity by which a court would examine whether purportedly multiplicitous counts involved the same conduct).

II.    Counts That Have Different Elements Are Not Multiplicious

Under *Blockburger*, two crimes are not multiplicitous if "each crime charged contains an element that the other does not." *Terry*, 86 F.3d at 356.  With one exception (described below), the offenses charged in Counts 1 through 4 each contains at least one element not contained in the other counts.

A.    <u>The Elements of the Offenses</u>

In Count 1, Hale is charged with a violation of 18 U.S.C. § 793(c), for unlawfully obtaining 11 classified documents connected with the national defense, for the purpose of obtaining information respecting the national defense, having reason to believe at the time he obtained them that they would be obtained, taken, and disposed of contrary to law.  In order to prove Hale is guilty of this offense, the government must prove:

1:    Hale obtained from any person, or from any source, a document connected with the national defense;

2:    Hale did so for the purpose of obtaining information respecting the national defense; and

3:    At the time he obtained the document, Hale knew or had reason to believe that the document would be obtained, taken, made, or disposed of by a person contrary to law.

*See* 18 U.S.C. § 793(a) & (c).

In Count 2, Hale is charged with a violation of 18 U.S.C. § 793(e), for (a) willfully retaining documents relating to the national defense over which he had unauthorized possession, and failing to deliver them to the officer or employee of the United States entitled to receive them; and (b) communicating, delivering, and transmitting such documents to a person not entitled to receive them, *i.e.*, the Reporter.  To prove Hale guilty of this offense, the government must prove:

1.    Hale had unauthorized possession of, access to, or control over a document;

2.    The document related to the national defense; and

3.    Hale willfully retained the document and failed to deliver it to the officer or employee of the United States entitled to receive it; or Hale willfully communicated, delivered, or transmitted the document to a person not entitled to receive it.

4

*See United States v. Aquino*, 555 F.3d 124, 130 (3d Cir. 2009); Jury Instructions at 194:10–20,

*United States v. Morison*, No. Y-84-00455 (D. Md. 1985).[2]

Count 3 charges Hale with a violation of 18 U.S.C. § 793(e), for causing the publication, dissemination, and distribution to the general public of articles and a book related to the national defense of the United States, by willfully (a) communicating, delivering, and transmitting such documents to persons not entitled to receive them; (b) causing such documents to be communicated, delivered, and transmitted to such persons; (c) attempting to communicate, deliver, and transmit such documents to such persons; and (d) attempting to cause such documents to be communicated, delivered, and transmitted to such persons.  In order to prove Hale guilty of this offense, the government must prove:

1:      The defendant had unauthorized possession of, access to, or control over a document;

2.      The document related to the national defense; and

3.      The defendant willfully (a) communicated, delivered, or transmitted such a document to a person not entitled to receive it, (b) caused such a document to be communicated, delivered, or transmitted to a person not entitled to receive it, (c) attempted to communicate, deliver or transmit such a document to a person not entitled to receive it, or (d) attempted to cause such a document to be communicated, delivered, or transmitted to a person not entitled to receive it.

*See* 18 U.S.C. § 793(e); *Aquino*, 555 F.3d at 131 n.13; *United States v. Kiriakou*, 898 F. Supp. 2d 921, 923 (E.D. Va. 2012); *Drake*, 818 F. Supp. 2d 909, 916–17 (D. Md. 2011); Jury Instructions at 193:10–20, *Morison*, No. Y-84-00455.

---

[2]  A copy of the relevant jury instruction from *Morison* is attached as Exhibit A to this pleading.

In Count 4, Hale is charged with a violation of 18 U.S.C. § 798(a)(3), for willfully communicating, furnishing, transmitting, and otherwise making available to an unauthorized person classified information concerning the communication intelligence activities of the United States.  The elements of this offense are:

> 1: Hale communicated, furnished, transmitted, or otherwise made available classified information;
>
> 2. The classified information concerned the communication intelligence activities of the United States; and
>
> 3. Hale did so willfully.

*See* 18 U.S.C. §§ 798(a)(3).

