**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-59 |
| | ) | |
| **DANIEL EVERETTE HALE,** | ) | Hon. Liam O'Grady |
| | ) | |
| Defendant. | ) | Motion Hr'g: Oct. 18, 2019 |

**DEFENSE RESPONSE TO GOVERNMENT MOTION *IN LIMINE*
TO ALLOW REDACTION FROM GOVERNMENT EXHIBITS OF PAGES
PRINTED BUT NOT PUBLISHED**

The government's Motion to Allow Redaction from Government Exhibits of
Pages That Were Printed But Not Published, Dkt. No. 58, should be denied at this
juncture because it is premature. Alternatively, it should be denied because the
information the government would seek to redact is likely to be relevant to multiple
elements of the offenses the government must prove, including intent and knowledge.

## I.   The government's motion is premature

The government is still in the process of producing discovery. Just last week,
on September 26, 2019, the government produced new classified material and two
more hard drives, one 1TB drive and one 4TB drive, of unclassified discovery.
Approximately a week earlier, the government produced a separate 1TB hard drive
of classified discovery. To date, the defense has received thousands of documents and
what appears to be terabytes worth of data for review. The defense is still making its
way through these materials to assess their value and make strategic determinations.
As in any case involving classified material, this process is more laborious because

much of the review occurs in a SCIF separated from case materials and references kept in counsels' regular offices.

It is, therefore, far too early for evidentiary rulings about what might be appropriately redacted at trial, because the defense is still assessing its trial strategy. Materials that the government now claims are irrelevant and, therefore, appropriate for redaction, may be important and relevant to the defense's trial strategy as that comes into focus through discovery review.  Given that that process is ongoing and the government does not even appear to be finished producing discovery, the defense submits that the government's Motion *in Limine* to Allow Redaction is premature and should be denied at this juncture.

## II.     The materials should not be redacted because they are relevant to critical elements of the charged offenses

If the Court determines that the government's Motion *in Limine* to Allow Redaction is not premature, it should deny the Motion because the materials at issue are relevant to elements the government would have to prove at trial.   The government's Motion contains an important contradiction on this score:  It claims that the documents printed at the NGA and those published by the reporter were "identical."  *See* Govt Motion, Dkt. No. 58, at 2.  But the Motion also claims that a witness will testify that "not every page printed . . . was published."  *See id*.  The government cannot have it both ways.  If not every page was published, the documents were not identical.

This is an important distinction because it bears on elements of the charged offenses, including, at least, (a) knowledge, required to prove violations of 18 U.S.C.

§§ 793(c) & 798, and (b) willfulness, required to prove violations of 18 U.S.C. §§ 793(e),

798 & 641.  For example, the defense may be able to show at trial that the material

in each document that merited a classification determination for the document as a

whole was in the pages that were not published – an argument that would be

foreclosed if the jury cannot see the contents of those pages.  Accordingly, the defense

should be able to demonstrate differences between the printed documents and the

published documents and why those differences may bear on the elements the

government bears the burden of proving.

Respectfully submitted,

DANIEL EVERETTE HALE

By Counsel,
Geremy C. Kamens
Federal Public Defender

By: /s/ Cadence Mertz
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
703-600-0840 (T)
703-600-0880 (F)
Cadence_Mertz@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon counsel of record.

/s/ Cadence Mertz
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
703-600-0840 (T)
703-600-0880 (F)
Cadence_Mertz@fd.org