IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-59 (LO) |
| | ) | |
| DANIEL EVERETTE HALE, | ) | Mtn. Hearing: Oct. 18, 2019 |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRODUCTION OF GRAND JURY MATERIALS
WITH RESPECT TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

COMES NOW the defendant, Daniel Hale, by counsel, and hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), to authorize the disclosure of grand jury materials with respect to Count One of the Superseding Indictment. As explained below, the government's arguments in this case reveal that its theory with respect to Count One is fatally flawed: either the government is seeking to prove a different offense than the grand jury found, and/or the government has defined the operative verbs in Count One improperly. Either would require dismissal of Count One. The government's description of Count One in response to defendant's Motion for a Bill of Particulars strongly indicates that one or both of those errors has occurred, but only the grand jury materials with respect to Count One will definitively answer which if either ground for dismissal exists. Accordingly, the Court should order the disclosure of the grand jury materials.

**BACKGROUND**

Mr. Hale is charged in a five-count Superseding Indictment with offenses relating to unlawfully obtaining and transmitting national defense information

("NDI"). Count One, at issue here, charges a violation of 18 U.S.C. § 793(c); specifically, Count One alleges that between February and May 2014, Mr. Hale "unlawfully obtained documents connected with the national defense . . . knowing and having reason to believe at the time he obtained [them] that they had been or would be obtained, taken, made, or disposed of by any person in violation of Title 18, United States Code, Chapter 37." *See* Superseding Indictment (dkt. # 12), Count One. Count One thus tracks the operative language of the charged statute. *See* 18 U.S.C. § 793(c).[1]

According to the Indictment, the factual allegations against Mr. Hale arise from his enlistment in the United States Air Force and subsequent employment as a contractor with the National Geospatial-Intelligence Agency. Specifically, while employed as a contractor in 2013, Mr. Hale is alleged to have communicated with a reporter who wanted Mr. Hale to "tell [his] story about working with drones." Superseding Indictment ¶ 13. Subsequently, from 2013 through 2014, Mr. Hale is alleged to have met with the reporter in person, and communicated with him or her by email, text message and instant messaging. Then, between February and August of 2014, Mr. Hale is alleged to have printed from his NGA computer 23 documents

---

[1] The only distinction between the statutory language and Count One, which is not relevant here, is that the first part of the offense can be committed by "receiving or obtaining, or agree[ing] or attempt[ing] to receive or obtain" NDI, while Count One alleges that this portion of the offense was committed specifically by "obtaining" NDI. The issues raised in this Motion relate to the "object" part of the offense, which requires that the predicate act (obtaining NDI) be committed with knowledge or reason to believe that the NDI "has been or will be obtained, taken, made, or disposed of" in violation of Chapter 37 of Title 18. Count One and the statute are identical with respect to this "object" part of the offense.

(fifteen of which the Indictment describes as classified). *Id.* ¶ 32. Later, between August 2014 and December 2016, the Indictment alleges that the reporter published seventeen of those documents, including eleven alleged to be classified. *Id.* ¶ 33. Finally, the Indictment alleges that in August 2014, Mr. Hale possessed copies of software known as "Tor" and "Tails," both of which were recommended by the reporter's news outlet as a means of surreptitiously sending documents electronically. *Id.* ¶¶ 39-40.

Based on these factual allegations and the language of Count One, the defense asserted in its Motion to Dismiss (dkt. #53) that the "any person" referred to in the "object" part of Count One was the reporter. That was based on a plain reading of the four operative verbs in the charge (and in the statute) – that, at the time Mr. Hsle obtained the documents, he knew or had reason to believe that they had been or would be "obtained, taken, made, or disposed of" by any person in violation of the Espionage Act. Thus, the defense understood Count One to allege that Mr. Hale had taken the documents knowing that the reporter would unlawfully obtain them in violation of the Espionage Act.

