IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-59 |
| | ) | |
| DANIEL EVERETTE HALE, | ) | Hon. Liam O'Grady |
| | ) | |
| Defendant. | ) | Motion Hr'g: Nov. 15, 2019 |

**MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND INFORMATION**

Defendant, Daniel Hale, respectfully moves this Court to compel the production of documents and information to which the defense is entitled pursuant to Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), and related case law. The defense has asked the government to produce four categories of documents: (1) classification guides, (2) a limited set of State Department materials, (3) materials relating to disclosures of national defense and/or classified information in connection with the production of the movie *Zero Dark Thirty*, and (4) materials relating to disclosures of national defense and/or classified information relating to topics, sources and methods discussed in the superseding indictment. The government has flatly refused to produce any responsive documents.[1] But, as explained herein, these materials relate directly to elements the government must prove at trial, including, at a minimum, whether the documents

---

[1] The defense's discovery request and the government's response are attached hereto as Exhibits A and B, respectively.

that are the subject of the superseding indictment were "closely held" and whether their release could be "potentially damaging to the United States." *See, e.g.*, *United States v. Morison*, 844 F.2d 1057, 1071-72 (4th Cir. 1988). The requested materials are, thus, relevant and potentially exculpatory, and Rule 16 and *Brady* obligate the government to produce responsive documents and information. This Court should compel the government to do so.

## I. Background

Mr. Hale is charged in a five-count Superseding Indictment with offenses relating to unlawfully obtaining and transmitting national defense information (NDI) and classified information. Counts One through Three charge violations of 18 U.S.C. § 793(c) and (e) relating to the obtaining and communication of documents containing NDI. Count Four charges a violation of 18 U.S.C. § 798(a), which prohibits the disclosure of "classified information . . . concerning the communications intelligence activities of the United States or any foreign government." Of necessity, the courts have narrowed the otherwise breathtakingly broad term "national defense information" to require that the information be "closely held," relating to the "defense of the United States against any of its enemies," the disclosure of which "would be potentially damaging to the United States." *See Morison*, 844 F.2d at 1071-72.

Accordingly, at the trial of this matter, the government will have to prove for Counts One through Three, *inter alia*, that the documents at issue contained information relating to the defense of the United States that (a) is "closely held" and (b), if released, "would be potentially damaging to the United States." At trial, the government will have to prove for Count Four, *inter alia*, that the information is (a)

2

"classified" and (b) "concerns communications intelligence activities of the United States."

## II. Argument

The documents sought by the defense directly bear on these elements of Counts One through Four as they pertain to the facts of this case:

*Classification guides* – Classification guides are written provisions that identify the elements of information relating to a specific subject that must be classified; a guide also establishes the level and duration of classification for each of those elements. *See* Exec. Order 13526 § 6.1 (definition of "Classification guide").[2] *See also id.* § 2.2 (prescribing rules for creation of classification guides). As described in more detail in the classified declaration of defense expert Harry P. Cooper, who previously served as the CIA's highest ranking classification officer, the pertinent classification guides are the starting point for any analysis of whether information constitutes NDI.[3]

Crucially, the classification of information is not dispositive of whether the information is NDI for the purposes of § 793. *See, e.g., United States v. Rosen*, 599 F. Supp. 2d 690, 694 (E.D. Va. 2009) ("NDI, it is worth noting, is not synonymous with 'classified'; information that is classified by the executive branch of government may or may not qualify as NDI."). *See also United States v. Abu-Jihad*, 600 F. Supp. 2d

---

[2] Executive Order 13526 is available online at <https://www.govinfo.gov/content/pkg/CFR-2010-title3-vol1/pdf/CFR-2010-title3-vol1-eo13526.pdf>, last visited Oct. 22, 2019.

[3] Mr. Cooper's declaration has been submitted through the Court Information Security Officer as an exhibit to this Motion.

