# EXHIBIT A

**FEDERAL PUBLIC DEFENDER**
EASTERN DISTRICT OF VIRGINIA
1650 KING STREET, SUITE 500
ALEXANDRIA, VIRGINIA 22314
TEL: (703) 600-0800
FAX: (703) 600-0880

*Geremy C. Kamens*
*Federal Public Defender*

*Todd M. Richman, Esq.*
*Assistant Federal Public Defender*
*Direct Dial: (703) 600-0845*

October 8, 2019

*Via Email to:*

Gordon Kromberg
Alexander P. Berrang
Assistant United States Attorneys
U.S. Attorney's Office, E.D. Va.
Gordon.Kromberg@usdoj.gov
Alexander.P.Berrang@usdoj.gov

Heather M. Schmidt
Senior Trial Attorney
National Security Division
U.S. Department of Justice
Heather.Schmidt@usdoj.gov

**Re: *United States v. Daniel Hale*, E.D.Va. No. 1:19-cr-59 (LO)**

Dear Mr. Kromberg, Mr. Berrang and Ms. Schmidt:

I am writing to request the production of the following discovery in this matter pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland*, the Due Process Clause, the Discovery Order entered in this matter on May 17, 2019 (dkt. # 20), and any and all other authority governing discovery in this case:

1) To the extent any of the documents identified by letter in the Superseding Indictment (dkt. # 12) were derivatively classified pursuant to § 2 of Executive Order 13526 (or pursuant to a similar provision of any predecessor Order), please produce the Classification Guide(s) in effect at all times relevant to the Superseding Indictment at the NGA and/or at any other classifying agency;

2) All documents, reports of investigation, memoranda, or other information, whether written or otherwise, discussing activities by employees of the Department of State, including but not limited to the Secretary of State between 2009 and 2013, to the extent those documents, reports, memoranda or other information involve any U.S. government officer's or employee's failure or alleged failure to closely hold information relating to matters, including topics, sources, and methods, discussed in any of the documents identified by letter in the Superseding Indictment;

3) All documents, reports of investigation, memoranda, or other information, whether written or otherwise, discussing the disclosure of classified or confidential

information by the United States Intelligence Community, and/or by any agency, employee or officer of the United States government, to the producer(s), writer(s), and/or director of the film *Zero Dark Thirty* (2012), and/or to any other person associated with its production. Specifically, this request includes but is not limited to the reports on this topic (including classified versions of those reports) by the CIA and DOD Inspectors General (including, but not limited to, any investigatory materials or memoranda underlying or related to those reports) to the extent they relate to topics, sources, or methods discussed in any of the documents identified by letter in the Superseding Indictment; and

4) All documents, reports of investigation, memoranda, or other information, whether written or otherwise, investigating, confirming, acknowledging or documenting the disclosure of classified or confidential information by the United States Intelligence Community, and/or by any agency, employee or officer of the United States government, to any person not authorized by Executive Order 13526 (or a predecessor Order) to have the information, to the extent such disclosures relate to topics, sources, or methods discussed in any of the documents identified by letter in the Superseding Indictment. This request includes, but is not limited to, cooperation or consultation by the United States government in the production of movies such as *Eye in The Sky* (2015), or television shows such as *Homeland*, *Tom Clancy's Jack Ryan,* and/or *24.*

To the extent that any of the above requests implicate classified information or documents, please produce that information or those documents through the Classified Information Security Officer. In the event the government disputes the relevance of any of the above materials, or otherwise disputes its obligation to produce any of these materials, please notify us of that immediately.

Sincerely,

Todd M. Richman
Cadence A. Mertz
Assistant Federal Public Defenders

# EXHIBIT B



U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

G. Zachary Terwilliger, U.S. Attorney

2100 Jamieson Avenue
Alexandria, VA 22314

(703) 299-3700
(703) 299-3981 (fax)

October 9, 2019

**(Transmitted by Email to Todd_Richman@fd.org and Cadence_Mertz@fd.org)**

Todd Richman
Cadence Mertz
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

Re: *U.S. v. Hale*, No. 1:18cr59, Response to Discovery Requests of 10/8/19

Dear Todd and Cadence:

Thank you for your letter of October 8, 2019, in which you asked for four categories of discovery. Our response to those requests is contained below.

1. You asked for the Classification Guide(s) in effect at all times relevant to the indictment, to the extent that any of the documents charged in the indictment were derivatively classified. We decline to make such production, because the propriety of the classification of such documents is irrelevant to the elements of the offenses or any defense to the charges. *See, e.g.*, *United States v. Hammoud*, 381 F.3d 316, 374 n.9 (4th Cir. 2004) *en banc* (Gregory, J., dissenting on other grounds - - but agreeing with the *en banc* majority on this point) ("In short, while the fact of the Secretary's designation is an element of the offense, the designation's validity is not").

2. You asked for all documents discussing activities by employees of the Department of State between 2009 and 2013, involving any government employee's failure or alleged failure to closely hold information relating to matters discussed in any of the documents charged in the indictment. We decline to make such production. Although you are entitled to information reasonably in our possession indicating that any of the National Defense Information ("NDI") that previously has been identified to you was *not* closely held, we are aware of no such information. Moreover, except for that NDI, the extent to which other information discussed in any of the documents printed by your client (and published by the online news outlet) was (or was not) closely held is irrelevant to the elements of the offenses or any defense to the charges. *United States v. Fowler*, 932 F.2d 306, 316 (4th Cir. 1991) (in a prosecution for leaking

*United States v. Daniel Everette Hale*
October 9, 2019
Page 2

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

classified documents, affirming the exclusion of evidence that would support the "everybody-does-it" defense). Finally, we are aware of no reason why our search should focus on the Department of State; to the extent that you have information indicating that relevant information is contained within the records of the Department of State - - as opposed to, say, the Department of Energy or the Environmental Protection Agency - - please so notify us.

3. You asked for all documents (particularly including reports of the CIA and DoD Inspectors General) discussing the disclosure by any agency of the U.S. government to any person connected with the film *Zero Dark Thirty*, of information relating to topics, sources, or methods discussed in any of the documents charged in the indictment. We decline to make such production. As noted above, we are aware of no information indicating that any of the NDI that previously has been identified to you was *not* closely held. Moreover, except for that NDI, the extent to which other information discussed in any of the documents printed by your client (and published by the online news outlet) was (or was not) closely held is irrelevant to the elements of the offenses or any defense to the charges. *Fowler*, 932 F.2d. at 316.

4. You asked for all documents regarding the disclosure by any agency of the U.S. government to any unauthorized person (particularly relating to the production of movies or television shows) of information relating to topics, sources, or methods discussed in any of the documents identified by letter in the indictment. We decline to make such production. As noted above, we are aware of no information indicating that any of the NDI that previously has been identified to you was *not* closely held. Moreover, except for that NDI, the extent to which other information discussed in any of the documents printed by your client (and published by the online news outlet) was (or was not) closely held is irrelevant to the elements of the offenses or any defense to the charges. *Fowler*, 932 F.2d. at 316.

Thank you for your cooperation.

Sincerely,

G. Zachary Terwilliger
United States Attorney

By: ______________________________
Gordon D. Kromberg
Alexander P. Berrang
Assistant United States Attorneys

Heather Schmidt
Senior Trial Attorney
Counterintelligence-Export Control Section
National Security Division
U.S. Department of Justice

# CLASSIFIED EXHIBIT

# (Filed with Court Information Security Officer)