IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 1:19cr59 |
| v. | ) ) | The Honorable Liam O'Grady |
| DANIEL EVERETTE HALE, | ) ) | Motions Hearing: November 15, 2019 |
| *Defendant*. | ) ) ) |  |

OPPOSITION TO MOTION FOR PRODUCTION OF GRAND JURY MATERIALS

Defendant Daniel Everette Hale moves the Court to authorize the disclosure of grand jury materials with respect to Count One of the Superseding Indictment. Because Hale cannot carry the heavy burden required to justify disclosing grand jury materials, his motion should be denied.

BACKGROUND

On May 9, 2019, Hale was charged in a superseding indictment with: (1) obtaining national defense information, in violation of 18 U.S.C. § 793(c); (2) retaining and transmitting national defense information, in violation of 18 U.S.C. § 793(e); causing the communication of national defense information, in violation of 18 U.S.C. § 793(e); disclosing classified communications intelligence information, in violation of 18 U.S.C. § 798(a)(3); and (5) theft of government property, in violation of 18 U.S.C. § 641. The Superseding Indictment is 17 pages long, and describes in detail Hale's unlawful theft and disclosure of classified documents entrusted to him.

On September 16, 2019, Hale filed several motions, two of which are relevant here. One was for a bill of particulars requesting the following information relating to the § 793(c) charge:

"*who* is contemplated by the reference to 'any person contrary to the provisions of Title 18, United States Code, Chapter 37'; and . . . what provision of 'Title 18, United States Code, Chapter 37' is relied upon." (Def.'s Mot. for Bill of Particulars at 2, Dkt. 50.) The other was a motion to dismiss the indictment on First Amendment grounds, which included the incorrect assertion that the § 793(c) charge would "require the Court to instruct a jury that a journalist commits a crime by possessing or publishing truthful information." (Def.'s Mot. to Dismiss at 16–17, Dkt. 53.)

We responded to both motions on September 30, 2019. Our opposition to Hale's request for a bill of particulars explained that Hale is the "any person" referenced in the § 793(c) charge, and that 18 U.S.C. § 793(e) is the relevant provision of Chapter 37 upon which the charge relies. (Gov't Opp'n to Mot. for Bill of Particulars at 7, Dkt. 68.) In addition, we explained that Hale could be found guilty of § 793(c) if we established beyond a reasonable doubt that, at the time he obtained the documents at issue, he knew or had reason to believe he would obtain or dispose of them by willfully communicating, delivering, transmitting, or causing them to be communicated, delivered, or transmitted to someone not entitled to receive them, such as a reporter or the general public. (Gov't Opp'n to Mot. to Dismiss at 2–3, Dkt. 73.)

Hale now alleges impropriety before the grand jury. According to Hale, the language of the Superseding Indictment "strongly suggests" the offense the government intends to present at trial on Count One is different than the offense on which the grand jury indicted, and/or the government incorrectly instructed the grand jury. (Def.'s Mot. for Production at 7, Dkt. 84.) He thus seeks, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), "all relevant grand jury materials with respect to Count One of the Superseding Indictment," *i.e.*, the § 793(c) charge. (*Id.* at 9.)

Hale's Motion fails. Its basis is an inference drawn from mere supposition; a grounds that is entirely insufficient for the relief he seeks. Moreover, it rests upon a fundamental misconception of the evidence that undergirds the § 793(c) charge and the proper interpretation of that statute. The Court should, therefore, deny his Motion.

ARGUMENT

I. Hale Cannot Establish a Particularized Need for the Requested Grand Jury Material Because All He Can Muster Is Insufficient Speculation and Conjecture

Hale relies on Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), which provides that a court may order disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." He asks the Court to order the disclosure of "any explanation or argument regarding the substance of Count One by the government to the grand jury, and/or any grand juror questions (and the corresponding answers) relating to the substance of Count One." (Def.'s Mot. for Production at 9.)

