IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:19-cr-59 |
| v. | ) | |
| | ) | Hon. Liam O'Grady |
| DANIEL EVERETTE HALE, | ) | |
| | ) | Motion Hr'g: Nov. 15, 2019 |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION TO COMPEL
GRAND JURY MATERIALS WITH RESPECT TO
<u>COUNT ONE OF THE SUPERSEDING INDICTMENT</u>**

The defense seeks a limited set of grand jury materials pertaining to a single count of the superseding indictment based on a showing—not speculation—that the government could not properly have indicted Mr. Hale on its newly minted theory of Count One.  This Court should grant the defense motion for three interrelated reasons:  First, the defense has demonstrated—and will further demonstrate in the contemporaneously filed classified supplement to this Reply—that in the government's original theory of Count One a reporter, not Mr. Hale, was the object of the conduct.  Second, the government's newly constructed version of Count One is a patently illogical interpretation of the applicable statute, 18 U.S.C. § 793(c).  Third, the grand jury secrecy concerns about which the government complains are overblown, because the narrow class of documents the defense seeks does not include witness testimony or identities and because the grand jury's work has concluded.

I.    **Legal Background: The application of 18 U.S.C. § 793(c) as used in Count One**

The applicable statutory language is critical here, as is the language the government used to charge Count One.  It charges a violation of 18 U.S.C. § 793(c), which reads:

> Whoever, for the purpose aforesaid, receives or obtains or agrees or attempts to receive or obtain from any person, or from any source whatever, any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note, of anything connected with the national defense, knowing or having reason to believe, at the time he receives or obtains, or agrees or attempts to receive or obtain it, that it has been or will be obtained, taken, made, or disposed of by any person contrary to the provisions of this chapter . . .

The "purpose aforesaid" is described in § 793(a): "for the purpose of obtaining information respecting the national defense [(NDI)] . . ."

As *charged*, Count One alleges that Mr. Hale "unlawfully obtained documents connected with the national defense . . . knowing and having reason to believe [when he obtained them] that they had been or would be obtained, taken, made, or disposed of by any person contrary to the provisions of [the Espionage Act]."

The government now claims that Mr. Hale is the person referred to in the object portion of the charge, scoffing at the defense's understanding that the object person was the reporter.  *See* Govt Response, Dkt. No. 87 at 2.   That is, the government claims that it charged Mr. Hale with obtaining NDI knowing that he, himself, would "obtain[], take[], [make], or dispose[] of" it contrary to the Espionage Act.  The government appears to concede in its Response that this understanding of Count One requires it to rely on the "disposed of" language of the statute's object

2

action.  *See id.* at 9.  This makes sense; it would be illogical to charge that a defendant unlawfully obtained documents knowing he, himself, would obtain, take or make those documents in violation of the Act.  Finally, the government has also clarified in response to the defense's motions on the subject that the object violation of the Espionage Act was a violation of 18 U.S.C. § 793(e).  *See* Govt. Opp. to Def. Motion to Dismiss Indictment, Dkt. No. 73, at 2-3; Govt Opp. to Def. Motion for Bill of Particulars, Dkt. No. 68, at 7.  In short, the government has now averred its theory of Count One to be that the defendant unlawfully obtained NDI knowing he would *dispose of* NDI by "communicat[ing], deliver[ing or], transmit[ting]" the NDI to a person not entitled to receive it, *see* § 793(e).

This newly adopted theory makes a hash of the statutory text.  To begin, the Superseding Indictment does not allege that Mr. Hale "disposed of" documents when he allegedly communicated them to a reporter.  Second, by claiming that "disposed of" in § 793(c) is a synonym of the verbs "communicate, deliver or transmit" in §§ 793(d) & (e), the government argues that Congress deliberately chose different verbs in neighboring sub-sections of the same criminal statute but intended them to mean the same thing.  Third, the government tries to jam its theory into the ill-suited text by relying on an obsolete definition of "dispose of" that is at odds with plain English.

Such a tortured reading does not result if the reporter is the intended object of Count One, as the defense suspects was originally the case.  A theory that the defendant unlawfully obtained documents knowing that a reporter would obtain,

take, make or dispose of them contrary to the Act fits neatly into the statutory language and the conduct described in the superseding indictment.  It does, however, have the inconvenient side effect of accusing a journalist of a crime—a violation of 18 U.S.C. § 793(e)—for publishing information of public importance.  The government appears to be recasting its theory of Count One to avoid having to explain that unfortunate, and perhaps overlooked, consequence of considering the reporter the object of the alleged conduct.

## II.    Argument

The government's Response to the defense Motion to Compel is notable for its obfuscation.  Though asserting that its theory on Count One has been consistent, the government leans heavily on the shroud of secrecy around grand jury proceedings to hide from view an apparent irregularity in the course of obtaining the superseding indictment.

