IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

## OPPOSITION TO MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS AND INFORMATION

Daniel Hale moves the Court to compel the production of a raft of irrelevant material. He seeks classification guides, State Department materials, records relating to television and movie productions, and other records that supposedly relate to his theft of national defense information ("NDI"). His motion should be denied, because none of the items he seeks are relevant to the charges against him, much less helpful to his defense - - as required by the test for the discovery of classified evidence.

A defendant "becomes entitled to disclosure of classified information upon a showing that the information "is relevant and helpful to the defense ... or is essential to a fair determination of a cause." *United States v. Moussaoui*, 382 F. 3d 453, 472 (4th Cir. 2004).[1] A defendant is entitled only to discovery that is "necessary" or "at least essential" to his defense, but not to information that is merely cumulative, corroborative, or speculative. *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (*en banc*). Because Hale cannot show the classified information he requests is "relevant and helpful" under *Moussaoui* and *Smith*, his motion should be denied.

---

[1] Internal citations and quotations are omitted throughout this pleading.

I.    Classification Guides

Hale proffers three reasons the government should produce the requested classification guides. None has merit.

Hale claims that the information contained in the classification guides would be "informative as to the potential harm that could result from disclosure." (Def. Mot. to Compel at 4, Dkt. 86). To the extent that the classification guides are relevant, they are merely cumulative to other information that he already has. The potential harm to national security posed by Hale's disclosures is ascertainable by reference to Executive Order No. 13526, 75 Fed. Reg. 707 (Dec. 29, 2009).

On September 16, 2019, the government filed its CIPA Section 10 Notice, informing the defense of the NDI that forms the basis for the charges. (CIPA Notice, Dkt. 47). Based on Executive Order 13526, a SECRET marking on designated NDI means that its unauthorized disclosure reasonably could be expected to cause serious damage to national security, whereas a TOP SECRET marking on designated NDI means its unauthorized disclosure could reasonably be expected to cause exceptionally grave damage to the national security. *Id.* The classification guides, thus, will not be any more informative to the potential harm analysis than the publicly available Executive Order.[2]

---

[2] Classification guides are not authoritative. Only the determinations of Original Classification Authorities, who review information and make classification decisions that are incorporated into classification guides, are authoritative. *See* 32 C.F.R. § 2001.15(d)(1) ("Agencies shall incorporate original classification decisions into classification guides as soon as practicable.").

Hale also argues the classification guides are necessary because "the 'classified' designation may be static, [but] the nature of the information so-designated may have changed." (Def.'s Mot. to Compel at 4.) This argument is flawed too. It does not matter if the information charged in the Superseding Indictment was declassified (or could have been declassified) *after* Hale retained, delivered, communicated, or transferred it. To the contrary, it matters only that the information could have caused harm to the national security (or in the case of § 798(a)(3) was classified) *at the time* Hale retained, delivered, communicated, or transferred it. *United States v. Rosen*, 599 F.Supp.2d 690, 695 (E.D. Va. 2009) ("By contrast, NDI in a § 793 prosecution is that information, which, *as of the time of an alleged unauthorized disclosure*, is found by the jury beyond a reasonable doubt (i) to have been closely held by the government and (ii) to be potentially damaging to the United States or useful to an enemy of the United States if disclosed without authorization.") (Ellis, J.) (emphasis added).

In regards to Count Four of the Superseding Indictment, Hale argues the classification guides are "key" to the analysis of whether the charged classified information concerns "communications intelligence activities of the United States." *Id*. To the contrary, the classification guides are irrelevant to the issues in this case. As noted above, it is the classification markings on the charged documents that control.

The documents charged for purposes of § 798(a)(3) are marked "COMINT" and/or "SI," and, as outlined in the Intelligence Community Marking System Register and Manual[3] - - and noted in the Superseding Indictment - - the former describes communications intelligence, and

---

[3] The Intelligence Community Marking System Register and Manual is available online at: https://archive.org/details/PublicallyReleaseableICMarkingsSystemRegisterAndManual 31DEC13, last visited November 4, 2019. SI is defined on page 93. COMINT is defined in Acronym List on page 203.

the latter refers to "Special Intelligence." (Superseding Indictment at 4, Dkt. 12).  The term "Special Intelligence," moreover, specifically denotes technical and intelligence information derived from the monitoring of foreign communications signals by other than the intended recipients.  (*Id*.)  In other words, both "SI" and "COMINT," by definition, concern "communications intelligence activities."

