**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) v. ) ) DANIEL EVERETTE HALE, ) ) *Defendant.* ) ) | Case No. 1:19-cr-59 Hon. Liam O'Grady **UNDER SEAL** |

## ORDER

This matter comes before the Court on the defendant's motion to compel the production of documents and information. Dkt. 86. The motion was fully briefed, and after hearing argument on November 15, 2019, this Court took the matter under advisement. The issues are now ripe for decision.

### I. Background

The defendant, Daniel Hale, was indicted by a grand jury in the Eastern District of Virginia on March 7, 2019. Dkt. 1. On May 9, 2019, a Superseding Indictment was issued. Dkt. 12. The Superseding Indictment sets forth general factual allegations, and includes five counts: obtaining national defense information in violation of 18 U.S.C. § 793(c) (Count 1); retention and transmission of national defense information (Count 2), and causing the communication of national defense information (Count 3), both in violation of 18 U.S.C. § 793(e); disclosure of classified communication intelligence information in violation of 18 U.S.C. § 798(a)(3) (Count 4), and; theft of government property in violation of 18 U.S.C. § 641 (Count 5).

1

## II. Discussion

Pursuant to Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), the defendant has moved to compel the government to produce information and documents on the basis that each of these is relevant and potentially exculpatory. "[A] defendant becomes entitled to disclosure of classified information upon a showing that the information is relevant and helpful to the defense . . . or is essential to a fair determination of a cause." *United States v. Moussaoui*, 382 F.3d 453, 472 (4th Cir. 2004).

The defendant seeks four categories of information. First, he seeks to compel production of classification guides, which are nonauthoritative guides maintained by agencies which identify the elements of information to be protected by classification, state a reason for classification, and state which classification level applies to each element of information. Second, he seeks State Department materials broadly relating to disclosures of information related to matters identified in the Superseding Indictment in this case. Third, he seeks any materials relating to the disclosure of national defense and/or classified information in connection with the production of the movie *Zero Dark Thirty*. Fourth and finally, he seeks materials relating to disclosures of national defense and/or classified information which themselves are related to topics, sources, and methods discussed in the Superseding Indictment.

The defendant argues that the information he seeks is relevant and helpful to the defense against Counts 1 through 4. Counts 1 through 3 charge violations of 18 U.S.C. § 793. The relevant elements of Counts 1 through 3 require the Government to prove that the "national defense information" ("NDI") at issue be "closely held," and "potentially damaging to the United States." *United States v. Morison*, 844 F.2d 1057, 1071-72 (4th Cir. 1988). Count 4 charges a violation of 18 U.S.C. § 798(a)(3). The relevant elements of Count 4 require the Government to

prove the information at issue was "classified" and was "concerning [] communication intelligence activities."

The first category of information is the classification guides. The defendant has argued that classification guides will aid in the "potential damage" analysis of Counts 1 through 3. The Court is not persuaded.

Classification guides are not helpful to the potential damage analysis because they do not add any information for two reasons. First, the Government has provided its CIPA Section 10 Notice, notifying the defense of the NDI at issue here and its classification level. Executive Order No. 13526, not any classification guide, reveals the level of potential harm which the government has determined that the information posed. Second, the classification guides are not authoritative. Because the guides are not authoritative and provide no additional information, they are not be helpful to the "potentially damaging" analysis of Counts 1 through 3.

The defendant has also argued that classification guides are necessary to analyze the "classified" element of Count 4. For the reasons explained in this Court's Order of November 27, 2019, this argument fails.

The second, third, and fourth categories of information which the defendant seeks to compel are State Department materials, *Zero Dark Thirty* materials, and other disclosures of information. The defendant argues that these materials relate to whether substantially similar information has become public, which directly bears on whether the NDI in this case is closely held and potentially damaging. This argument also fails.

These categories are exceedingly broad, and to the extent they relate to NDI which is not charged in the Superseding Indictment, they are irrelevant. Furthermore, the defendant's proposed substantial similarity requirement is an unworkable standard. To the extent any

3

information within these categories is relevant to the NDI charged in this case, the defendant has merely speculated as to any degree of helpfulness. He has failed to identify any leaks, disclosures, or indication that the charged NDI was in the public domain prior to the charged crimes.

### III. Conclusion

For the reasons stated above, the defendant's motion to compel production, Dkt. 86, is **DENIED**.

It is **SO ORDERED**.

December **3**, 2019
Alexandria, Virginia

_____
Liam O'Grady
United States District Judge