## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-59 |
| | ) | |
| DANIEL EVERETTE HALE, | ) | Hon. Liam O'Grady |
| | ) | |
| Defendant. | ) | CIPA Hr'g: January 10, 2020 |

## **MOTION TO COMPEL PROMPT DISCLOSURE OF HARM ANALYSIS**

Defendant Daniel Hale respectfully moves this Court for an order compelling the government to promptly disclose its proposed harm analysis regarding the alleged national defense information identified in the government's notice pursuant to CIPA § 10 (the Classified Information Procedures Act), 18 U.S.C. App. 3 § 10. The defense submits that requiring the government to make this disclosure by January 20, 2020, is necessary to avoid unfair surprise, unnecessary delay and inefficient expenditure of court and party resources. That is because, unlike the ordinary case, this case is governed by CIPA, which requires the defense to set out, months in advance of trial, every piece of classified information that it may seek to use at trial. *See id*. § 5.

Here, Mr. Hale provided his CIPA § 5 notice four and a half months before trial. Dkt. No. 89. To the extent that the defense could not foresee the basis for the government's claim of harm for those items identified in its CIPA § 10 notice, Mr. Hale will need to revisit the classified discovery that may be relevant and helpful to defending against any claimed harm. In the event the government makes those disclosures at the ordinary time for disclosing expert witness testimony – in the

weeks immediately before trial – that could require an amended CIPA § 5 notice and CIPA proceedings on the eve of trial, which would likely be impossible to complete absent a continuance of the trial date.

In connection with Counts One through Three, the government must prove that the information at issue is "national defense information" ("NDI"). That is, the government must prove that the information pertains to national defense, is closely held and its disclosure "would be potentially damaging to the United States." *United States v. Morison*, 844 F.2d 1057, 1071-72 (4th Cir. 1988). The government, in its CIPA § 10 notice, has identified the information that it will contend is NDI. But the reason that disclosure of certain items of that information would be "potentially harmful" to the United States is not readily apparent to the defense. Thus, the defense prepared its § 5 notice without a full sense of the case it will be required to confront at trial on one of the central elements of the government's case.

In conference with the government, the defense has asked the government to provide its harm analysis for the § 10 information. The government declined, stating that it would not disclose any expert reports until the expert disclosure deadline ten business days before trial. *See* Discovery Order, Dkt. No. 20. If, in response to the government's expert disclosure, the defense needs to revisit its § 5 designations, this could trigger a renewed round of CIPA hearings—two weeks before trial. Requiring the government to provide its harm analysis well in advance of trial would head off this concern, providing for a more efficient expenditure of court and party resources.

Accordingly, in light of the CIPA requirements in this case, Mr. Hale respectfully moves this Court for an order compelling the government to disclose its harm analysis relating to its § 10 notice by January 20, 2020.

Respectfully Submitted,

DANIEL EVERETTE HALE
By Counsel,

Geremy C. Kamens
Federal Public Defender

/s/ Cadence Mertz
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0840
Facsimile: (703) 600-0880
Cadence_Mertz@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

/s/ Cadence Mertz
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender

1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0840
Facsimile: (703) 600-0880
Cadence_Mertz@fd.org