IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PROMPT DISCLOSURE OF HARM ANALYSIS

On September 16, 2019, the government filed its notice under Section 10 of the Classified Information Procedures Act ("CIPA"), designating the national defense information ("NDI") stolen and communicated by the defendant in this case. At trial, the government expects to use expert witnesses to explain why communication of that NDI potentially could have been used to the injury of the United States or to the advantage of any foreign nation.

Pursuant to this Court's Order of May 17, 2019, the government is required to disclose to the defendant, no later than March 2, 20120, a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. Trial in this matter presently is scheduled for March 16, 2020. Accordingly, by this Court's Order of May 17, 2019, written summaries of the testimony of any government experts regarding NDI are required to be disclosed to Hale by March 2, 2020.

On December 23, 2019, however, defendant Hale moved the Court to order the government to disclose such summaries (he characterized them as "the government's harm analysis") by January 20, 2020. That motion should be denied. Granting Hale's motion would force the government to identify its expert witnesses and prepare their testimony months before

trial. Hale cites no legal authority for his motion, for there is none. The discovery order already in place is sufficient. The reports of any expert witnesses will be filed in advance of the discovery deadline, but that cannot happen now because such reports have not yet been created; indeed, all of the expert witnesses have not yet even been identified.

In his motion, Hale incorrectly represented that the government stated that it would not disclose any expert reports until the expert disclosure deadline ten business days before trial. To the contrary, the government stated that it would not necessarily wait until the disclosure deadline to make such disclosures, but that, in any event, it could not disclose any expert reports now, *because no such reports yet exist.* To the extent such reports do not yet exist, neither the Court's Order of May 17th, nor the rules of discovery, require the government to create them.

Further, in response to Hale's assertion of ignorance of the significance of the designated NDI, undersigned counsel pointed out to defense counsel (in a meeting between the parties at a conference room in the U.S. Attorney's Office) that the significance of most - - if not all - - of the designated NDI was apparent on its face. As examples, undersigned counsel explained why communication of the NDI on three of the 11 documents at stake (Documents B, C, and F) potentially could be used to the injury of the United States or to the advantage of any foreign nation.[1]

Finally, undersigned counsel offered to answer any of the defense's questions about any of the NDI designations, and explain why those particular pieces of information were selected to be the NDI designations in the first place. Defense counsel declined to accept that offer, on the

---

[1] Defense counsel disagreed with the government's assessment that disclosure of the designated information in those documents might harm the United States or help its enemies, but their disagreement is irrelevant to the fact that they have been provided notice of that explanation.

asserted grounds that the ultimate report of the experts would likely contain additional information. Rather than accept that offer, they filed the instant motion.

Ample notice of the "harm analysis" sought by Hale will continue to be provided by the government in advance of the discovery deadline set in this Court's Order of May 17, 2019. In any event, the general harm of the designated NDI is apparent on its face - - which is why undersigned counsel designated it in the first place - - and even to the extent that it is not, undersigned counsel is ready to explain its significance when defense counsel are ready to hear it.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:        /s/
        Gordon D. Kromberg
        Alexander P. Berrang
        Assistant United States Attorneys
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3981
        Email: gordon.kromberg@usdoj.gov

By:        /s/
        Heather M. Schmidt
        Senior Trial Attorney
        National Security Division
        United States Department of Justice
        950 Pennsylvania Ave., NW
        Washington, D.C. 20530
        Tel.: (202) 233-2132
        Fax: (202) 233-2146
        Heather.Schmidt@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on January 3, 2020, I electronically filed the foregoing GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PROMPT DISCLOSURE OF HARM ANALYSIS with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov