IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-59 |
| | ) | |
| DANIEL EVERETTE HALE, | ) | Hon. Liam O'Grady |
| | ) | |
| Defendant. | ) | Status: Feb. 28, 2020 |

### DEFENSE OPPOSITION TO PROCEEDING *EX PARTE* ON GOVERNMENT'S CIPA § 4 MOTION FOR PROTECTIVE ORDER

On January 29, 2020, the government filed *ex parte* for a motion for a protective order under Section 4 of the Classified Information Procedures Act ("CIPA"). CIPA does not presume that such motions should proceed *ex parte*, much less automatically authorize such a non-adversarial proceeding. In fact, *ex parte* proceedings are disfavored. Here, an *ex parte* proceeding is particularly inappropriate because the government months ago produced the subject document to the defense, which deemed the document highly relevant and included it in the defense notice under CIPA § 5. Only after receiving and conferring about the defense's § 5 notice did the government determine that it had mishandled the document by producing it and recall it.[1] Because the defense has already reviewed

---

[1] Based on prior discussions with the government, the defense presumes that the subject of the government's CIPA § 4 motion is a classified document previously produced to the defense then reclaimed by the government. The government produced that document to the defense as part of a classified production dated May 2019. The defense included the document in its November 5, 2019, CIPA § 5 notice to the government. In early December, the parties met and conferred regarding the defense § 5 notice. Days after that meeting the government notified the defense that

the document, there is no rationale for proceeding *ex parte* under CIPA § 4. Furthermore, the recalled document is specifically relevant to the defense, and the defense properly identified it as such pursuant to CIPA's procedures. Accordingly, and as further stated below, the defense objects to the government proceeding *ex parte* with respect to the recalled document. At the very least, the government should be required to move for leave to file *ex parte* and articulate why a disfavored non-adversarial proceeding is necessary here.

CIPA § 4 does not require that proceedings pursuant to it be conducted *ex parte*. Rather, it is permissive: "The court *may permit* the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." 18 U.S.C. App. 3 § 4 (emphasis added). Although *ex parte* filings are permitted under § 4, they are not automatic. *See United States v. Rezaq*, 156 F.R.D. 514, 526 (D.D.C. 1994) ("*Rezaq* I") ("The government may make its case for privilege 'in the form of a written statement to be inspected by the court alone,' but *ex parte* filings are not required nor even favored." (citations omitted)), vacated in part on other grounds by 899 F. Supp. 697 (D.D.C. 1995) ("*Rezaq* II"). *See also, e.g.*, *United States v. Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006). Courts generally disfavor *ex*

---

a document identified by the defense in the § 5 notice had been produced without the necessary clearances. As a result, the government requested that the defense return the recalled document, which the defense did. In returning the document to the government, the defense reiterated that the document was relevant and helpful to the defense and that the defense would oppose its omission under CIPA § 4. This Opposition pertains specifically to the recalled document, but the defense maintains that an adversarial proceeding under § 4 is preferred even if other documents are at issue.

*parte* filings, and nothing in CIPA alters the calculus. *See Rezaq* II, 899 F. Supp. at 707 ("Ex parte communications between a district court and the prosecution in a criminal case are greatly discouraged, and should only be permitted in the rarest of circumstances." (citing *United States v. Napue*, 834 F.2d 1311, 1316 (7th Cir.1987)).

In *Rezaq* I, the Court permitted the § 4 proceeding to occur *in camera* and under seal, but rejected the government's motion to proceed *ex parte*, stating that doing otherwise "would force this court into the very awkward position of making defendant's case and then deciding his claim." *Rezaq* I, 156 F.R.D. at 527 (citing *Dennis v. United States*, 384 U.S. 855, 875 (1966)). "[T]his court will benefit from the arguments of counsel on both sides concerning these discovery issues." *Id.* (quoting *United States v. George* 786 F. Supp. 11, 17 (D.D.C. 1991) (internal quotation marks omitted)). Upon the government's motion for reconsideration, the District Court agreed—as did the defense—that there were times when the government might demonstrate that an *ex parte* proceeding was necessary, but ruled that such a decision would be made on a case by case basis upon motion of the government *"with the understanding that such motions must be served on the defendant and then litigated in an adversarial hearing before this court."* *Rezaq* II, 899 F. Supp. at 707 (emphasis added). *See also Libby*, 429 F. Supp. 2d at 48 (assuming that questions of materiality under CIPA § 4 can be resolved largely through adversarial proceedings but recognizing "disquiet[ing]" "prospect" that in rare cases government may petition to be heard *ex parte*).

3

So, too, here. The government may not blithely assume—as it appears to have done—that it has an unqualified right to file its CIPA § 4 motion *ex parte*. Nothing in CIPA § 4 authorizes such a gaping exception to the disfavored treatment of *ex parte* proceedings. "[I]n those rare situations where the government is compelled to make an *ex parte* Section 4 filing containing arguments in support of immateriality, the government should fully explain why the *ex parte* filing is necessary and appropriate." *Libby*, 429 F. Supp. 2d at 48.

Here, there is no basis for the recalled document to be subject of a non-adversarial *ex parte* § 4 proceeding. The government already produced the document. The defense had that document in its classified discovery for months and reviewed it closely, identifying it in the defense's § 5 notice. Thus, no further dissemination of the information will occur by considering the applicability of CIPA § 4 in an adversarial proceeding.[2] Importantly, the defense should be permitted to participate in this § 4 proceeding *because* the recalled document is highly relevant and this Court should hear from the defense before making a ruling under CIPA § 4. CIPA does not permit the government to operate under a shroud of secrecy because it is convenient or strategically beneficial to do so. *Ex parte* proceedings are disfavored. Under these circumstances, proceedings pertaining to the recalled document should be adversarial.

---

[2] Defense counsel all hold security clearances and are bound by the attendant obligations.

4

Accordingly, this Court should require the government to serve its CIPA § 4 motion on the defense or to file a motion for leave to file *ex parte* and, in either case, permit the defense an opportunity to respond.

    Respectfully Submitted,

    DANIEL EVERETTE HALE
    By Counsel,

    Geremy C. Kamens
    Federal Public Defender

    /s/ Cadence Mertz
    Todd M. Richman
    Va. Bar No. 41834
    Cadence A. Mertz
    Va. Bar No. 89750
    Assistant Federal Public Defenders
    Office of the Federal Public Defender
    1650 King Street, Suite 500
    Alexandria, Virginia 22314
    (703) 600-0840 (tel)
    (703) 600-0880 (fax)
    Cadence_Mertz@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

    /s/ Cadence Mertz
    Cadence A. Mertz
    Va. Bar No. 89750
    Office of the Federal Public Defender
    1650 King Street, Suite 500
    Alexandria, Virginia 22314
    (703) 600-0840 (tel)
    (703) 600-0880 (fax)
    Cadence_Mertz@fd.org