# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:19cr59 |
| v. | ) | The Honorable Liam O'Grady |
| DANIEL EVERETTE HALE, | ) | |
| *Defendant.* | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION TO PROCEEDING
*EX PARTE* ON GOVERNMENT'S CIPA SECTION 4 MOTION**

On January 30, 2020, Defendant Daniel Everette Hale filed a motion opposing the government proceeding *ex parte* under Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III. (Dkt. No. 111.) He asked the court to "require the government to serve its CIPA § 4 motion on the defense or to file a motion for leave to file *ex parte* and, in either case, permit the defense an opportunity to respond." (Dkt. No. at 5.) As explained in further detail below, the statutes and case law specifically provide for *ex parte* proceedings under CIPA § 4, and the government does not need to make any particular showing, nor seek leave of the court, before proceeding *ex parte*. Nonetheless, and if Hale would like to file an *ex parte* response (without seeing the government's filing), or have an *ex parte* hearing with the Court to advise on his defense(s), the government has no objection.

### DISCUSSION

Hale has cited no authority for the proposition that CIPA § 4 motions cannot be filed *ex parte*. This is because there is none. The case law on this issue, which is consistent with the plain language of CIPA § 4, plainly permits such *ex parte* filings.

A.  **The Statutes and Case Law Specifically Provide for *Ex Parte* Proceedings Under CIPA Section 4**

Although CIPA does not require the government to proceed *ex parte*, the statute expressly permits *ex parte* proceedings. Indeed, CIPA § 4 twice refers to submissions going to the court alone:

> The court may permit the United States to make a request for [relief from discovery] in the form of a written statement to be inspected by the *court alone*. If the court enters an order granting relief following such an *ex parte showing*, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III at § 4 (emphasis added).

Markedly, CIPA § 4 is not the only grounds for proceeding *ex parte*. Federal Rule of Criminal Procedure 16 similarly contemplates *ex parte*, *in camera* proceedings. *See United States v. Mejia*, 448 F.3d 436, 455-58 (D.C. Cir. 2006) (conducting an *ex parte*, *in camera* review of classified material under CIPA § 4 and Rule 16(d)). Rule 16(d)(l) provides that "[a]t any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and that "[t]he court may permit a party to show good cause by a written statement that the court will *inspect ex parte*." Fed. R. Crim. P. 16(d)(l) (emphasis added); *see also United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993) ("[Rule] 16(d)(l) expressly authorizes the court to deny discovery of information sought by a defendant based on an *ex parte* showing by the government of the need for confidentiality."). According to the Advisory Committee Notes, "[a]mong the considerations to be taken into account" when deciding a motion under Rule 16(d)(1) is "the protection of information vital to the national security." Rule 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e).

Congress enacted CIPA, in part, to encourage the utilization of *ex parte* proceedings in the context of national security prosecutions. As the Senate has explained, CIPA § 4 was enacted "to clarify[] the court's powers under Federal Rule of Criminal Procedure 16(d)(l) . . . because some judges have been reluctant to use their authority under the rule." S. Rep. No. 96-823, at 6 (1980), as reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300. To this end, CIPA has been successful.

Since the enactment of CIPA, courts consistently have upheld the submission of *ex parte*, *in camera* motions under Rule 16(d)(l) and CIPA § 4. *See United States v. Asgari*, 940 F. 3d 188, 192 (6th Cir. 2019) (CIPA permits district court to assess whether classified information is relevant and helpful to defendant's case in an *ex parte* CIPA § 4 hearing); *United States v. Amawi*, 695 F.3d 457, 472 (6th Cir. 2012) ("[E]very court that has considered this issue has held that CIPA permits *ex parte* hearings."); *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008); *Mejia*, 448 F.3d at 457-58 (approving CIPA § 4 *ex parte* hearing); *United States v. O'Hara*, 301 F.3d 563, 568-69 (7th Cir. 2002) (district court properly conducted *ex parte*, *in camera* review to determine whether classified information was discoverable); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998) ("In a case involving classified documents, however, *ex parte*, in camera hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."); *United States v. Yunis,* 867 F.2d 617, 620 (D.C. Cir. 1989); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. McAfee*, 479 U.S. 805 (1986); *United States v. Pringle*, 751 F.2d 419, 427-28 (1st Cir. 1984), *vacated and remanded on other grounds sub nom; United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978) (*ex parte*, *in camera* proceedings appropriate under Rule 16(d)(1) where prosecutors were

concerned about safety of individuals if certain tapes were disclosed to defense); *United States v. Abu-Jihaad*, 2007 WL 2972623, at *1 (D. Conn. Oct. 11, 2007); *United States v. Rahman*, 870 F. Supp. 47, 49, 53 (S.D.N.Y. 1994); *see also United States v. Daoud*, 755 F.3d 479, 484-85 (7th Cir. 2014) (finding that defense counsel's possession of security clearances did not obviate need to have *ex parte, in camera* review of classified materials to determine whether disclosure would harm national security).

In addition, courts have recognized that although Rule 16(d)(1) and CIPA Section 4 speak only of the government submitting a written statement, "*ex parte, in camera* hearings in which the government counsel participates to the exclusion of defense counsel are part of the process that the district court may use." *Klimavicius-Viloria*, 144 F.3d at 1261. This is particularly so where "the court has questions about the confidential nature of the information or its relevancy." *Id.*; *see also Mejia*, 448 F.3d at 457; *United States v. Libby*, 429 F. Supp. 2d 18, 24-25 (D.D.C. 2006) (hereinafter, "*Libby I*").

Accordingly, proceeding *ex parte* under CIPA § 4 is well-grounded in positive law and well-established in precedent.

