IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-59 |
| | ) | |
| DANIEL EVERETTE HALE, | ) | Hon. Liam O'Grady |
| | ) | |
| Defendant. | ) | Status: Feb. 28, 2020 |

**REPLY IN SUPPORT OF DEFENSE OPPOSITION TO
PROCEEDING *EX PARTE* ON GOVERNMENT'S CIPA § 4
MOTION FOR PROTECTIVE ORDER**

The issue before the Court is straightforward. It is undisputed that the government *can* seek to be heard *ex parte* when proceeding under CIPA § 4. It is equally clear, however, that proceeding *ex parte* under § 4 is not automatic or even favored. The statute could not be plainer: "The court *may permit* the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." 18 U.S.C. App. 3 § 4 (emphasis added). In short, the statute not only does *not* grant blanket authorization for *ex parte* filings; it expressly requires a party seeking to file *ex parte* to seek and obtain the Court's permission.

The case law is entirely consistent on this point, including the cases on which the government relies to posit its contrary view. *See, e.g.*, Def. Opposition, Dkt. No. 111, at 2-4; Govt Response, Dkt. No. 112 at 4-5 (citing *United States v. Libby*, 429 F. Supp. 2d 46 (D.D.C. 2006) ("*Libby* II"), and *United States v. Kim*, Case No. 1:10-cr-225-CKK, Dkt. No. 92 (D.D.C. Dec. 10, 2012)); *Libby* II, 429 F. Supp. 2d at 48 ("[I]n those rare situations where the government is compelled to make an *ex parte* Section

4 filing containing arguments in support of immateriality, the government should fully explain why the *ex parte* filing is necessary and appropriate. The Court will then carefully scrutinize any such filing to determine whether it should remain an *ex parte* filing or whether it should be served on the defendant."); *Kim*, Case No. 1:10-cr-225-CKK, Dkt. No. 92 at 2 (though it need not make a "substantial" showing to proceed *ex parte*, the Government did have to meet "certain requirements . . . in order to satisfy [the Court] that [it] should exercise [its] discretion under Section 4 and keep the Government's motion from the defendant"). Indeed, though the government leans on *Libby* II, there the Court *reiterated* its "disquiet[] by the prospect of having to make such a determination through *ex parte* proceedings" and its belief that "questions of materiality can largely be resolved through adversarial proceedings." 429 F. Supp. 2d at 48.

Most importantly, here, the facts do not support proceeding *ex parte*. The government produced the subject document to the defense in May 2019, the defense carefully reviewed it and designated it under CIPA § 5. Only six months later did the government recall the document after determining that no counsel—neither defense nor government—had the proper clearance to view it. (Apparently, government counsel has now received that clearance.) Proceeding *ex parte* now will not prevent disclosure because defense counsel have reviewed the document on multiple occasions. Consequently, the rationale for proceeding *ex parte* falls away. *See, e.g.*, Govt Response at 6 (arguing for *ex parte* proceeding because defense does not have clearance or need to know the subject information, while omitting that defense

2

*already* knows the information). *See also, e.g.*, *id.* at 2 (citing Advisory Committee Notes to Rule 16(d)(1) as allowing for *ex parte* proceedings to protect information vital to the national security); *id.* at 4 (citing *United States v. Daoud*, 755 F.3d 479, 484-85 (7th Cir. 2014) (considering *ex parte* proceeding to determine whether *disclosure* would harm national security)); *id.* at 5 (citing H.R. Rep. No. 96-831, at 27 n.22 (1980) (adversarial hearing would defeat purpose where government is seeking to withhold information from defense)).

To be clear, the defense has no objection to proceeding on this matter under seal, as with other classified matters. The defense's objection is to proceeding *ex parte* on a material document that it already has seen and analyzed and believes to be highly relevant to a potential defense. Accordingly, and for the reasons stated in the defense's Opposition to Proceeding *Ex Parte*, Dkt. No. 111, the defense respectfully requests that this Court order the government to serve its CIPA § 4 motion on the defense or to file a motion for leave to file *ex parte* and, in either case, permit the defense an opportunity to respond.

Respectfully Submitted,

DANIEL EVERETTE HALE
By Counsel,

Geremy C. Kamens
Federal Public Defender

/s/ Cadence Mertz
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders

3

Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0840 (tel)
(703) 600-0880 (fax)
Cadence_Mertz@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 6, 2020, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

/s/ Cadence Mertz
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0840 (tel)
(703) 600-0880 (fax)
Cadence_Mertz@fd.org