IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:19-cr-59 |
| ) | Hon. Liam O'Grady |
| DANIEL EVERETTE HALE, ) | |
| ) | |
| *Defendant.* ) | |

## ORDER

This matter comes before the Court on the defendant's Opposition to Proceeding *Ex Parte* on Government's CIPA § 4 Motion for Protective Order, Dkt. 111, and Reply in support thereof, Dkt. 114. Defendant requests that this Court order the Government to serve its *ex parte* CIPA § 4 motion on the defense or to file for leave to proceed *ex parte*, and to permit the defense an opportunity to respond.

On January 29, 2020, the Government filed a Motion for Protective Order under CIPA Section 4 and Fed. R. Crim. P. 16(d)(1) on the public docket, indicating that a sealed *ex parte* motion had been filed with the Court through the Classified Information Security Officer. Dkt. 110. Defendant filed an opposition on the public docket disputing the Government's right to file such a motion *ex parte* and requesting an opportunity to respond. Dkt. 111. The Government argued in response that it was authorized by law to move *ex parte* without first seeking leave to do so, but registered no objection to the defendant's ability to respond *ex parte*. Dkt. 112. The defendant's reply again objected to proceeding *ex parte*.

The Government brought the motion at issue under section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 4, and Fed. R. Crim. P. 16(d)(1). Rule 16 provides, in relevant part, that a "court may, for good cause, deny, restrict, or defer

1

discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Further, a party may "show good cause by a written statement that the court will inspect ex parte." *Id.* "'[G]ood cause' includes the protection of information vital to the national security." *United States v. Moussaoui*, 591 F.3d 263, 281 (4th Cir. 2010) (alteration in original) (quoting *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008)), *as amended* (Feb. 9, 2010).

Section 4 of CIPA aimed to clarify the court's Fed. R. Crim. P. 16(d) powers because judges were reluctant to employ those powers under the Rule's authority. *See* S. Rep. No. 96-823, at 6 (1980), as reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300. The statute provides that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. App. III § 4. The same section outlines the procedure to do so:

> The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

*Id.*

The statutory language is permissive, but "gives the government the right to keep defense counsel from seeing the original documents." *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008). "The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view." *Id.* (citing *United States v. Mejia*, 448 F.3d 436, 457–58 (D.C. Cir. 2006)).

The parties agree that § 4 authorizes *ex parte* proceedings. The defendant argues that the Government must make some showing before proceeding *ex parte*. He relies primarily on

2

*United States v. Kim*, Case No. 1:10-cr-225-CKK, Dkt. No. 92 (D.D.C. Dec. 10, 2012) and *United Stats v. Libby*, 429 F. Supp. 2d 46 (D.D.C. 2006) to support his proposition that CIPA "expressly requires a party seeking to file *ex parte* to seek and obtain the Court's permission." Dkt. 114 at 1-2. Neither of these cases support his position.

First, *Libby* does not stand for the proposition that CIPA requires permission before the Government may file *ex parte*. To the contrary, that court explained courts "cannot preemptively constrain the government in any manner from making filings it deems appropriate, necessary, and permissible under Section 4." *Libby*, 429 F. Supp. 2d at 48. Thus, in *Libby*, the court authorized the Government to make an *ex parte* § 4 filing without first seeking permission. While it instructed the Government to explain the rationale for filing *ex parte*, it did not require the explanation to be made either publicly or separately from the *ex parte* filing. In fact, the decision contemplates a single *ex parte* filing containing any necessary explanation. *See id.* (referring in the singular form to the filing and explanation: ". . . any such filing to . . ." and ". . . an ex *parte* filing should . . .").

Neither does the order in *Kim* support the defendant's position. There, the district court first found "no support in the text of Section 4 or the case law for the proposition that the Government must make a substantial showing in order to proceed *ex parte* under Section 4; that is an issue entirely within the Court's discretion." *Kim*, Case No. 1:10-cr-225-CKK, Dkt. No. 92 at 2 (D.D.C. Dec. 10, 2012). Second, the court explained that to the extent a showing was necessary to justify proceeding *ex parte*, "logically the Government could only make that showing through an *ex parte* filing." *Id.* The *Kim* court explained that to hold otherwise would require Government disclosure of the information at issue, and thus defeat the purpose of an *ex parte* motion.

Here, the Government submits that the "*ex parte* filing . . . contains information supporting the *ex parte* nature of the filing," and that "the defense does not have clearances or a need to know the information [] in the [] motion." Dkt. 112 at 6. Thus, the Government contends that the *ex parte* filing in this case satisfies the explanation requirement of *Libby*, and that any further disclosure would defeat a purpose of CIPA by disclosing the very information § 4 aims to protect. This Court agrees with the courts above and finds that, to the extent § 4 requires a showing, that showing may be made *ex parte*. Accordingly, having found no basis in the text of CIPA § 4, Fed. R. Crim. P. 16(d)(1), or the case law, this Court declines to require the Government to serve its motion upon the defendant, or to seek leave to refile the § 4 motion *ex parte*.

While the law does not require an adversarial proceeding, in recognition of the defendant's request to be heard the Court will allow the defendant to make his own *ex parte* filing.

Therefore, for the reasons stated above and for good cause shown, the defendant is hereby **ORDERED** to file *ex parte* any argument he deems appropriate, in response to what he believes the CIPA § 4 motion may contain, within five days of the date of this Order.

It is **SO ORDERED**.

February 12, 2020  
Alexandria, Virginia

Liam O'Grady  
United States District Judge