IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:19cr59 |
| ) | |
| DANIEL EVERETTE HALE ) | |

GOVERNMENT'S UNCLASSIFIED RESPONSE TO DEFENSE'S
MOTION TO COMPEL PRODUCTION OF UNREDACTED
VERSION OF CLASSIFIED DOCUMENT (BATES No. 13318-13325)[1]

In the course of providing classified discovery to the defense, the government produced a classified document that was Bates numbered 13318 to 13325 ("the Document"). Prior to producing the Document to the defense, the government redacted certain information within the Document, all of which was classified.

On September 1, 2020, Hale filed a motion to compel disclosure of the unredacted version of the Document. Dkt. No. 141. Hale speculates that, under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963) and/or *Giglio v. United States,* 405 U.S. 150 (1972), he is entitled to the information that was redacted from the Document.

In reviewing the redactions in light of Hale's motion, we recognized that a small portion of text on the pages of the Document marked as Bates 13323 and 13324 was redacted, but should not have been. Accordingly, we will provide to Hale copies of those pages without such

---

[1] This pleading is filed in conjunction with the filing earlier today of the Government's *In Camera, Ex Parte,* Under Seal Response to Defense's Motion to Compel Production of Unredacted Version of Classified Document Bates No. 13318-13325 ("Government's *Ex Parte* Pleading"). The caption of the Government's *Ex Parte* Pleading mistakenly referenced the last page of the document at issue as "13225" instead of "13325".

redactions.[2] Hale is not, however, entitled to disclosure of the rest of the information that was redacted from the Document. Aside from the information that will be provided from the pages marked as Bates Nos. 13323 and 13324, the redacted information now at issue properly was redacted.

Because the remainder of the information redacted from the Document is not exculpatory or impeaching of a government witness, Hale is not entitled to it under *Brady* or *Giglio*. After all, "[m]ere speculation about the existence of potentially exculpatory or impeaching evidence is insufficient to give the defense access to materials under *Brady* and *Giglio*." *United States v. Jones*, 378 F. App'x. 359, 360 (4th Cir. 2010).

With respect to the information to which he is entitled in discovery, Hale is similarly situated to every other defendant. The law properly requires the disclosure of certain information in pre-trial discovery, but it does not entitle any defendant to disclosure simply because he suspects that materials in the government's possession might prove interesting to him. As the Supreme Court has stated, "it is the State that decides which information must be disclosed" and "the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).

In *Ritchie*, the Supreme Court reversed a state court ruling that allowed a defendant to examine confidential information in the government's possession in order to present arguments in favor of disclosure, even after the government determined that such information was not discoverable. Even though "the eye of an advocate may be helpful to a defendant in ferreting out

---

[2] The information that was redacted, but that should not have been, consists of the last two rows of a chart (referenced on the page marked as Bates 13322), on the pages marked as Bates 13323 and 13324. This information is not new to the defense; as explained in the Government's *Ex Parte* Pleading, that same information previously was provided to the defense in its original form.

2

information," the "settled practice" is for the prosecutor to decide which information must be disclosed. *Id.  See Kasi v. Angelone*, 300 F.3d 487, 504-05 (4th Cir. 2002) (relying on *Ritchie* for the principle that it is the prosecutor and not the defendant who gets to make the determination of materiality for purposes of disclosure).

In short, "[d]efense counsel has no constitutional right to conduct his own search of the government's files to argue relevance." *Id.* at 505, *quoting Ritchie*, 480 U.S. at 59.  Accordingly, "[m]ere speculation about the existence of potentially exculpatory or impeaching evidence is insufficient to give the defense access to materials under *Brady*." *United States v. Pearson*, 2016 WL 7647523 (E.D.Va. Aug. 11, 2016) (Ellis, J.) (citation omitted).  *See also Freeman v. Griffin,* 2019 WL 8274272 at 10 (S.D.N.Y. July 30, 2019) ("Conclusory allegations that the government 'suppressed' or 'concealed' evidence do not entitle [petitioner] to relief").

As further discussed below, because the information at issue is classified, the government need not produce it unless it is relevant and helpful to the defense - which it is not.  But the redacted information at issue here is not discoverable even under the standard for unclassified information set forth in Fed. R. Crim. P. 16(a)(1)(E).  Under that rule, a document is discoverable if it is: (i) material to preparing a defense; (ii) the government intends to use the document in its case-in-chief, or (iii) the document was obtained from or belongs to the defendant.  The government does not intend to use the Document in its case-in-chief, and it does not belong to Hale.  Further, the information redacted from the Document is not material to the Hale's defense.

"[A]n item that the government is required to provide must not only be exculpatory but also material in the sense that its suppression undermines confidence in the outcome of the trial." *Angelone*, 300 F.3d at 505 (internal quotation and citation omitted).  Materiality generally

3

requires "some indication that the pretrial disclosure of the disputed evidence would [enable] the defendant significantly to alter the quantum of proof in his favor." *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010). *See United States v. Cessa*, 861 F.3d 121, 128 (5th Cir. 2017) ("Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."). As explained in the Government's *Ex Parte* Pleading (attaching an unredacted version of the Document for the Court to review), the information redacted from the Document is not helpful to the defendant, much less anything that would alter the quantum of proof in Hale's favor.

Finally, even if the redacted information were relevant to the defense under Fed. R. Crim. P. 16, the government would be permitted to withhold it from discovery under the Classified Information Procedures Act ("CIPA"). Regardless of whether information is "relevant" to Hale's defense, under CIPA, the government is permitted to withhold it from discovery so long as it is not "helpful." Through examination of the attachment to the Government's *Ex Parte* Pleading, the Court can confirm that the redacted information would not be "helpful to the defense of [the] accused." *United States v. Mejia*, 448 F.3d 436, 455-56 (D.C. Cir. 2006) (quoting *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989) and *Roviaro v. United States,* 353 U.S. 53 60-61 (1957)).

Inasmuch as the information redacted from the Document is not exculpatory, material under Fed. R. Crim. P. 16, or helpful to the defense, Hale is not entitled it.

Finally, as explained the Government's *Ex Parte* Pleading, government provided the defense in discovery with a page of the Document that contains six words that should have been redacted but were not. Accordingly, we ask this Court to direct the defense to return to the government all its copies of the page of the Document marked as Bates 13322, and receive in its

place from the government a version of that page that redacts the last six words of the third full paragraph on that page.

A proposed order is enclosed. In accordance with this pleading and the government's *ex parte* pleading filed earlier today, that order would (a) confirm that the United States will provide to Hale a copy of the pages in the Document marked as Bates 13323 and 13324 that does not redact the last two rows of the referenced chart; (b) deny Hale's motion with respect to all other redactions; and (c) authorize the United States to retract the page in the Document marked as Bates 13322, and replace it with a version of the page that redacts the final six words of the third full paragraph on that page.

                                              Respectfully submitted,

                                              G. Zachary Terwilliger
                                              United States Attorney

By:              /s/
                       Gordon D. Kromberg
                       Assistant United States Attorney
                       United States Attorney's Office
                       2100 Jamieson Avenue
                       Alexandria, Virginia 22314
                       Phone: (703) 299-3700
                       Fax: (703) 299-3981
                       Email: gordon.kromberg@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on September 15, 2020, I electronically filed the foregoing GOVERNMENT'S UNCLASSIFIED RESPONSE TO DEFENSE'S MOTION TO COMPEL PRODUCTION OF UNREDACTED VERSION OF CLASSIFIED DOCUMENT (BATES NO. 13318 – 13325) and SUPPLEMENTAL PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                /s/           .
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov