IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>DANIEL EVERETTE HALE, )<br>)<br>*Defendants.* )<br>) | Civil Action No. 1:19-cr-00059<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the Government's Motion to Admit an Anonymous Writing as an Admission of the Defendant (dkt. 54), the Government's Motion *In Limine* to Exclude Certain Evidence, Argument, or Comment at Trial (dkt. 56), the Government's Motion *In Limine* to Allow the Redaction from Government Exhibits of Pages that Were Printed but Not Published (dkt. 58) and Defendant Daniel Everette Hale's Motion to Compel Production of Unredacted Version of Classified Document (Bates No. 13318–13325) (dkt. 141). These motions were all brought before the Court for hearing on October 13, 2020.

The Court hereby **ORDERS** that the Government's Motion to Admit an Anonymous Writing as an Admission of the Defendant (dkt. 54) is **GRANTED**, as the Court stated in the October 13 hearing; the government will be permitted to present the book chapter attributed to an anonymous author. Federal Rule of Evidence 901(a) requires the proponent of a piece of evidence to authenticate it before it can be admitted. *United States v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990). The Court's role in determining whether evidence is authentic is limited to that of a

1

"gatekeeper in assessing whether the proponent has offered a satisfactory foundation." *United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009). The court finds that the government has laid a satisfactory foundation for the purposes of admitting the evidence at trial. It now falls to the jury to determine whether the evidence is indeed what the government says it is: an anonymous writing that was written by Defendant admitting to the conduct of which he is accused. *Id.*

The Court further **ORDERS** that the Government's Motion *In Limine* to Exclude Certain Evidence, Argument, or Comment at Trial (dkt. 56) is hereby **GRANTED**. Defendant will not be permitted to offer evidence at trial or make arguments or comments before the jury concerning his supposed "good motives;" a claim that an alternative perpetrator committed the crimes, unless Defendant offers non-speculative evidence of any such individual's connection to the crimes and knowledge of or access to the classified information at issue; a claim that Defendant is being unfairly prosecuted because the leaking of classified information is common; or the punishment Defendant will face if he is ultimately convicted of the crimes charged. None of these arguments are permissible under Federal Rule of Evidence 403. *See United States v. Morison*, 622 F. Supp. 1009, 1010 (D. Md. 1985) (stating that a defendant's "good" motive is irrelevant where the statutory *mens rea* requirement is knowingness and wilfullness); *United States v. Lighty*, 616 F.3d 321, 358 (4th Cir. 2010) (stating that evidence of an alternative perpetrator is admissible only when the evidence is relevant and shows a connection between the alleged alternative perpetrator and the crime); *United States v. Fowler*, 932 F.2d 306, 316 (4th Cir. 1991) (stating that excluding evidence that the defendant's acts were commonplace is proper and does not affect a substantial right of the defendant); *United States v. Shannon*, 512 U.S. 573, 579 (1994) ("Information regarding the consequences of a verdict is… irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province,

distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.").

The parties agreed in the hearing to allow the redaction of government exhibits that were allegedly printed by the Defendant but not published, provided that any distinction between the number of pages is included. The Government's Motion *In Limine* to Allow the Redaction from Government Exhibits of Pages that Were Printed but Not Published (dkt. 58) is thus **GRANTED** on the basis of the parties' agreement.

Defendant's Motion to Compel Production of Unredacted Version of Classified Document (Bates No. 13318–13325) (dkt. 141) was rendered redundant by the Court's previously issued Memorandum Opinion on the government's CIPA § 6(a) Motion, and is hereby **DENIED AS MOOT**.

It is **SO ORDERED.**

November 17, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge