IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | No. 1:19-cr-59 |
| v.                           ) | |
| ) | Hon. Liam O'Grady |
| DANIEL EVERETTE HALE,        ) | |
| ) | |
| Defendant.              ) | Trial: April 5, 2021 |

**DEFENSE RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO ALLOW AUTHENTICAION AND ADMISSION OF CERTAIN BUSINESS AND ELECTRONIC RECORDS (Dkt. No. 168)**

In general, the defense does not oppose the government's motion for a pre-trial ruling on the authenticity of and hearsay exceptions applicable to certain proposed government exhibits, as delineated below. *See* Govt Motion *in Limine*, Dkt. No. 168. That a proposed exhibit is authentic and not hearsay (or subject to a hearsay exception) does not equate to admissibility, however. *See* Fed. R. Evid. 401-403. Depending on the manner in which these proposed exhibits are offered at trial, other objections to admissibility may apply—for example, relevance and prejudice, *see* Fed. R. Evid. 401 & 403. And while we do not anticipate objecting to the majority of the government's proposed exhibits, the defense nevertheless reserves its right to object to admissibility at trial on applicable grounds.

With that said, the defense has no authenticity or hearsay objections to the documents referenced by proposed government exhibits 611-C, 620-C, 701-A, 419-A, 420-A, 707, 708, 709, 427, 428, 429. *See* Govt Motion, Dkt. No. 168.

Neither does the defense object on authenticity or hearsay grounds to the documents referenced by proposed government exhibit 430 with one caveat: While the defense does not object to the authenticity of (or on hearsay grounds to) the binary files of the print jobs, the defense does not concede the authenticity of the print jobs themselves. The question of what each of the documents listed in the indictment looks like as a result of the manner in which it was printed is the subject of debate between the parties. So murky is the question of how the original documents should look that it was not until six years after this investigation began—and the defense raised the issue—that the government determined it may have been printing the documents through the wrong "viewer." Accordingly, while the defense does not intend to object to the printed documents as hearsay, the defense *does* object to any pre-trial determination of the authenticity of the printed versions of the documents.

Respectfully Submitted,

DANIEL EVERETTE HALE
By Counsel,

Geremy C. Kamens
Federal Public Defender

_____/s/_____
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0845
Facsimile: (703) 600-0880

Todd_Richman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

/s/
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0840
Facsimile: (703) 600-0880
Cadence_Mertz@fd.org