**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **No. 1:19-cr-59 (LO)** |
| | ) | |
| **DANIEL EVERETTE HALE,** | ) | **Trial: April 5, 2021** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION
_IN LIMINE_ TO ADMIT CERTAIN TRIAL EXHIBITS (Dkt. No. 170)**

The government's Motion _in Limine_ to Admit Certain Trial Exhibits (Dkt. No. 170) seeks pre-trial admissibility rulings regarding two categories of exhibits: i) eight items in the "200" series of government exhibits relating to sale and distribution of a book by the person identified in the Indictment as the Reporter; and ii) two certificates in the "'700" series of government exhibits attesting to the non-existence of certain government records. The defense has no objection to the admission of the latter category (the two certificates of non-existence of records), but opposes the admission of the former category of exhibits as irrelevant under Fed. R. Evid. 401 & 402, and – if these exhibits are found to be marginally relevant – as likely to confuse the issues, cause undue delay and waste time under Fed. R. Evid. 403.

With respect to the evidence regarding the sales of the Reporter's book, the government intends to offer the evidence to prove the value of the allegedly stolen documents, which were reprinted in the book (an element of the theft offense charged in Count Five is that the documents' value must exceed $1,000). The theory goes,

apparently, that if people or institutions were willing to pay for the book, they must have been paying for copies of the documents, since the book was largely about the documents.  But, as the Indictment makes clear (and the evidence at trial will show), the documents in question were widely available <u>for free</u> on the internet before the book was published and remained so through the time the book was sold and, indeed, through the present.  Accordingly, the inference for which the government will offer the book-sale evidence does not withstand even the simplest of scrutiny.  It is like attempting to prove the value of statutory text enacted by the United States Congress (the text of which is available for free on the internet) by pointing to sales of law-school textbooks which re-print the law in question, along with background information and commentary about it.  In either case (the Reporter's book or the law-school textbook) the most obvious inference – and really the only rational inference – is that buyers of the book are paying for the author's commentary rather than for copies of the information that is already easily accessible for free.  It simply does not follow that *any* of the money spent on the book was spent to obtain copies of the documents, much less that any substantial amount of it was.  And even if some small subset of the money spent on the book was for the purposes of obtaining copies of the documents – itself a questionable proposition – the evidence would not even begin to help the jury understand what percentage of the revenue is attributable to paying for copies of the documents.

In these circumstances, the evidence of the book sales does not even meet the threshold definition of relevance in Fed. R. Evid. 401 – information that "has any

tendency to make a fact of consequence more or less probable than it would be without the evidence" – and should therefore be excluded under Fed. R. Evid. 402. Further, even if the evidence were to qualify as relevant, it would be so minimally relevant in these circumstances that it should be excluded under Fed. R. Evid. 403 as likely to "confus[e] the issues, mislead[] the jury, [cause] undue delay, [or] wast[e] time." Accordingly, the government's Motion *in Limine* should be denied with respect to the eight "200" series exhibits listed in the Motion.

Respectfully Submitted,

DANIEL EVERETTE HALE
By Counsel,

Geremy C. Kamens
Federal Public Defender

_____/s/_____
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders
Counsel for Mr. Hale
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0845
Facsimile: (703) 600-0880
Todd_Richman@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 14, 2020, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

/s/
Todd M. Richman
Va. Bar No. 41834
Assistant Federal Public Defender
Counsel for Mr. Hale
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0845
Facsimile: (703) 600-0880
Todd_Richman@fd.org