IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

GOVERNMENT'S MOTION FOR JUDICIAL NOTICE RE: TIME ZONES

The United States hereby moves the Court to take judicial notice of the facts that

(A)     Springfield, Virginia, within the Eastern District of Virginia, falls within the
Eastern time zone for purposes of determining Eastern Standard Time ("EST") and
Eastern Daylight Time ("EDT");

(B)      "UTC Time" is five hours ahead of Eastern Standard Time, and four hours ahead
of Eastern Daylight Time; and

(C)     In 2014, Eastern Daylight Time started in the month of March.

While these facts are unlikely to be disputed,[1] we raise these matters before trial to minimize the

possibility that the trial will be delayed pending resolution of matters that could have been resolved

before the jurors arrive.

Factual Context

In parts of 2013 and 2014, the defendant was employed at the National Geo-Spatial

Intelligence Agency ("NGA"), in Springfield, Virginia.  As alleged in the Superseding Indictment,

between February and June 2014, the defendant printed out at NGA documents identified in the

indictment as Documents A through T.  Electronic records compiled by NGA establish the dates

_____

[1] On December 15, 2020, defense counsel notified the government that the defense had
no objection to the Court taking judicial notice with respect to UTC time.

and times at which Documents A through T were printed.  These records establish the times in the "UTC" system.[2]

Other electronic records compiled by NGA establish the times at which the defendant's computer network account was logged into, unlocked, and/or locked.  These records establish the times in accordance with Eastern Standard Time or Eastern Daylight Time.  To integrate these records together, and show that the defendant's computer network account was unlocked at the time the documents in question were printed, the United States must establish the relationship between UTC time (from the print job records) and EST or EDT (from the log-in and lock/unlock records).  This relationship should be accomplished through the Court taking judicial notice of the facts that (A) Springfield, Virginia, within the Eastern District of Virginia, falls within the Eastern Time Zone; (B) "UTC Time" is five hours ahead of Eastern Standard Time, and four hours ahead of Eastern Daylight Time; and (C) in 2014, Eastern Daylight Time started in the month of March.

Federal Rule of Evidence 201 states that the Court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). Rule 201 further states that "the court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c)(2).  Judicial notice may be taken at any stage of the proceeding.  *Id.* at 201(d).

---

[2] "Coordinated Universal Time, abbreviated as UTC, is the primary time standard by which the world regulates clocks and time. Local time on the east coast of the United States is five hours behind UTC during winter but four hours behind while daylight savings is observed." *United States v. Michael,* 664 Fed.Appx. 32, 35-36 (2d Cir. 2016).

A.   Springfield, Virginia, within the Eastern District of Virginia,
     Falls within the Eastern Time Zone for Purposes of Determining
     Eastern Standard Time and Eastern Daylight Time

The fact that Springfield, Virginia, within the Eastern District of Virginia, falls within the

Eastern Time Zone is a fact generally known in this district, and that fact should not reasonably

be in dispute.  Accordingly, the Court should take judicial notice of that fact.  *See, e.g., Ceglia v.*

*Zuckerberg*, 2013 WL 1208558 *51 n.61 (W.D. N.Y. Mar. 26, 2013) ("The court takes judicial

notice that Harvard, Wellsville, New York, and Florida, are all within the Eastern Time Zone");

*In re Gemstar–TV Guide International, Inc. Securities Litigation*, 209 F.R.D. 447, 451 n. 7

(C.D.Cal.2002) ("The court takes judicial notice of the fact that the time difference between the

east coast— where Chan, Reiss, and Napoli are located — and Tokyo, Japan — where

Haruyama is located — is thirteen hours during daylight savings time. See

www.timezoneconverter.com").

B.    "UTC Time" is five hours ahead of Eastern Standard
      Time, and Four Hours Ahead of Eastern Daylight Time

Similarly, the facts that "UTC Time" is five hours ahead of Eastern Standard Time,

and four hours ahead of Eastern Daylight Time, also are the proper subject of judicial

notice.  In *United States v. Michael,* 664 Fed.Appx. 32 (2d Cir. 2016), the Second Circuit

considered the appeal of a defendant who challenged a district court's instruction that explained

UTC Time.  The district court had taken judicial notice of the relationship between UTC and

Eastern Time.  The district court told the jury that "'Coordinated Universal Time, abbreviated as

UTC, is the primary time standard by which the world regulates clocks and time. Local time on

the east coast of the United States is five hours behind UTC during winter but four hours behind

while daylight savings is observed."  *Id*. at 35-36.

