IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

UNCONTESTED GOVERNMENT MOTION TO FOR A PROTECTIVE ORDER
REGARDING SENSITIVE SECURITY INFORMATION

With the consent of the defendant, the United States hereby moves this Court for a protective order to protect potential disclosure of Sensitive Security Information ("SSI"), as defined in 49 C.F.R. Part 1520, in open court during the trial in the above-captioned case scheduled for April 5, 2021.  Evidence of Transportation Security Information procedures, which are SSI, are contained in Document T, a document identified in the Superseding Indictment as a document that was printed out by the defendant in the course of his employment at the National Geo-spatial Intelligence Agency.  There is no allegation, however, that Document T ever was published in the media, and to the best of our knowledge, it has not been publicly distributed.  Accordingly, the SSI contained in Document T must be protected from public disclosure in accordance with 49 C.F.R. Part 1520.

Counsel for the defendant has notified undersigned counsel that the defense does not oppose entry of the proposed order that the government is filing with this motion.

REGULATORY AND STATUTORY AUTHORITY
OF THE TRANSPORTATION SECURITY ADMINISTRATION

By way of background, Congress, in response to the terrorist attacks of September 11, 2001, enacted the Aviation and Transportation Security Act (ATSA), Pub. L. No. 107-71, on

November 19, 2001, which created the Transportation Security Administration ("TSA"). TSA prescribes policies and regulations on civil aviation security, including with regard to passenger, baggage, and cargo security. 49 U.S.C. § 44901, *et seq*.

TSA has the authority to prohibit the disclosure of information obtained or developed in carrying out security activities if it determines that disclosure of such information would be detrimental to the security of transportation. 49 U.S.C. § 114(r); 49 U.S.C. § 40119(b)(1)(C). Pursuant to this authority, TSA issued Federal regulations governing this information, known as Sensitive Security Information, or "SSI." Those regulations are found at 49 C.F.R. Part 1520. The need to protect SSI stems primarily from the extent to which that information, if compromised, would reveal a systemic vulnerability of the aviation system or aviation facilities to attack. Under the regulations "covered persons" refers to any person who is authorized to have access to specific SSI and includes, among others, employees of airport operators, aircraft operators, and the Department of Homeland Security. 49 C.F.R. § 1520.7.

TSA regulations prohibit the disclosure of SSI except to those with an operational "need to know." 49 C.F.R. § 1520.11. Federal employees, to include court personnel, who have access to SSI because access to that information is necessary for the performance of that personnel's official duties are defined as persons with a need to know. 49 C.F.R. § 1520.11(b). Parties in federal court litigation and members of the public do not fall within the "need to know" category simply because SSI may be germane to the trial.

In this case, members of the public do not fall within the definition of individuals who are authorized to receive SSI. TSA may also make conditional disclosures of SSI upon a written determination by TSA that disclosure of SSI, subject to such limitations and restrictions as TSA

may prescribe, would not be detrimental to transportation security. 49 C.F.R. § 1520.15(e). Thus, while defendant and his attorney are not covered parties eligible to receive SSI pursuant to 49 C.F.R. § 1520.7, TSA may seek to make a conditional disclosure of SSI in order to ensure that the case may proceed without prejudicing the constitutional rights of the defendant.

Further, TSA's designation of information as SSI is reviewable only in the United States Courts of Appeals – not in the United States District Courts. *See* 49 U.S.C. § 46110(a); *MacLean v. Dep't of Homeland Sec.*, 543 F.3d 1145, 1149 (9th Cir. 2008); *Gilmore v. Gonzales,* 435 F.3d 1125, 1133 (9th Cir. 2006); *Chowdhury v. Northwest Airlines Corp.*, 226 F.R.D. 608, 614 (N.D. Cal. 2004). Because SSI is privileged and cannot be disclosed to the general public SSI information cannot be released at the sentencing hearing without TSA's express authorization. The Court does not have jurisdiction to order disclosure of SSI. *See* 49 U.S.C. § 114(r); 49 C.F.R. Part 1520; *Chowdhury,* 226 F.R.D. at 614.

Due to the nature of the present case, certain information regarding TSA procedures are contained in Document T, identified in the Superseding Indictment as one of the documents that the defendant printed in the course of his employment at NGA. These protocols fall within the definition of SSI and are, therefore protected from public disclosure. 49 C.F.R. § 1520.5(b)(9)(vi), regardless of any conditional release of the SSI by TSA to the defendant and defense counsel.

