IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19cr59 |
| | ) | |
| DANIEL EVERETTE HALE | ) | |

**GOVERNMENT'S MOTION TO ADMIT SUMMARY CHARTS IN LIEU
OF ADMISSION OF THE UNDERLYING SUMMARIZED DOCUMENTS**

Pursuant to Federal Rule of Evidence 1006, the United States moves this Court to admit summary charts of voluminous records in this case without necessity for introduction of the underlying records themselves.

While this motion is unlikely to be disputed,[1] we raise it before trial to minimize the possibility that the trial will be delayed pending resolution of matters that could have been resolved before the jurors arrive.

As alleged in the superseding indictment, the defendant printed the documents identified as Documents A through T in the course of his employment at the National Geo-Spatial Intelligence Agency ("NGA"), and then provided them to the Reporter.  One way that the government will prove this allegation is by establishing that Documents A through T were, in fact, printed through a computer network account at NGA in the name of the defendant.  Such proof could be presented through Government Exhibit ("GX") 417, which lists all of the

---

[1] On December 15, 2020, defense counsel notified the government that the defense had no objection to use of certain summary charts, subject to its review of the actual summary charts in advance of trial.

documents that the defendant printed during the course of his employment at NGA. GX 417 specifies the particular dates and times at which Documents A through T were printed.

To corroborate the linkage of the defendant to the print jobs provided by GX 417, the United States intends to introduce records of when the defendant's NGA identification badge was read by security readers at entrances to the NGA facility and interior access points in that facility. Those records, identified as GX 413, consist of 96 pages, and identify every time the defendant's identification badge was read at NGA from the day he started there (December 16, 2013) to the day he ended his employment there (August 8, 2014). Of the more than 1700 separate entries on the 96 pages that make up GX 413, perhaps 75 are specifically probative of Hale's presence at NGA when the documents in question were printed.

To further corroborate the linkage of the defendant to the print jobs provided by GX 417, the United States also intends to introduce records of when the defendant's computer network accounts were locked and unlocked. Those records, identified as GX 414, consist of 107 single-spaced pages, and identify instances in which the defendant's computer network accounts at NGA were locked or unlocked at NGA between January 2, 2014, and August 8, 2014. Yet, of the thousands of separate entries on the 107 pages that make up GX 414, fewer than five percent of them are specifically probative of Hale's use of his computer network accounts at NGA when the documents in question were printed.

To establish that the defendant was present at NGA and using his NGA network computers at the times that Documents A through T were printed through his accounts at NGA, the government intends to offer in evidence at trial charts to summarize the temporal relationships between the items listed on GX 417 (the listing of when individual documents were

printed), GX 414 (the listing of when the defendant was badged into the NGA premises), and GX 414 (the listing of when Hale's computer network accounts were unlocked).  For each of the dates upon which one of Documents A through T were printed, use of these charts will summarize into one page the information on the 96 pages of GX 413, and the 107 pages of GX 414 that is relevant to those particular dates.

Introduction of GX 413 and 414 would provide the jurors with over 200 pages of information, of which only specific lines on scattered pages will be specifically meaningful to them.  Instead, the United States seeks to introduce into evidence only summary charts and not the underlying records themselves.  This procedure is in accord with Fed.R.Evid. 1006, governing the use of summary charts.  Examples of the summary charts in question, GX 301-ABCDEF (regarding events on February 28, 2014); GX 301-IJK (regarding events on April 3, 2014); GX 301-L (regarding events on April 30, 2014); GX 301-MN (regarding events on May 14, 2014); GX 301-OPQR (regarding events on May 15, 2014); and GX 301-T (regarding events on June 27, 2014), are attached as exhibits to this pleading.

Federal Rule of Evidence 1006 permits summaries of the evidence when the writings, recordings, or photographs are voluminous.  In pertinent part, it provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be in the form of a chart, summary or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place.  The court may order that they be produced in court.

"The purpose of this Rule is to reduce the volume of written documents that are introduced into evidence by allowing in evidence accurate derivatives from the voluminous documents." *United States v. Janati*, 374 F.3rd 263, 272 (4th Cir. 2004).  So long as the charts are accurate,

the rule does not require the underlying documentation to be introduced into evidence. *Id.* at 272-273. *Accord United States v. Brown,* 820 Fed.Appx. 191 (4th Cir. 2020). *See, e.g., United States v. Oleyede,* (where the selection of items contained on the chart was misleading, the chart should not have been admitted). Instead, the charts or summaries themselves becomes the evidence. *Janati,* 374 F.3d at 273.

As Judge Cacheris wrote, the "Fourth Circuit has set forth the following guidelines governing the use of charts and summaries at trial:

> Summary charts are admissible if they aid the jury in ascertaining the truth. The complexity and length of the case as well as the numbers of witnesses and exhibits are considered in making that determination. While the potential prejudice to a defendant must be considered, prejudice may be dispelled by giving the defendant an opportunity to cross-examine the individual who prepared the chart. In addition, a cautionary jury instruction may be requested and given.

*United States v. Ging-Hwang Tsoa*, 2013 WL 6145664 *4 (E.D. Va. Nov. 20, 2013) (Cacheris, J.), *citing United States v. Loayza,* 107 F.3d 264 (4th Cir. 1997).

In *Janati*, the Fourth Circuit wrote:

> Because the underlying documents need not be introduced into evidence, the chart itself is admitted as evidence in order to give the jury evidence of the underlying documents. *See Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 190 (4th Cir.1994). In this respect, Rule 1006 summary charts are distinguishable from other charts and summaries that may be presented under Federal Rule of Evidence 611(a) to facilitate the presentation and comprehension of evidence already in the record.

*Janati,* 374 F.3d at 273.

As described above, the materials in this case "cannot conveniently examined in court." Further, the government has provided the underlying documents to the defense - and we will

4

bring the underlying documents to court in case the defense needs to refer to them or check them for accuracy. There is no dispute regarding their accuracy.

Permitting summary charts to reduce the volume of evidence in this case will assist the jury in its search for the truth and reduce the time it needs to focus on the most relevant evidence. Accordingly, the summary charts should be admitted in lieu of admission of the underlying summarized documents.

        Respectfully submitted,

        Raj Parekh
        Acting United States Attorney

By: _____/s/_____
     Gordon D. Kromberg
     Virginia Bar No. 33676
     Assistant United States Attorney
     Attorney for the United States
     2100 Jamieson Avenue
     Alexandria, VA 22314
     (703) 299-3700
     (703) 837.8242 (fax)
     gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that, on February 13, 2021, I electronically filed the foregoing copy of the GOVERNMENT'S MOTION IN LIMINE TO ADMIT TO ADMIT SUMMARY CHARTS IN LIEU OF ADMISSION OF THE UNDERLYING SUMMARIZED DOCUMENTS with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                                        By:        /s/
                                                                Gordon D. Kromberg
                                                                Assistant United States Attorney
                                                                United States Attorney's Office
                                                                2100 Jamieson Avenue
                                                                Alexandria, Virginia 22314
                                                                Phone: 703-299-3700
                                                                Fax: 703-299-3981
                                                                Gordon.kromberg@usdoj.gov