IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.  ) <br> ) <br> DANIEL EVERETTE HALE, ) <br> ) <br> *Defendant.* ) <br> ) | Case No. 1:19-cr-00059 <br> Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on Defendant's *Daubert* motion to exclude the expert testimony of Dr. Eric L. Lang from trial. Dkt 154. The motion was fully briefed and the Court heard oral argument on February 25, 2021.

The Court considers the motions under Federal Rule of Evidence 702, governing the admissibility of expert testimony: "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In carrying out its "gatekeeping role," the Court is mindful of additional applicable rules and the risks of misleading or confusing the jury with certain expert testimony. See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595-96 (1993); Fed. R. Evid. 403. Proposed expert testimony must not be based "on belief or speculation, and inferences must be derived using scientific or other valid

methods." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200 (4th Cir. 2001) (quoting *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)).

At the hearing, Dr. Lang testified in detail about his methodology of selecting certain exfiltrated documents and excluding others. He explained the detailed examination of each case by his researchers, and the criteria used to select the cases for inclusion in the valuation. He performed the mean and median values after determining the cases selected. He responded to the Defendant's questions about the relevance of his testimony appropriately. He did review the documents at issue in this case and explained why they could be evaluated using his methodology.

Defendant's motion to exclude Dr. Lang's testimony is hereby **DENIED**. Dr. Lang's experience as director of the Defense Personnel and Security Research Center (PERSEREC) qualifies him as an expert on the topic of unauthorized disclosures of classified information, and his proffered testimony is relevant and based on sufficient data and reliable methods. Furthermore, the Court sees no danger of Dr. Lang's testimony confusing or otherwise misleading the jury. For these reasons, Dr. Lang will be permitted to testify at trial.

It is **SO ORDERED**.

March 2, 2021  
Alexandria, Virginia

Liam O'Grady  
United States District Judge