### B. Count 1 is Not Multiplicitous with Count 2

In light of these elements, it is manifest that Count 1 is not multiplicitous with Count 2. After all, Count 1 has an element that Count 2 does not (Element 2:  "Hale did so for the purpose of obtaining information respecting the national defense"), and Count 2 has an element that Count 1 does not (Element 3:  "Hale willfully retained the document and failed to deliver it to the officer or employee of the United States entitled to receive it; or Hale willfully communicated, delivered, and transmitted the document to a person not entitled to receive it").

### C. Count 1 is Not Multiplicitous with Count 3

Count 1 is not multiplicitous with Count 3 either.  This is because Count 1 has an element that Count 3 does not - - *i.e.*, Element 2: "Hale obtained the document *for the purpose* of obtaining information respecting the national defense" - - and Count 3 has two elements that Count 1 does not - - *i.e.*, Element 1: "Hale's possession of a document was *unauthorized,*" and Element 3: "Hale willfully communicated, delivered, or transmitted such a document to a person

not entitled to receive it, or attempted or caused such a document to be so communicated, delivered, or transmitted."

       D.    <u>Count 1 is Not Multiplicitous with Count 4</u>

Count 1, similarly, is not multiplicitous with Count 4.  This is because Count 1 has an element that Count 4 does not - - *i.e.*, Element 2: "Hale obtained the document *for the purpose* of obtaining information respecting the national defense" - - and Count 4 has an element that Count 1 does not - - *i.e.*, Element 2: "The classified information concerned the communication intelligence activities of the United States."

       E.    <u>Count 2 is Not Multiplicitous with Count 4</u>

Count 2 is not multiplicitous with Count 4, either.  Count 2 has an element that Count 4 does not - - *i.e.*, Element 1: "Hale's possession of a document was *unauthorized*"- - and Count 4 has an element that Count 2 does not - - *i.e.*, Element 2: "The classified information concerned the communication intelligence activities of the United States."

       F.    <u>Count 3 is Not Multiplicitous with Count 4</u>

Finally, by application of *Blockburger,* Count 3 is not multiplicitous with Count 4, because Count 3 has an element that Count 4 does not - - *i.e.*, Element 1: "Hale's possession of a document was *unauthorized*" - - and Count 4 has an element that Count 3 does not - - *i.e.*, Element 2: "The classified information concerned the communication intelligence activities of the United States."

     III.    Although the Same Statutory Violation is
                 <u>Charged in Counts 2 and 3, No Multiplicity Exists</u>

Both Counts 2 and 3 charge violations of Section 793(e).  As a result, they obviously have the same legal elements.  Yet, they are not multiplicitous, because they allege different facts.  Count 2 alleges that Hale retained the stolen documents and transmitted them to the

Reporter or the Online News Outlet.  In contrast, Count 3 alleges that Hale caused the stolen documents to be communicated to the general public.

Reliance by the United States on the same evidence to prove each count does not create multiplicity in and of itself, as "innumerable inferences can be drawn from the same set of facts." *United States v. Tedder*, 801 F.2d 1437, 1447 (4th Cir. 1986).  *See, e.g.*, *Jones v Blankenship*, 602 F.2d 650 (4th Cir. 1979) (murder of one individual and the malicious wounding of another were separate offenses even though they were committed through the same single shotgun blast).

For example, in *United States v. Shrader*, 675 F.3d 300 (4th Cir. 2012), even though the defendant charged with stalking a woman engaged in only a single course of action, he properly also was charged with stalking her husband, because he intended to put both in fear.  There, to convict the defendant on the two separate counts, the government was required to prove different intents to harm two victims.  *But see Ladner v. United States*, 358 U.S. 169 (1958) (multiple counts arising from a single act were impermissible where the unit of prosecution in the applicable statute was ambiguous).

Where, as here, the same statutory violation is charged in more than one count, the question is whether the facts underlying each count were intended by Congress to constitute separate units of prosecution.  *Shrader*, 675 F.3d at 313.  The key element of the statute at issue here, Section 793(e), is the communication (which includes causing to communicate and attempting to communicate) of national defense information (through a document) to any person not entitled to receive it.  In this context, there are clear factual distinctions between the contested counts.  In Count 2, Hale is charged with communicating national defense information to the Reporter, a person not entitled to receive that information.  By contrast, in Count 3, Hale is charged with communicating national defense information, causing the communication of

national defense information, or attempting to do so to different persons not entitled to receive it, that is, to any member of the public.