The defense also filed a Motion for Bill of Particulars asking the government to clarify, among other things, what provision of Chapter 37 of Title 18 was allegedly violated by the "obtaining, taking, making, or disposing of" documents in the "object" part of Count One. *See* Dkt. # 50 at 2. The government responded that the "any person" referred to in Count One is Mr. Hale himself, and that the offense he allegedly intended to violate by "obtaining, taking, making, or disposing of" the documents is

§ 793(e) (which makes it an offense to "communicate," "transmit," or "deliver" NDI, or to cause its communication, transmission or delivery). *See* Dkt. # 68 at 7. Further, in response to Mr. Hale's Motion to Dismiss, the government contended that the grand jury had charged in Count One that, at the time Mr. Hale obtained the documents, he knew or had reason to believe that "he would obtain or dispose of them contrary to the Espionage Act, i.e., [he] would willfully communicate, deliver, transmit, or cause them to be communicated, delivered, or transmitted, to a reporter and the general public." Dkt. # 73 at 3.

**ARGUMENT**

I. <u>The Government's Claim as to What the Grand Jury Charged in Count One is At Odds With the Plain Language of the Superseding Indictment</u>

Neither the government nor anything in the Superseding Indictment explains how, by "communicating, delivering, or transmitting" the documents (or causing their communication, delivery or transmission) in violation of § 793(e), Mr. Hale "obtained" or "disposed of" them. The Superseding Indictment plainly alleges that Mr. Hale already possessed the documents before communicating, delivering or transmitting them (or causing their communication, delivery or transmission). *See* Superseding Indictment ¶ 32. So the grand jury obviously did not charge that Mr. Hale "obtained" the documents through his own alleged transmission of them to the reporter in violation of § 793(e).

Moreover, the Indictment never alleges that by communicating, delivering, or transmitting the documents, Mr. Hale dispossessed himself of them. Indeed, the Indictment does not allege that Mr. Hale *ever* disposed of the documents, much less

-4-

that he disposed of them in the act of transmission, communication or delivery – as would be required for his alleged § 793(e) violation (his communication, delivery or transmission to the reporter) to be an alleged "disposed of" violation of § 793(c). Indeed, the Indictment specifies various electronic means by which Mr. Hale and the reporter allegedly communicated, including a computer program specifically recommended by the reporter's news outlet for surreptitiously sharing electronic copies of documents. *See* Superseding Indictment ¶¶ 39-40. Of course, sending a copy of a document electronically does not ordinarily (if ever) dispose of the sender's copy of it, and the Superseding Indictment never alleges that Mr. Hale disposed of his copies by communicating, delivering, or transmitting them to the reporter. Accordingly, the government's claim that Mr. Hale's own § 793(e) violation (transmitting the documents to the reporter) is the offense charged as the "object" offense in Count One is at odds with a plain reading (and the only linguistically-sensible reading) of the Superseding Indictment.[2]

---

[2] None of the definitions of the phrase "dispose of" in common dictionaries are synonymous with communicating, delivering or transmitting copies of documents. For example, Merriam-Webster defines the phrase "dispose of" to mean "to get rid of" (e.g., "dispose of toxic waste"), "to deal with conclusively" (e.g., "disposed of the matter efficiently"), "to transfer to the control of another" (e.g., "disposing of personal property to a total stranger"), or "to place, distribute or arrange especially in an orderly way" (e.g., "disposing of the weapons in the new fort"). *See* https://www.merriam-webster.com/dictionary/disposed%20of?src=search-dict-hed.

II. Rule 6(e) Permits the Disclosure of Grand Jury Materials Where the Defense Shows that a Ground for Dismissal May Exist Based on Matters that Occurred Before the Grand Jury

Federal Rule of Criminal Procedure 6(e)(3)(E) provides that the "court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter: . . . (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Grand jury proceedings, however, are subject to a "presumption of regularity," such that a defendant must "establish[] that particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *United States v. Ahmad*, 1:14-cr-164(JCC), 2014 WL 2766121, at *3 (E.D. Va. June 18, 2014) (internal quotations and citation omitted). A request for grand jury materials under Rule 6(e)(3)(E)(ii), therefore, cannot be based on "conclusory or speculative allegations of misconduct." *Id.* (quoting *United States v. Loc Tien Nguyen*, 314 F.Supp.2d 612, 616 (E.D.Va.2004)). A party makes a showing of particularized need for grand jury materials by demonstrating "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 211, 222 (1979).[3]

---

[3] While the rule requiring secrecy of grand jury proceedings is well established, once an investigation is over, "then most of the policies underlying the need for secrecy are no longer present. Generally, the only reason that survives the

-6-

III. <u>The Government's Arguments in Response to Defense Motions Strongly Suggest Either that the Government is Seeking to Prove an Unindicted Offense at Trial, and/or that the Grand Jury Was Improperly Instructed</u>

In this case, the language of the indictment strongly suggests that the offense the government intends to present at trial on Count One – based on its statements in response to defense motions – is: i) different than the offense on which the grand jury indicted, and/or ii) premised on an unfounded and incorrect definition of the term "disposed of." If the government's presentation and instruction to the grand jury establish either to be true, that would be a ground for dismissal of Count One.