3

362, 387-88 (D. Conn. 2009) (same, quoting *Rosen*). But, as Mr. Cooper explains in his declaration, the basis for classification as set forth in the relevant classification guide is informative as to the potential harm that could result from disclosure. Classification guides also are an important analytical reference because, though the "classified" designation may be static, the nature of the information so-designated may have changed. For a variety of reasons, that information may no longer be closely held or no longer pose a threat to U.S. interests. For these reasons, Mr. Cooper cannot properly form an expert opinion on these important factual issues without the relevant guides as a tool for understanding the original classification designation.

The classification guides also are key for the factual analysis of Count Four, which requires that the subject information be "classified" and concern the "communications intelligence activities of the United States." The government has argued for, essentially, a strict liability standard for Count Four, which, in its view, moots any need to consider the basis or soundness of the classification decision, *see, e.g.*, Govt Motion *in Limine* Concerning Challenges to Official Classification Determination, Dkt. No. 57, at 1-2 (asserting that if government has deemed information classified, communicating or transmitting it violates § 798(a) without further inquiry). But that argument is constitutionally unsound for the reasons explained in the Defense Motion to Dismiss the Indictment, Dkt. No. 53, at 22-23. Because permitting a criminal defendant to challenge an Executive Branch classification decision that is an element of his criminal charge is necessary to satisfy the demands of Fifth Amendment Due Process, the classification guides are central

4

to the "classified" element of Count Four as well. Further, the classification guides will illuminate whether the basis for the classification determination was based on communications intelligence.

*State department materials;* Zero Dark Thirty *materials; and Other disclosures* – The other three categories of materials the defense seeks in discovery pertain most directly to Counts One through Three. As with the classification guides, the latter three categories of materials are factually relevant to the question whether the NDI at issue in Counts One through Three is (1) "closely held," and (2) "potentially damaging to the United States." The government must prove both at trial in order to prove that the documents at issue in Counts One through Three contain NDI. These are fact-based inquiries. Whether there have been other instances of the same or substantially similar information being shared bears on (1) whether that information was closely held at the time of the disclosure alleged in this case and (2) whether, at that time, the information was potentially damaging to the United States. *See, e.g.*, *Rosen*, 599 F. Supp. 2d at 695 ("[I]t is open to a defendant to show that the government in fact failed in the attempt to hold the information closely because, for example, the information was leaked or was otherwise in the public domain."). *Cf., e.g.*, *Abu-Jihad*, 600 F. Supp. 2d at 384-89 (containing extensive factual analysis of question whether subject information was closely held).

The State Department materials, *Zero Dark Thirty* materials, and other disclosure materials factually relate to the government's burden at trial—and under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972)—for the reasons elaborated

on in defense expert Cooper's classified declaration. The government misunderstands the nature of the defense requests in its discovery response in which it denies the requests because an "everybody-does-it" defense is untenable. *See* Govt Discovery Response (attached, Exhibit B). The defense seeks the requested discovery because it would bear directly or indirectly on the "closely held" and "potentially damaging" elements of Counts One through Three on the specific facts of this case. Moreover, even if the information contained in the requested discovery relates to subject matters that are not identical to the alleged NDI in this case, such material would still bear on the closely held and potentially damaging nature of the NDI on which Counts One through Three rely, as long as the subject matters are related. In other words, if, for example, a particular intelligence source or method has been disclosed or acknowledged previously, that is relevant to the potential damage that could be caused by a further release about that source or method, even if the later release involves documents that were not previously disclosed.

### III. Conclusion

Accordingly, the defense respectfully moves this Court to compel the government to produce the four categories of materials described above and in the defense's attached discovery request.

Respectfully Submitted,

DANIEL EVERETTE HALE
By Counsel,

Geremy C. Kamens
Federal Public Defender

/s/ Cadence Mertz

6

Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0840
Facsimile: (703) 600-0880
Cadence_Mertz@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2019, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

/s/ Cadence Mertz
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0840
Facsimile: (703) 600-0880
Cadence_Mertz@fd.org