Secrecy is paramount to the operation of grand juries proceedings. *Smith v. United States*, 423 U.S. 1303, 1304 (1975). As a result, courts may order the disclosure of grand jury material only upon a showing of a "particularized need" or "compelling necessity." *Id.*[1] The party seeking disclosure of the grand jury material has the burden of "show[ing] that 'a particularized need' exists for the [grand jury material] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). "[T]he desire to investigate whether any grand jury impropriety has occurred is insufficient to rebut the strong presumption of regularity in grand jury proceedings." *United States v. Loc Tien Nguyen*, 314 F.

---

[1] Internal quotations and citations have been omitted throughout this pleading.

3

Supp. 2d 612, 616–17 (E.D. Va. 2004) (describing the showing required of parties seeking the disclosure of grand jury materials as a "heavy burden") (Ellis, J.).

Markedly, Hale acknowledges the foregoing principles. In making his Motion, he properly concedes that grand jury proceedings are subject to a presumption of regularity, such that a request for disclosure of grand jury materials cannot be based on speculation. (Def.'s Mot. for Production at 6.) Yet, the argument that follows this concession is based on nothing more than conjecture, and the basis for his Motion is an inference drawn from mere supposition.

According to Hale, the language of the indictment "strongly suggests" that the Count One offense the government intends to present at trial is different from the offense on which the grand jury indicted, and/or that it was premised on an incorrect definition in instructions to the grand jury. (*Id.* at 7.) Hale's inference is insufficient to gain him the relief he seeks.

As this Court has written, the "'particularized need' burden cannot be satisfied with 'conclusory or speculative allegations of misconduct.'" *Thompson v. United States*, No. 3:10-CR-128, 2014 WL 12711883 at *2 (E.D. Va. Sept. 30, 2014) (O'Grady, J.) (quoting *Loc Tien Nguyen*, 314 F. Supp. 2d at 616). *Accord United States v. Ahmad*, No. 1:14-CR-164, 2014 WL 2766121, at *3 (E.D. Va. June 18, 2014) (Cacheris, J.); *United States v. Shane*, 584 F. Supp. 364, 367 (E.D. Pa. 1984) ("[C]ourts generally reject unsupported beliefs and conjectures as grounds for disclosure of grand jury materials to defendants").

Indeed, Hale's pleadings make clear that what he seeks is simply an opportunity to see if any evidence exists to support a potential motion to dismiss the Superseding Indictment. As his counsel puts it, "*[i]f* the government's presentation and instruction to the grand jury establish" the truth of one of his conjectures, "*that* would be a ground for dismissal of Count One." (Def.'s Mot. for Production at 7 (emphasis added)). Yet, as Judge Ellis has written, Rule 6(e)(3)(E)(ii) is

4

not "an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." *Loc Tien Nguyen*, 314 F. Supp. 2d at 616. Accordingly, "where, as here, a defendant proffers no evidence or basis to believe that any grand jury irregularity or impropriety exists, disclosure of grand jury matters is wholly unwarranted." *Id.* at 617.[2]

Indeed, "the mere possibility" of the existence of grand jury testimony that differed from trial testimony "would be insufficient reason to pierce the veil of secrecy" over grand jury proceedings. *United States v. Chase*, 372 F.2d 453, 466 (4th Cir. 1967). Likewise, "[a] general claim . . . that disclosure of grand jury transcripts would reveal exculpatory evidence is not sufficient to satisfy the requirement of a showing of particularized need." *United States v. Short*, 671 F.2d 178, 187 (6th Cir. 1982). *See also United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978) (unsupported speculation of prosecutorial misconduct before the grand jury is insufficient to constitute a "particularized need" for disclosure under Rule 6(e)).