### A.    The defense has made a sufficient showing to compel production of a limited set of grand jury materials

The Federal Rules provide for the disclosure of grand jury materials to the defense under certain circumstances.  *See* Fed. R. Crim. P. 6(e)(3)(E).  They do so when the defense can show that a "ground *may* exist to dismiss the indictment because of a matter that occurred before the grand jury." *Id.* (emphasis added).  The Rule itself acknowledges that the defense showing will encompass some uncertainty—it uses "may exist" as opposed to, say, "exists" or "does exist."  This is to be expected.  Grand jury proceedings are secret; rarely will the defense know with certainty what occurred during them without further inquiry.  Indeed, if certainty

4

were required, it would obviate the need for the defense to obtain grand jury materials in the first place.

It is true, of course, that the defense must show "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." Def. Motion, Dkt. No. 84, at 6 (quoting *United States v. Ahmad*, 1:14-cr-164(JCC), 2014 WL 2766121, at *3 (E.D. Va. June 18, 2014) (internal quotations and citation omitted)). This the defense has done. In its Motion to Compel, the defense described in detail how the language of § 793(c) and the language of the superseding indictment do not support the theory of the case the government now propounds, though they do make sense if the government's theory of Count One had the reporter as the object. *See* Def. Motion to Compel, Dkt. No. 84, at 4, 7-9.

In its attempt to get around the defense's detailed, fact- and text-based explanation, the government attempts to raise the Rule 6(e)(3)(E) standard. But the case on which it relies actually illuminates the strength of Mr. Hale's showing here. *See United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612 (E.D. Va. 2004). In *Loc Tien Nguyen*, the defense sought "to search for any such abuse or impropriety in an effort to determine whether his rights have been violated." *Id*. at 614. That is, the *Loc Tien Nguyen* defendant was seeking the grand jury materials to try to find a defect. Here, the defense has identified with particularity an apparent defect in the grand jury proceedings and its basis for suspecting that the defect exists. This is the opposite of a fishing expedition.

**B.    The government's new theory of Count One does not comport with the statutory language**

In its Response, the government lays out a densely wrought understanding of the term "dispose of," which is the lynchpin of its theory on Count One, as explained above.  As the defense pointed out, to "dispose of" connotes getting rid of something.  *See* Def. Motion to Compel, Dkt. No. 84, at 5 n.2.  None of the definitions cited by either party encompasses sharing a document or photo via email or text message such that both parties to the communication retain copies.  Because this logical gap is problematic for the government, it has cast about for an explanation of "dispose of" that fits its theory.

The government would like to say that "dispose of" means something other than what common sense tells us it means, that is, to get rid of.  The government points to the OED, which provides a definition of "dispose of" as "to make a disposition, ordering, or arrangement of."  *See* Govt Response, Dkt. No. 87, at 11.  Unfortunately, the government's dalliance with the OED goes poorly.  The definition on which the government hinges its argument is identified by the OED as *obsolete*, last used 225 years before the Espionage Act came into being (although an astrological use of the term did hang on until about a century before the Act's passage).  *See* Oxford English Dict., Key to symbols and other conventions (showing cross before cited definition of "dispose of" to mean the definition is obsolete).[1]  On the other hand, the use of the term "dispose of" on which the defense has relied

---

[1] Available online at <https://public.oed.com/how-to-use-the-oed/key-to-symbols-and-other-conventions/>, last visited Nov. 1, 2019.

remains commonly understood:  It means "to get rid of." *See, e.g.*, Def. Motion, Dkt. No. 84, at 5 n.2, 8.  *See also* Oxford English Dict., "dispose of," def. 8.b.[2]  In the government's telling, § 793(c) prohibits obtaining NDI knowing that it will be "obtained, taken, made, or [made a disposition, ordering, or arrangement of] by any person contrary to the provisions of [the Espionage Act]."  Far more sensical, the term "dispose of" means, as the OED says it does, "to get rid of."  *See* Def. Motion to Compel, Dkt. No. 84, at 5 n.2.

The government's position is no better served by its reliance on the use of "dispose of" in 18 U.S.C. § 922(d)(1).  *See* Govt Response, Dkt. No. 87, at 11-12. Indeed, the case law it cites makes clear that "courts considering the meaning of 'dispose of' have all understood the phrase to mean what the dictionary sources agree it means: 'to get rid of' and 'to transfer or part with . . .'" *Id.* at 11-12 (quoting *United States v. Charlestain*, No. 12-80054-cr, 2012 WL 1952292, at *4 (S.D. Fla. May 3, 2002).  Precisely.  Whether the thing disposed of is disposed of to one owner or multiple owners is beside the point.  *See id.* at 12 (discussing shared ownership). This is not a case of shared ownership, and the § 922(d)(1) comparison simply does not help the government extricate itself from its linguistic tangle.