What Hale really seeks is the opportunity to use the classification guides to argue that the information charged in the Superseding Indictment should not have been classified.  After all, in the Declaration of Harry P. Cooper Jr. in Support of Defense Motion to Compel Production of Documents, Mr. Cooper plainly stated that the "classification guides lay out the criteria for classification.  *Reviewing these guides, one can determine whether information was classified consistently with the guides*."  *Id.*  (emphasis added).  Such a determination, however, would be irrelevant to any issue in this case.

As we explained in our Motion *in Limine* Concerning Challenges to Official Classification Determination (Dkt. 57) and Reply (Dkt. 83), whether the documents at issue were properly classified is irrelevant to Hale's guilt or innocence.  "The propriety of classification is irrelevant.  The fact of classification of a document or documents is enough to satisfy the classification element of [§ 798]."  *United States v. Boyce*, 594 F.2d 1246, 1251 (9th Cir. 1979).  *See Scarbeck v. United States*, 317 F.2d 546, 557-560 (D.C. Cir. 1962) (holding that, in a criminal prosecution for a violation of 50 U.S.C. § 783, the executive branch's classification determination was not reviewable).  Indeed, in *United States v. Truong Dinh Hung*, 629 F.2d 908 (4th Cir. 1980), the Fourth Circuit adopted the reasoning of *Scarbeck,* and affirmed Judge Bryan's jury instruction that defendants charged with violations of offenses including Section 793 were barred from arguing that the information that they stole was not classified properly.

*See also United States v. Fondren*, 63 F. Supp. 3d 601, 608 (E.D. Va. 2014) ("When proving the unlawful passage of classified materials, [under 50 U.S.C. § 783] the fact of classification of a document . . . is enough to satisfy the classification element of the offense") (Hilton, J.).

In sum, the classification guides cannot be used to challenge the propriety of the classification determinations made with respect to the documents that Hale stole, before he stole them. Of the information Hale is seeking to compel, the classification guides provide only irrelevant information that is, in any case, duplicative of other information he already has. As a result, the classifications guides are not relevant and helpful, and therefore not discoverable. *See Smith*, 780 F.2d at 1110 ("A district court may order disclosure [of classified information] only when the information is at least essential to the defense, necessary to his defense, and neither merely cumulative nor corroborative.").

II.  The Materials Hale Requests Are Not Discoverable Because They Are Not Relevant, Much Less Relevant *and* Helpful

Hale asks the Court to order the prosecutors to search every U.S. government agency's records for information regarding the disclosure of any classified information related to any document Hale is alleged to have stolen. Hale is not entitled to the discovery of the classified information he seeks under Federal Rule of Evidence 16, much less under *Moussaoui, Smith* and *Yunis*. The Court should reject Hale's attempt at graymail.

A.  Hale's Request for Information About *Other* Disclosures is Irrelevant

In the government's CIPA Section 10 Notice, filed on September 16, 2019, the government specifically identified the NDI that Hale is alleged to have stolen, and that forms the basis of the charges. (Dkt. 47). Despite that precise identification of the NDI, Hale seeks

records of disclosures of classified information related to *any* document Hale is alleged to have stolen.[4]

According to Hale, such disclosures might be used to argue that the documents he stole were not "closely held." To the contrary, in order to convict Hale of the violations of 18 U.S.C. § 793 charged in the Superseding Indictment, the government must prove the "closely-held" nature of only the particular NDI already identified. Any disclosures of other information would be irrelevant to the elements of the offenses with which Hale is charged. In other words, the extent to which information (other than the designated NDI) within any of the documents Hale stole was (or was not) closely held is irrelevant to the elements of the offenses or any defense to the charges.

Hale simply is not entitled to discovery on all disclosures with respect to every piece of classified information he is alleged to have stolen, nor even all of the information mentioned in the Superseding Indictment. Instead, he is entitled to discovery related only to the disclosures (if any) of the specific NDI that he is charged with stealing. Information regarding any other disclosures would be irrelevant to the charges against him.

   B.   To Obtain Classified Discovery, Hale Must Do More than Speculate
        That the Information Sought Might Be Relevant and Helpful to His Defense

Hale speculates that information he is alleged to have stolen - - *other* than the particular information that was designated as NDI - - was not "closely held" by the government. Such

---

[4] Hale even seeks discovery on classified information disclosures related to movies and television series that were released well after Hale's theft of NDI. Specifically, Hale wants discovery on classified information disclosed in connection with the production of *Eye in The Sky*, which was released on or about April 1, 2016, and *Tom Clancy's Jack Ryan*, which premiered on or about August 31, 2018. (Def. Oct. 8, 2019 letter at 2) Yet, Hale is alleged to have stolen the pertinent NDI years earlier, between February 28, 2014, and August 5, 2014. Hale's request, therefore, cannot be relevant to the current charges.

speculation is insufficient to constitute entitlement to discovery. "The defendant must come forward with something more than speculation as to the usefulness of such disclosure." *Smith*, 780 F.2d at 1108.