**B.  Contrary to Hale's Arguments, the Government Neither Needs to Make a Particular Showing nor Seek Leave of the Court before Proceeding *Ex Parte***

Hale's arguments that the government must provide justification and seek leave from the Court prior to filing *ex parte* submissions pursuant to CIPA § 4 are entirely without support. CIPA § 4 requires no particular showing by the government before the Court may grant a request to proceed *ex parte* and *in camera*. *See United States v. Kim*, No. 1:10-cr-225-CKK (D.D.C.), Dkt. No. 92 at 2 (finding no support in § 4 or case law for the proposition that the government must make a substantial showing to proceed *ex parte* under § 4 and noting that the same decision was reached in *Libby*); *cf. United States v. Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006)

4

(hereinafter, "*Libby II*") (clarifying court's earlier opinion on *ex parte* filings and holding that "the Court cannot preemptively constrain the government in any manner from making filings it deems appropriate, necessary, and permissible under Section 4"); *United States v. Ahmad*, No. 3:04-CR-301, 2013 WL 1899792, at *2 (D. Conn. May 1, 2013) ("in *United States v. Libby*. . . , the court said explicitly that there is no requirement under CIPA to show exceptional circumstances before proceeding *ex parte*." (citation omitted)). *See also United States v. Brown*, No. 5:14-CR-58 (E.D.N.C. 2014) at Dkt. No. 52 (setting scheduling order for government's filing of its CIPA § 4 *ex parte* without requiring the government to provide any public justification for proceeding *ex parte*); *Ahmad*, 2013 WL 1899792, at *2 (finding that the government's motion pursuant to CIPA § 4 and Rule 16(d)(1) was properly filed *in camera* and *ex parte*).[1]

As a practical matter, this makes sense. "[S]ince the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." H.R. Rep. No. 96-831, at 27 n.22 (1980). The same has been observed with respect to Rule 16(d)(l): "it would defeat the purpose of the protective order if the government were required to make its showing in open court." Rule 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e).

---

[1] The one case the Defendant analyzes in depth, *United States v. Rezaq*, 899 F. Supp. 697, 707 (D.D.C. 1995), no longer appears to be good law. In *Libby I*, 429 F. Supp. 2d at 24, the same district court "decline[d] to adopt the defendant's position that he must first have the opportunity to litigate whether the government has established exceptional circumstances before the government can submit to the Court *ex parte* filings pursuant to Section 4." The court found that "[t]here is simply no requirement for such a showing in the CIPA, and this Court cannot not [sic] judicially require it." *See also Libby II*, 429 F. Supp. 2d at 48 (making clear that the court, itself, would review the *ex parte* filing to determine whether it should be served on the defense).

Here, the government's *ex parte* filing under CIPA § 4 contains information supporting the *ex parte* nature of the filing. The defense does not have clearances or a need to know the information contained in the government's CIPA § 4 motion and supporting declaration. Based on the foregoing, this Court should not require the government to seek leave or provide advance justification prior to filing *ex parte* under CIPA § 4.

C. **The Government Has No Objection to Hale Filing *Ex Parte* Response, or Having an *Ex Parte* Hearing with the Court to Advise on His Defense(s)**

The government has no objection to Hale filing an *ex parte* response to what it believes our CIPA § 4 Motion to contain, or having an *ex parte* hearing with the Court to advise on his defenses. However, we would object to an adversarial CIPA § 4 hearing with both parties present for the same reasons we object to providing Hale with our Motion. That is, Hale does not have the clearances to receive this classified information, and he has no need to know the classified information.

The law does not require an adversarial proceeding under CIPA.[2] Indeed, "[i]f the Government's need for an *ex parte* motion under Section 4 is meritorious, it would defeat the purpose of an *ex parte* motion to require the Government to disclose its reasons to the Defendant." *Kim*, No. 1:10-cr-225, Dkt. No. 92 at 2; *see Campa*, 529 F.3d at 995 ("The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view.").

---

[2] The Defendant's arguments about "general disfavor" towards *ex parte* proceedings are unpersuasive. *See* Dkt. No. 111 at 2-3. The drafters of CIPA were aware of this "general disfavor" when they crafted the language in § 4 specifically allowing for *ex parte* submissions; otherwise, no such language would be necessary. As set forth above, courts have consistently upheld the submission of *ex parte, in camera* filings under Rule 16(d)(l) and CIPA § 4.

Finally, in addition to describing the legal authority for proceeding *ex parte* in its public filings, the government has also in its § 4 filing set forth the case-specific reasons for proceeding *ex parte*. Forcing the government to disclose these case-specific reasons to defense counsel would, as the *Campa* court said, render "illusory" the government's rights under CIPA § 4. 529 F.3d at 995.

(CONTINUED ON NEXT PAGE)

## CONCLUSION

For the reasons stated herein, as well as the reasons provided in the government's CIPA § 4 Motion, the Court should permit the government's Motion to be filed *ex parte* and *in camera* without first seeking leave of the Court or having to make a particular showing.  The government has no objection to Hale filing an *ex parte* response or having an *ex parte* hearing with the Court to advise on his defenses.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:   /s/
Gordon Kromberg
Alexander P. Berrang
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Gordon.Kromberg@usdoj.gov
Email: Alexander.P.Berrang@usdoj.gov

By:   /s/
Heather M. Schmidt
Senior Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Tel.: (202) 233-2132
Fax: (202) 233-2146
Email: Heather.Schmidt@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2020, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION TO PROCEEDING *EX PARTE* ON GOVERNMENT'S CIPA SECTION 4 MOTION with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                                                  /s/                        .
                                               Heather M. Schmidt
Senior Trial Attorney
District of Columbia Bar No. 496325
Attorney for the United States
950 Pennsylvania Avenue N.W.
Washington, DC  20530
(202) 233-0986
(202) 532-4251 (fax)
Heather.Schmidt@usdoj.gov