3

On appeal, the Second Circuit affirmed the district court's decision to take judicial notice of the relationship between UTC and Eastern Time. In doing so, it held that "[t]he relationship between UTC and Eastern Time is not subject to reasonable dispute—Michael himself makes no effort to dispute it—and so, by the terms of the rule, both the timing and content of the district court's instruction to the jury were legitimate." *Id.*

The facts of which the district judge took judicial notice in *Michael* are *identical* to the facts of which we ask this Court to take judicial notice at trial in this case.  For the reasons explained by the Second Circuit in *Michael,* this Court should agree to do so.  *See also Collier v. Bronson*, 2017 WL 1424900 *1 n. 1(S.D. Alabama, Apr. 20, 2017) ("Here, the Court takes judicial notice that UTC, or Coordinated Universal Time, is the primary time standard by which the world regulates clocks and time. Local time in the Central Time zone is six hours behind UTC during winter but five hours behind while daylight savings time is observed").

C.  In 2014, Eastern Daylight Time started in the month of March

Finally, the fact that, in 2014, Eastern Daylight Time started in March 2014, "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  After all, federal law provides that "Daylight Savings Time" starts at 2:00 a.m. on the second Sunday of March each year.  15 U.S.C. § 260a (a) "Daylight savings time is established by statute, 15 U.S.C. § 260a, of which the court takes judicial notice." *Ceglia v. Zuckerberg,* 2013 WL 1208558 *51 n.60.  *See, e.g., United States v. Wilson*, 451 F.2d 209, 214 (5th Cir.1971) (affirming the denial of  a motion to suppress the fruits of a search warrant for failure to execute the warrant during the daytime where the district court took judicial notice that daylight saving time was in effect on the date of the search); *Coats v. Pope*, 2019 WL 7195551 *2 n.3 (D.S.C. July 03, 2019) (adopted in part and denied in part on

other grounds, 2019 WL 5586871) ("The court takes judicial notice that daylight savings time

began on March 13, 2016"); *NobelBiz, Inc. v. Global Connect, L.L.C.*, 2014 WL 12613389 *3

n.2  (E.D. Tex. Feb.26, 2014) ("The parties refer to Eastern Standard Time and Central Standard

Time, but the Court takes judicial notice that both Alexandria, Virginia—where the USPTO is

located—and the Eastern District of Texas observe Daylight Savings Time, which began on

March 10 and ended on November 3, 2013"); *Empire Fire and Marine Ins. Co. v. Continental*

*Cas. Co.*, 426 F.Supp.2d 329, 333 (D.Md.2006) (taking judicial notice of 15 U.S.C. § 260a and

that daylight saving time was in effect on specific date).

<u>Conclusion</u>

The requirements for judicial notice are satisfied for the following facts:

(A)     Springfield, Virginia, within the Eastern District of Virginia, falls within the
        Eastern time zone for purposes of determining Eastern Standard Time ("EST") and
        Eastern Daylight Time ("EDT");

(B)      "UTC Time" is five hours ahead of Eastern Standard Time, and four hours ahead
        of Eastern Daylight Time; and

(C)     In 2014, Eastern Daylight Time started in the month of March.

Accordingly, the government requests that the Court rule that, at trial, it will take judicial notice

of those facts.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     _____/s/_____
        Gordon D. Kromberg
        Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: 703-299-3700
        Fax: 703-299-3981
        Gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2020, I electronically filed the foregoing copy of the

GOVERNMENT'S MOTION FOR JUDICIAL NOTICE RE: TIME ZONES with the Clerk of

Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of

record.

By:  _____/s/_____
     Gordon D. Kromberg
     Assistant United States Attorney
     United States Attorney's Office
     2100 Jamieson Avenue
     Alexandria, Virginia 22314
     Phone: 703-299-3700
     Fax: 703-299-3981
     Gordon.kromberg@usdoj.gov