## AUTHORITY TO PROTECT INFORMATION FROM THE PUBLIC

The disclosure of the foregoing information regarding TSA protocols would unacceptably increase the risk to persons and property traveling in air transportation. The requested information contains SSI that could assist a potential hijacker or terrorist in circumventing

required screening procedures intended to protect the traveling public on passenger flights. If terrorists, hijackers, or any other person with a nefarious purpose learn the methods employed to protect the security of passengers it would make it easier to penetrate the system and introduce a explosive, or incendiary, or a destructive device or item onto a plane. Indeed, whether with ill-intent or not, the very real possibility exists that the information could be disseminated, potentially causing grave harm to the traveling public or, at the very least, eroding the passenger security measures in place. Further, release of this material could reveal a security vulnerability.

The right of the government to withhold SSI from the public, where disclosure would be detrimental to the public interest, has been judicially upheld. *See United States v. Moussaoui*, No. 01-455-A (E.D. Va. June 11, 2002) (Dkt. #176) ("Protective Order as to Zacarias Moussaoui granting [174-1] motion for Protective Order Prohibiting Disclosure of Sensitive Aviation Security Information to the Defendant (signed by Judge Leonie M. Brinkema"). In *Moussaoui,* Judge Brinkema ordered defense counsel not to disclose to defendant any SSI that the defense obtained in discovery. *See* Linda L. Lane, *The Discoverability of Sensitive Security Information in Aviation Litigation*, 71 J. Air L. & Com. 427, 443-45 (2006), *citing* 2002 U.S. Dist. Lexis 11088 (E.D.Va. 2002).

*See also Torbet v. United Airlines*, 298 F.3d 1087, 1089 (9th Cir. 2002) (noting that the district court requiring the defendant to produce SSI *in camera* for inspection after passenger plaintiff demanded copies of certain security procedures that were SSI); *Gray v. Southwest Airlines*, 33 Fed. Appx. 865, 867 (9th Cir. 2002) (affirming lower court's protective order which denied *pro se* plaintiff passenger access to certain records containing SSI); *Ospina v. Trans World Airlines, Inc.,* 975 F.2d 35, 38 (2d Cir. 1992) ("the District Court excluded the public and

4

the press during those portions of the trial where the testimony related to "sensitive airline security information");[1] *Public Citizen Families of Pan-Am.103/Lockerbie v. Federal Aviation Administration,* 988 F.2d 186, 187-89 (D.C. Cir. 1993) (describing the history of the promulgation of SSI regulations).

During the trial defendant, defendant's counsel, government witnesses, undersigned government attorneys, official court personnel, and jurors are defined as either a covered party or persons with a need to know, or are likely to be designated as parties who may view SSI as part of the conditional disclosure of SSI pursuant to 49 C.F.R. § 1520.15(e). As such, barring the parties from publicly disclosing the specifics contained in Document T would not be an inconvenience for the Court.

## Conclusion

In view of the foregoing, the undersigned requests the Court to direct that, pursuant to 49 C.F.R. Part 1520, the parties may refer at trial to Document T and its subject matter in general terms, but no party may mention in open Court any specific information contained in Document T, whether that information appears in the document itself, or in any exhibit containing any part of Document T. Further, the Court should instruct that Document T may be shown to the jury, but not be displayed on any monitor for the public. The Court should instruct all court personnel and jurors present that any SSI must be protected and that they are not authorized to release such information. The Court should then seal the exhibit that consists of Document T.

---

[1] The quotation referenced is taken from an opinion that dissented from the majority opinion on grounds unrelated to the SSI procedures used at trial.

As noted above, counsel for the defense has notified undersigned counsel that the defense does not oppose entry of the draft order we file with this motion.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Gordon D. Kromberg
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on January 28, 2021, I electronically filed the foregoing copy of the GOVERNMENT'S MOTION TO FOR A PROTECTIVE ORDER REGARDING SENSITIVE SECURITY INFORMATION and CONSENT PROTECTIVE ORDER REGARDING SENSITIVE SECURITY INFORMATION with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

By:      /s/
Gordon D. Kromberg
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Gordon.kromberg@usdoj.gov