That Hale's conduct "constitutes two separate offenses under the plain text of the statute can be confirmed by resort to an analogous test for violations of the Double Jeopardy Clause: whether each [offense] requires proof of a fact which the other does not." *Shrader*, 675 F.3d at 314. While the *Blockburger* test "is traditionally used to determine whether a single course of conduct violates different statutory provisions . . . courts have noted its utility in assessing whether multiple counts of the same statutory offense are multiplicitous. *Id.*

In *Shrader,* Count One required evidence that the defendant acted "to place DS in reasonable fear," and Count Two required distinct proof that he acted "to place RS in reasonable fear." *Id.* at 314. "Thus not only does the statute unambiguously provide that the unit of prosecution is the individual victim, but the charging document also requires proof of different facts as to the two separate counts, further confirming that the two charges were not multiplicitous." *Id.* As in *Schrader*, the separate charges are proper here, because Hale intended to transmit the documents to the Reporter, and also intended to communicate them to the public. As in *Shrader*, Counts 2 and 3 require proof of different facts and, therefore, are not multiplicitous.

IV.    Neither Count 2 or 3 Should Be Dismissed Now,
<u>Regardless of Whether They Might Be Deemed to be Multiplicitous</u>

Because Hale likely would not have caused or attempted to cause the communication of the stolen information to the public (as alleged in Count 3) without first communicating the information to the Reporter or the Online News Outlet (as alleged in Count 2), it might be argued that Count 2 is a lesser included offense of Count 3. That being said, both counts nevertheless remain valid, at least at this point.  It is true that, if Hale is convicted on Count 3, then this Court

might then decide to dismiss Count 2 as multiplicitous.  Since the jury may acquit Hale on

Count 3, however, then Count 2 should remain before it so that Hale's conduct can still be

punished.  *United States v. Livingston,* 2016 WL 1119060 (E.D. Va. February 23, 2016)

(O'Grady, J.) ("Even assuming multiplicity, however, the Court agrees with the government that

the proper remedy is to vacate any multiplicitous convictions after trial).

     As this Court recognized in *Livingston,* the Court need not determine at this stage of the

proceedings whether two charges are multiplicitous.  This is because, even if Counts 2 and 3 are

multiplicitous, the appropriate remedy is not a dismissal of counts pre-trial, but rather vacation of

one of the counts at sentencing - - should the jury convict on both.  *See Tedder,* 801 F.2d at

1446-47 (the government was not required before trial to elect between counts charging both

conspiracy to import marijuana, and conspiracy to possess marijuana with intent to distribute it).

     The disinclination of courts to dismiss allegedly multiplicitous counts accords with the

purpose of the multiplicity doctrine.  The "signal danger of a multiplicitous indictment is that a

defendant might thereby receive multiple punishments for the same crime." *United States v.*

*Goodine*, 400 F.3d 202, 207 (4th Cir. 2005).  Thus, if Hale is convicted on both Counts 2 and 3,

and this Court then determines that Counts 2 and 3 are, in fact, multiplicitous, then this Court can

dismiss Count 2 as multiplicitous before sentencing.  Since the jury may acquit Hale on Count 3,

however, Count 2 should remain before it so that Hale's conduct can still be punished.  *See*

*United States v. Leifried*, 732 F.2d 388, 389 (4th Cir. 1984) ("the district court may properly

submit the question of the defendant's guilt on the lesser included offenses to a jury").

     The Fourth Circuit has explained that "prosecutors are permitted to carve up criminal

conduct into multiple counts, even if some of the counts are lesser included offenses or

constitutionally identical offenses." *United States v. Luskin,* 926 F.2d 372, 378 (4th Cir. 1991).

This is so because "if it is uncertain that the jury will convict a defendant on a major count, the prosecutor is allowed to obtain, in the alternative, a sure-fire conviction on a lesser included offense." *Id.*   Moreover, "this allowance helps to prevent minor problems of proof on one count from allowing a genuinely guilty person to escape liability for his criminal conduct." *Id.*

In *Leifried,* in vacating a defendant's drug conspiracy conviction under 21 U.S.C. § 841 because the conspiracy conviction was a lesser-included-offense of another conviction for operating a continuing criminal enterprise under 21 U.S.C. § 846, the Fourth Circuit "stress[ed] that the holding . . . does not preclude the government from prosecuting for the lesser included offenses in similar instances." *Leifried*, 732 F.2d at 389.  It wrote that "the district court may properly submit the question of the defendant's guilt on the lesser included offenses to a jury." *Id.*  The Fourth Circuit explained that, if the defendant is "convicted of is convicted of the greater offense, the convictions for the lesser offenses are subsumed and cannot stand." *Id.*

In *United States v. Sterling*, 1:10-cr-485 (E.D. Va.), the defendant raised an argument identical to the one that Hale raises here.  Sterling provided classified information to a reporter, who included it in a book.  *See United States v. Sterling*, 860 F.3d 233 (4th Cir. 2017).  He was indicted under Section 793(e), both for disclosing national defense information to the reporter, and also for communicating national defense information to the public. Pre-trial, he moved for the dismissal of charges as multiplicitous.  Judge Brinkema denied, the motion, "because the government has a right to proceed with alternative theories."  *See* Transcript of Motions Hearing at 10:17–18, *United States v. Sterling*, 1:10-CR-485 (E.D. Va. Apr. 8, 2011), Dkt. 223.[3]

In *Luskin*, the Fourth Circuit explained that, if a defendant is convicted on both counts, the district court can strike the conviction on the lesser included offense:

---

[3]  A copy of the relevant hearing transcript is attached as Exhibit B to this pleading.

> The Double Jeopardy Clause does not force the prosecutor to gamble on obtaining the major conviction. Instead, the defendant can be indicted on both counts, and, if convicted on both, the Double Jeopardy Clause operates to require that the sentences on the two counts run concurrently. The better practice in that instance would be for the trial judge to strike the conviction on the lesser included offense and the related section 924(c) conviction.

*Id.* In short, as in *Livingston,* when both counts can support separate convictions, both should be submitted to the jury. If, after trial, the Court determines that only one sentence is appropriate, it can achieve that result by combining the counts for sentencing or imposing concurrent sentences. *United States v. Ashley Transfer & Storage Co., Inc.*, 858 F.2d 221, 224 (4th Cir. 1988).

In the category of arguments along the lines of "no good deed goes unpunished," Hale argues that the charging scheme in this indictment prejudiced him because an indictment carrying more counts may influence the jury to believe that the defendant has committed more crimes. Hale was charged in five counts with stealing 17 documents. Were Hale charged separately for each document that he stole, he would face far more than five counts. The government chose units of prosecution that minimized the counts of the indictment. Under such circumstances, Hale hardly can properly can complain that the existence in the indictment of *both* Counts 2 and 3 will prejudice him before the jury.

In sum, even if Counts 2 and 3 are multiplicitous, the Court need not dismiss one of them prior to trial. Even assuming multiplicity, the proper remedy is (as this Court implemented in *Livingston*) to vacate any multiplicitous convictions after trial. Because no determination of

multiplicity need be made until the jury's verdict is received, the Court should defer any

multiplicity determination with respect to Counts 2 and 3 until sentencing.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Gordon D. Kromberg
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: gordon.kromberg@usdoj.gov

Certificate of Service

I hereby certify that on September 30, 2019, I electronically filed the foregoing

OPPOSITION TO MOTION TO DISMISS COUNTSAS MULTIPLICIOUS with the Clerk of

Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel

of record.

                                                            _____/s/_____.
                                                            Gordon D. Kromberg
                                                            Assistant United States Attorney
                                                            Virginia Bar No. 33676
                                                            Assistant United States Attorney
                                                            Attorney for the United States
                                                            2100 Jamieson Avenue
                                                            Alexandria, VA  22314
                                                            (703) 299-3700
                                                            (703) 837.8242 (fax)
                                                            gordon.kromberg@usdoj.gov