First if the government is seeking to put before the trial jury on Count One an offense different than that on which the grand jury indicted, that would amount to a fatal variance, in violation of the Grand Jury Clause of the Fifth Amendment. *See Stirone v. United States*, 361 U.S. 212, 218-19 (1960) (fatal variance occurred where trial jury convicted based on interference with commerce in steel, but grand jury had indicted based on commerce in sand); *United States v. Floresca,* 38 F.3d 706, 710-14 (4th Cir. 1994) (*en banc*) (same, where trial jury convicted under different subsection of witness tampering statute than that under which grand jury had indicted); *United States v. Ameyapoh*, 293 F.Supp.3d 568, 572-75 (E.D.Va. 2018) (TSE) (same, where trial jury convicted for assault on a CBP officer but indictment specified assault on an ICE officer). Accordingly, if the grand jury charge in Count One is premised upon the reporter obtaining the NDI in violation of the Espionage Act – as the Indictment

---

conclusion of an investigation is the encouragement of disclosures by those with knowledge of crime." *United States v. Moten*, 582 F.2d 654, 663 (2d Cir. 1978).

plainly suggests it is – then a conviction on Count One cannot stand if premised on Mr. Hale's alleged "disposing of" the NDI by communicating it to the reporter. And the only way for Mr. Hale to vindicate that right is by requiring production of the grand jury materials with respect to Count One.

Second, the theory the government now espouses – that Mr. Hale's alleged communication of NDI to the reporter constitutes "disposing of" the NDI – is not only contrary to dictionary definitions of the term "dispose of" (*see* note 2, *supra*), but to canons of statutory construction. Specifically, the government's argument that "dispose of," as used in § 793(c), is synonymous with the verbs "communicate, deliver or transmit," as used in §§ 793(d) & (e), suggests that Congress used different verbs in immediately-neighboring sub-sections of the same statute for no reason. It strains credulity to suggest that Congress would choose different words in the same statute, which have substantially different ordinary meanings, if it intended them to mean the same thing. Accordingly, if the grand jury indicted on the theory the government now puts forth – that Mr. Hale "disposed of" the documents by transmitting them to the reporter – it appears that the government incorrectly instructed the grand jury with respect to the meaning of the term "disposed of." And the provision of incorrect legal instructions to a grand jury is a well-established ground for production of grand jury materials and, ultimately, dismissal. *See, e.g., United States v. Stevens,* 771 F. Supp. 2d 556, 566–68 (D. Md. 2011) (incorrect explanation of advice-of-counsel); *United States v. Peralta*, 763 F. Supp. 14, 19–20 (S.D.N.Y. 1991) (incorrect explanation of constructive possession); *United States v. Breslin*, 916 F. Supp. 438,

445–46 (E.D. Pa. 1996) (advising grand jury that it need only agree with critical parts of indictment); *United States v. Ho*, CRIM. 08-00337 JMS, 2009 WL 2591345, at *4 (D. Haw. Aug. 20, 2009) (incorrect explanation of nexus required between obstructive conduct and an official proceeding).

## **CONCLUSION**

For all the foregoing reasons, Mr. Hale respectfully submits that this Court should order, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), that the government disclose to the defense all relevant grand jury materials with respect to Count One of the Superseding Indictment. Specifically, the government should be ordered to disclose the grand jury instructions with respect to Count One, any explanation or argument regarding the substance of Count One by the government to the grand jury, and/or any grand juror questions (and the corresponding answers) relating to the substance of Count One.

Respectfully Submitted,

DANIEL EVERETTE HALE
By Counsel,

Geremy C. Kamens
Federal Public Defender


_____/s/_____
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Counsel for Mr. Hale
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0845
Facsimile: (703) 600-0880
Todd_Richman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2019, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

        /s/
Todd M. Richman
Va. Bar No. 41834
Counsel for Mr. Hale
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0845
Facsimile: (703) 600-0880
Todd_Richman@fd.org