Further, and most applicable here, general speculation that grand jury proceedings would reveal information leading to a motion to dismiss is insufficient to satisfy the requirement of showing a particularized need. *United States v. Wilkerson*, 656 F. Supp. 2d 22, 35 (D.D.C. 2009). "Speculation and surmise as to what occurred before the grand jury is not a substitute for

---

[2] Judge Ellis further suggested that a motion for disclosure should be rejected in the absence of affidavits or other proffered evidence of particularity sufficient to support a finding that inherently suspect procedures were used before the grand jury:

> Indeed, some courts have held that a defendant must support allegations of grand jury misconduct or abuse with affidavits or other proffered evidence and that such affidavits or other evidence should be of a particularity sufficient to support a finding that inherently suspect procedures were used before the grand jury.

*Loc Tien Nguyen*, 314 F. Supp. 2d at 616. Nothing of the sort exists here.

5

fact." *United States v. Wilson*, 565 F. Supp. 1416, 1436 (S.D.N.Y. 1983) (denying motion to inspect grand jury minutes for lack of factual support to overcome presumption of regularity).

Not only is Hale's argument, at its core, a fishing expedition, but it is one that has been resoundingly rejected by several courts. For example, in *United States v. Morgan*, 845 F. Supp. 934 (D. Conn. 1994), the defendant made the same argument that Hale makes here (albeit with respect to a different statute). There, the defendant moved for disclosure of the prosecutors' instructions to the grand jury in order to establish that the grand jurors were erroneously instructed on the elements of the offense charged in count one of the indictment against him. Morgan argued that there must have been instructional error before the grand jury, because "a properly instructed grand jury never could have returned an indictment on count one." *Id*. at 941. His motion was denied on the grounds that, despite his contention that there *must* have been instructional error before the grand jury, he could not overcome the presumption of regularity in grand jury proceedings. *Id.*; *see also United States v. Stein*, 429 F. Supp. 2d 633, 640 (S.D.N.Y. 2006) ("concern[] that the government failed to [properly] instruct the grand jury on" the applicable law, even if based on public statements made by government attorneys, was insufficient to overcome the "presumption of regularity" afforded to grand jury proceedings).[3]

More recently, in our district, Judge Lauck considered a motion strikingly similar to that made now by Hale. In *United States v. Nabaya*, No. 3:17-cr-3, 2017 WL 1424802 (E.D. Va. Apr. 19, 2017), defendant Nabaya moved for disclosure of the instructions that the prosecutors provided to the grand jury, out of a suspicion that they had improperly instructed the grand jurors about the elements of two offenses for which he had been indicted. Finding that Nabaya

---

[3] "A complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.'" *United States v. Williams*, 504 U.S. 36, 54 (1992).

did not make a strong showing of "particularized need" for his request, Judge Lauck denied it. *Id.* at *14. According to Judge Lauck, "[r]ecognizing that the presumption of secrecy and regularity given to grand jury proceedings applies to requests similar to Nabaya's, courts have repeatedly rejected requests for the instructions provided to a grand jury." *Id.*

Among the cases cited by Judge Lauck in *Nabaya* were *United States v. Morad*, No. 13-101, 2014 WL 68704, at *2 (E.D. La. Jan. 8, 2014), in which the court held that the defendant's "bald assertion that the United States failed to properly instruct the grand jury . . . is insufficient to overcome the presumption of regularity that attaches to grand jury proceedings;" and *United States v. Singhal*, 876 F. Supp. 2d 82, 99 (D.D.C. 2012), in which the court held that "the mere suspicion that the grand jury may not have been properly instructed" was insufficient to establish that the defendant is entitled to disclosure of grand jury materials. *Accord United States v. Chalker*, No. 12-0367, 2013 WL 4547754, at *6 (E.D. Pa. Aug. 27, 2013);[4] *United States v. Trie*, 23 F. Supp. 2d 55, 62 (D.D.C. 1998).

*Nabaya, Morad*, *Chalker*, *Singhal*, *Morgan*, *Stein*, and *Trie* are directly on point. Hale's "bald assertion that the United States failed to properly instruct the grand jury" with respect to Count One "is insufficient to overcome the presumption of regularity that attaches to grand jury proceedings." *Morad*, 2014 WL 68704, at *2. The mere suspicion that the grand jury may not have been properly instructed is insufficient to establish that the defendant is entitled to disclosure of grand jury materials. *Singhal*, 876 F. Supp. 2d at 99; *Trie*, 23 F. Supp. 2d at 62.

Further, Hale's "concern" that the government failed to properly instruct the grand jury on the applicable law is insufficient to overcome the "presumption of regularity" afforded to

---

[4] *Chalker* also collected cases establishing that instructions to the grand jury are entitled to the same protection as other matters occurring before the grand jury. 2013 WL 4547754, at *6 n.7.

7

grand jury proceedings." *Stein*, 429 F. Supp. 2d at 640; *Morgan*, 845 F. Supp. at 941. Since Count One "is not based on an improper theory . . . , and is facially valid," Hale has "failed to demonstrate a particularized need for the requested disclosures." *Chalker*, 2013 WL 4547754, at *6.

Because Hale has not presented evidence to establish that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment," *Loc Tien Nguyen*, 314 F. Supp. 2d at 616, his request for disclosure of the instructions provided to the grand jury should be denied.

II. Hale's Motion Also Suffers from a Fundamental Misreading of § 793(c) and the Government's Evidence

Section 793(c) is a provision that criminalizes the receipt or acquisition of documents connected with the national defense where there has been, or will be, a further disposition of the documents in violation of another provision of the Espionage Act. Specifically, § 793(c) makes it a crime for anyone, with the purpose of obtaining information respecting the national defense, to receive or obtain documents connected with the national defense, and knowing or having reason to believe at the time the documents were received or obtained, that they had been (or would be) obtained, taken, made, or disposed of contrary to Chapter 37 of Title 18 of the U.S. Code.

Count One of the Superseding Indictment tracks the statutory text of § 793(c). It alleges that from on or about February 28, 2014, and continuing to on or about May 14, 2014, in the Eastern District of Virginia and elsewhere, Hale unlawfully obtained 11 documents connected with the national defense and marked as TOP SECRET or SECRET. Count One also alleges that Hale obtained these documents for the purpose of obtaining information respecting the national defense, and knew or had reason to believe that at the time he obtained them that they had been

8

(or would be) obtained, taken, made, or disposed of by any person contrary to Chapter 37. (*See* Superseding Indictment ¶ 43.) In response to Hale's bill of particulars, the government has clarified that Count One alleges that, at the time Hale obtained the 11 documents, he knew or had reason to believe he had obtained or would dispose of them, in violation of 18 U.S.C. § 793(e).

Hale takes issue with this theory of prosecution on two grounds. First, he asserts that Hale could not have obtained the documents in violation of 18 U.S.C. §§ 793(c) and 793(e) because § 793(e) presupposes possession. That is, a document cannot be communicated, delivered, or transmitted without it first being in possession of the communicator, deliverer, or transmitter. Second, he claims that only copies of documents were communicated, delivered, or transmitted, and the dissemination of copies of documents does not dispose of them for purposes of § 793(c). This is because, according to Hale, to dispose of something means to get rid of it or permanently transfer it. (Def.'s Mot. for Production at 4–5, 8.)

Hale's first argument is mooted by the fact that the government does not intend to rely at trial on a theory that Hale obtained the documents by transmitting them to a reporter or the public. Rather, the government intends to establish at trial that, at the time Hale printed the documents at issue, he knew or had reason to believe he would provide them to a reporter or the public.[5]

---

[5] Section 793(c) punishes a harm that is distinct from § 793(e): the theft of national defense information with the intent to provide it to unauthorized persons. That is, if a person were to print documents relating to the national defense and later were to provide the documents to persons not entitled to receive them, then the government could establish a violation of § 793(e). Yet, if the government also could establish that, at the time the person printed the documents, he intended to provide them to unauthorized persons, then the government could prove a violation of § 793(c) as well. Accordingly, it is appropriate for the government to charge both §§ 793(c) and (e) even though the § 793(c) count is premised on a violation of § 793(e).

With respect to Hale's second contention, it is factually and legally flawed. As a factual matter, the allegations set forth in the Superseding Indictment satisfy Hale's definition of the term "to dispose of." Hale is alleged to have printed hard copies of the documents. (Superseding Indictment at ¶ 32.) Law enforcement, however, never recovered the printed copies of the documents. Rather, the FBI merely found at Hale's home in August 2014 an electronic copy of Document T, and, in a deleted electronic file, one page of Document A. (*Id.* ¶ 39.) Although Hale communicated by text message with the reporter and had the electronic means to send documents to the reporter, this does not mean that Hale necessarily transferred the documents in this manner. Indeed, the messages between Hale and the reporter strongly suggest the transfer happened in person. Hale, for instance, sought to meet with the reporter in person shortly after he printed 6 of the 11 documents at issue in Count One. (*Id.* ¶ 26.) Thus, even if Hale is correct that the phrase "to dispose of" means a permanent transfer of the documents (an argument the government disputes below), our evidence provides a strong inference that Hale permanently rid himself of the 11 printed documents by transferring them to the reporter and the public.

Even though we could prove Hale guilty of violating § 793(c) under a permanent-riddance interpretation of "to dispose of," we disagree with Hale's spin on the phrase as a legal matter. This is because accepted definitions of "to dispose of" and case law interpreting the phrase in another statute show the phrase does not have the permanent transfer connotation that Hale claims it does. We thus intend to argue to the jury that Hale also is guilty of Count One if they find he transferred copies of the documents electronically.

Hale asserts the common dictionary definition of "to dispose of" is not "synonymous with communicating, delivering, or transmitting copies of documents." (Def.'s Mot. for

10

Production at 5 n.2.) Yet, a closer inspection of dictionary definitions yields a different conclusion. Permanent transfer is but one definition of the phrase. Several widely-recognized dictionaries define the phrase to mean the provision of an item to another without reference to the permanence of that distribution. For example, the Oxford English Dictionary's first definition of the phrase is as follows: "[t]o make a disposition, ordering, or arrangement of; to do what one will with; to order, control, regulate, manage." *See* https://www.oed.com/view/Entry/55113?redirectedFrom=%22dispose+of%22#eid6439118 (last visited Oct. 28, 2019). Similarly, the American Heritage Dictionary explains that "dispose of" has multiple meanings, including "[t]o give or transfer to someone else, especially permanently." *See* https://ahdictionary.com/word/search.html?q=dispose+of (last visited Oct. 28, 2019). Even Hale acknowledges the broad meaning of "to dispose" inasmuch as he cites Merriam-Webster and observes that one of its definitions for the phrase is "to place, distribute, or arrange especially in an orderly way." *See* https://www.merriam-webster.com/dictionary/dispose%20of (last visited Oct. 28, 2019).

The breadth of conduct captured by "to dispose of" also is evident from case law. Courts have considered the phrase in the context of 18 U.S.C. § 922(d)(1), which makes it a federal crime to provide a firearm to a felon. *Id.* ("It shall be unlawful for any person to sell or otherwise dispose of any firearm . . . to any person knowing or having reasonable cause to believe that such person . . . has been convicted in any court[] of a crime punishable by imprisonment for a term exceeding one year."). As the Fourth Circuit has explained, "[c]ourts interpreting 18 U.S.C. § 922(d)(1) have held that 'a disposal occurs when a person comes into possession, control, or power of disposal of a firearm.'" *United States v. Pierre*, 71 F. App'x 187, 191 (4th Cir. 2003) (quoting *United States v. Monteleone*, 77 F.3d 1086, 1092 (8th Cir. 1996), and *Huddleston v. United States*, 415 U.S. 814, 823 (1974)). *But see United States v.*

*Charlestain*, No. 12-80054-CR, 2012 WL 1952292, at *4 (S.D. Fla. May 3, 2002) (observing that "courts considering the meaning of 'dispose of' have all understood the phrase to mean what the dictionary sources agree it means: 'to get rid of' and 'to transfer or part with as by giving or selling.'"), *adopting report and recommendation* No. 12-80054-CR, 2012 WL 1951966 (May 30, 2012).

      Importantly for the purposes of Hale's prosecution, the disposition prohibited by § 922(d)(1) does not require the felon who receives the firearm to have gained permanent or exclusive control over the firearm. Rather, possession of a firearm can be actual or constructive and it need not be exclusive but may be joint. *United States v. Gallimore*, 247 F.3d 134, 136–37 (4th Cir. 2001). A disposition, accordingly, may occur even where the owner of a firearm does not give the felon "title or ownership of the firearm" but does give the felon "full, unrestricted control over the [location] where the firearm [is]." *United States v. Stegmeier*, 701 F.3d 574, 579–80 (8th Cir. 2012) (upholding § 922(d)(1) conviction based on evidence that defendant gave a felon "access to [an] entire RV and disclosed the specific location of the firearm" and evidence that "[w]hen police located [the firearm] outside of the closet—near [the felon's] wallet—[the defendant] said that [the felon] 'must have moved it.'").

      The principle that a firearm can be disposed of without being permanently transferred applies with equal force to copies of documents. If a firearm, which cannot be duplicated, can be possessed by multiple people, then certainly the same is true of copies of documents. Hale could have retained his own copy of the documents (like the defendant in *Stegmeier* retaining his control over the RV and ownership of the firearm) and, at the same time, disposed of the documents by transmitting copies of them to reporter and the public. Such a fact pattern is

consistent with the phrase "to dispose of" as defined by dictionaries and interpreted by the courts.

Given the broad application of "to dispose of," it makes sense that Congress chose this phrase for § 793(c). Recall that a § 793(c) offense is conditioned upon a violation of another Chapter 37 violation. Congress thus had to draft § 793(c) in a way that effectively accounted for the variety of offenses set forth in Chapter 37. This was no easy task given the myriad of violations set forth in Chapter 37. Compare for instance some of the operative verbs of §§ 793(d), 793(e), 794, and 798(a), which proscribe the communication or transmittal of certain classified or national defense information, to the operative verbs of § 793(f), which prohibits the failure to report loss, theft, abstraction, or destruction of national defense information, to the operative verbs of § 797, which regulates the reproduction, publishing, sale, or giving away of depictions of certain military or naval installations. Section 793(c)'s "obtained, taken, made, or disposed of" language thus was an effective and efficient way to incorporate Chapter 37.

(CONTINUED ON NEXT PAGE)

## CONCLUSION

For the reasons stated, the Court should deny Hale's Motion.

                                        Respectfully submitted,

                                        G. Zachary Terwilliger
                                        United States Attorney

By:              /s/
            Gordon D. Kromberg
            Alexander P.  Berrang
            Assistant United States Attorneys
            United States Attorney's Office
            2100 Jamieson Avenue
            Alexandria, Virginia 22314
            Phone: (703) 299-3700
            Fax: (703) 299-3981
            Email: Gordon.Kromberg@usdoj.gov
            Email: Alexander.P.Berrang@usdoj.gov


By:              /s/
            Heather M. Schmidt
            Senior Trial Attorney
            National Security Division
            United States Department of Justice
            950 Pennsylvania Ave., NW
            Washington, D.C. 20530
            Tel.: (202) 233-2132
            Fax: (202) 233-2146
            Heather.Schmidt@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, I electronically filed the foregoing OPPOSITION TO MOTION FOR PRODUCTION OF GRAND JURY MATERIALS with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/
Alexander P. Berrang
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Alexander.P.Berrang@usdoj.gov