Here, the government has narrowed its view of Count One to whether Mr. Hale knew he himself would *dispose of* documents containing NDI counter to the Espionage Act by "communicat[ing], deliver[ing, or] transmit[ting]" them to a person

---

[2] Available online at <https://www.oed.com/view/Entry/55113?redirectedFrom+%22dispose+of%22#eid6439118>, last visited Nov. 1, 2019.

not authorized to receive them.  The superseding indictment does not describe by what means documents allegedly were transmitted, but the government's argument seeks to confuse matters by having it both ways on this point.  Specifically, the government claims that they *could and probably will* prove that Mr. Hale gave hard copies of the documents to the reporter while not retaining his own copies, thus "disposing" of them, *see* Govt Response at 10, but also argues that since "dispose of" does not connote getting rid of, that it *might instead prove* that the documents were transmitted to the reporter electronically.   *Id.*   This either-or position, while convenient to the theory the government is currently pursuing, is actually contrary to the actual evidence.  As the government knows, and as explained in the classified supplement to this Reply, the government's investigation strongly suggests that the documents were conveyed to the reporter electronically.  *See* Supplement to Reply in Support of Motion to Compel Grand Jury Materials, filed contemporaneously.  Accordingly, the *only* way its tortured reading of the term "dispose of" in § 793(c) could encompass the conduct it seeks to prove at trial is if "dispose of" includes sending a digital copy.

Of course, such a definition would defy not only the structure of the statute by reading different verbs in the same statute as synonyms, but also common sense and usage.  Nobody would say, for example, that "I just disposed of my vacation pictures by emailing them to my family."  Because the government claims to have indicted on this legally and textually untenable theory, the defense has met its burden of entitlement to the grand jury materials to determine whether the grand jury was

properly instructed on the term "dispose of," and/or informed that Count One charged an object offense premised on the reporter "obtaining" the documents.

### C. Concerns about grand jury secrecy are overstated given that the defense seeks only a very limited set of documents and that the grand jury's work is concluded

The government's complaints about the sanctity of the grand jury proceeding are misplaced. First and foremost, grand jury secrecy is not absolute. *See* Fed. R. Crim. P. 6(e)(3) (listing numerous exceptions to grand jury secrecy requirements, including (e)(3)(E), which is applicable here). *See also, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) ("[G]rand jury secrecy is not unyielding when there is no secrecy left to protect." (internal quotation marks and citation omitted)).

But also, here, the select set of materials the defense seeks and the fact that the grand jury has concluded mitigate the need for continued secrecy. The defense motion is narrowly targeted: It seeks only grand jury instructions, government explanation or argument, and grand juror questions, and only as these items pertain to Count One. The defense is not seeking witness transcripts or identities. Moreover, the need for grand jury secrecy is lessened now that the superseding indictment has been obtained, and, thus, the grand jury's work is done. *See* Def. Motion to Compel, Dkt. No. 84, at 6 (quoting *Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 211, 222 (1979) (balancing defense showing against need for continued secrecy and narrow tailoring of request). *See also id.* at 6 n.3 (quoting *United States v. Moten*, 582 F.2d 654, 663 (2d Cir. 1978) (once grand jury investigation is concluded, need for secrecy is significantly lessened).

Grand jury secrecy is often tied to the need to (1) prevent escape of the grand jury's target, (2) insure the grand jury can deliberate freely, (3) prevent subornation of perjury or tampering with witnesses, (4) encourage free disclosure by those who have information about crimes, and (5) protect the innocent accused from disclosure of the fact that he is under investigation. *See, e.g. In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 154. It goes without saying that the first, second and fifth rationales have no bearing at this juncture. Just so, the concerns in the third and fourth rationale are not implicated in this case, where the defense does not seek witness-related materials. It is clear that the law provides exceptions to grand jury secrecy. And it is equally clear that the government's attempt to use secrecy as a justification to avoid disclosure under the circumstances here is unsupported by the reasons supporting grand jury secrecy in the first place.

## III.   Conclusion

Accordingly, and for the reasons previously stated in the motion, the defense respectfully moves this Court to compel the government to produce all relevant grand jury materials with respect to Count One of the superseding indictment. Specifically, the government should be ordered to disclose the grand jury instructions with respect to Count One, any explanation or argument regarding the substance of Count One by the government to the grand jury, and/or any grand juror questions (and the corresponding answers) relating to the substance of Count One.

Respectfully submitted,

DANIEL EVERETTE HALE

By Counsel,

10

Geremy C. Kamens
Federal Public Defender

By:  /s/ Cadence Mertz
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA  22314
703-600-0840 (tel)
703-600-0880 (fax)
Cadence_Mertz@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I filed the foregoing via the
CM/ECF system, which will electronically serve a copy upon counsel of record.

 /s/ Cadence Mertz
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA  22314
703-600-0840 (tel)
703-600-0880 (fax)
Cadence_Mertz@fd.org