In his Declaration accompanying the defense's Motion to Compel, the defense expert, Harry P. Cooper Jr., argues that his ability to provide an expert opinion "requires an analysis of previous leaks and official disclosures beyond the specific documents allegedly leaked in this case." (Declaration at p. 5, Dkt. 86). That argument makes no sense. If previous leaks and official disclosures were made to the public, then the defense would be in the same position as the government to identify them. Further, as noted above, the "disclosure beyond the specific documents alleged in the leak," would be irrelevant to the charges against Hale today. *Id.*

Hale cannot identify the uncharged disclosures of classified information that he seeks, or explain how discovery about such disclosures "would bear directly or indirectly on the 'closely held' and 'potentially damaging' elements" of the NDI charged in the Superseding Indictment. (Def. Mot. To Compel at 6, Dkt. 86). In sum, his motion fails because the existence of disclosures of classified information outside of the NDI identified in this case is irrelevant to the charges against him.

    C.    Hale's Discovery Request Fails Because His Requests
           Do Not Undercut the "Closely Held" Nature of the Designated NDI

Even if Hale could identify other instances of disclosures of the classified information that he stole (apart from the information that was designated as NDI), such disclosures still would be irrelevant, unless, before Hale stole it, it had been placed in the public record by a U.S. government official or agency, or confirmed on the public record by a U.S. government official. "Because the disclosure of classified documents discloses the 'government's implicit stamp of

correctness and accuracy,' the disclosure of official documents may violate the statute even if the information contained within the documents is publicly available." *United States v. Rosen*, 445 F. Supp. 2d 602, 620–21 (E.D. Va. 2006) (Ellis, J.).

"Rumor and speculation are not the equivalent of prior disclosure, however, and the presence of that kind of surmise should be no reason of avoidance of restraints upon confirmation from one in a position to know officially." *United States v. Marchetti*, 466 F.2d 1309, 1318 (4th Cir. 1972). "Rumors and speculations circulate and sometimes get into print. It is one thing for a reporter or author to speculate or guess that a thing may be so or even quoting undisclosed sources, to say that it is so; it is quite another thing for one in a position to know of it official to say so." *Alfred A. Knopf Inc. v. Colby*, 509 F. 2d 1362, 1370 (4th Cir. 1975).

In other words, even if the NDI charged in the Superseding Indictment were in the public domain before Hale is alleged to have stolen it, that information may still have been "closely held" if it had not been confirmed on the public record by a U.S. government official or agency. "[A] document containing official government information relating to the national defense will not be considered available to the public (and therefore no longer [NDI]) until the *official* information in that document is lawfully available. . . . Mere leaks of classified information are insufficient to prevent prosecution for the transmission of a classified document that is the official source of the leaked information." *United States v. Squillacote*, 221 F.3d 541, 578 (4th Cir. 2000).

In sum, in order to show entitlement to discovery of classified information, Hale must show that: (1) the requested information relates to the public confirmation of the designated NDI by a U.S. government agency or official *prior* to the time that Hale stole it (tending to prove that the NDI was not closely held); or (2) the requested information would be relevant and helpful to

proving that the disclosure of the designated NDI could not have caused harm to the national security. We have searched for such discoverable information, and provided all discoverable information to the defense. Hale fails to identify information that we have missed.

This Court should reject Hale's attempts to expand the government's discovery obligation upon his mere speculation, and deny his motion.

                Respectfully submitted,

                G. Zachary Terwilliger
                United States Attorney

By:              /s/
                Gordon Kromberg
                Alexander P. Berrang
                Assistant United States Attorneys
                United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, Virginia 22314
                Phone: (703) 299-3700
                Fax: (703) 299-3981
                Email: Gordon.Kromberg@usdoj.gov
                Email: Alexander.P.Berrang@usdoj.gov

By:              /s/
                Heather M. Schmidt
                Senior Trial Attorney
                National Security Division
                United States Department of Justice
                950 Pennsylvania Avenue, NW
                Washington, D.C. 20530
                Tel.: (202) 233-2132
                Fax: (202) 233-2146
                Email: Heather.Schmidt@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on November 5, 2019, I electronically filed the foregoing OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/ .
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov