IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:19-CR-59 |
| v. | The Honorable Liam O'Grady |
| DANIEL EVERETTE HALE, | |
| *Defendant.* | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, the United States of America, by undersigned counsel, respectfully requests the Court to include in its charge to the jury the following instructions and such other instructions as may be appropriate during the course of the trial.  The government further reserves the right to file any supplemental instructions as may appear necessary and proper.

Please note that place-holders for names of the Reporter and the Reporter's News Outlet are highlighted within the attached instructions in yellow; these names are obscured now to protect classified information, but at trial will be referenced openly.

//

//

//

//

//

//

i

In accordance with Local Rule 30, we also have included a version of the proposed instructions without citations of authority.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Alexander P. Berrang
Gordon D. Kromberg
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: Alexander.P.Berrang@usdoj.gov
Email: Gordon.Kromberg@usdoj.gov

Heather M. Schmidt
Senior Trial Attorney
Counterintelligence-Export Control Section
National Security Division
U.S. Department of Justice

# TABLE OF CONTENTS

SECTION ONE: GENERAL INSTRUCTIONS ........................................................................ 1

INSTRUCTION NO. 1

Introduction to the Final Charge–Province of the Court and of the Jury ........................................ 2

INSTRUCTION NO. 2

Judging the Evidence .................................................................................................................... 4

INSTRUCTION NO. 3

Evidence Received in the Case–Stipulations, Judicial Notice, and Inferences Permitted .............. 5

INSTRUCTION NO. 4

Direct and Circumstantial Evidence ............................................................................................. 7

INSTRUCTION NO. 5

Inferences from the Evidence ....................................................................................................... 8

INSTRUCTION NO. 6

Inference of Regularity ................................................................................................................. 9

INSTRUCTION NO. 7

Evidence Admitted for a Limited Purpose Only .......................................................................... 10

INSTRUCTION NO. 8

Jury's Recollection Controls ........................................................................................................ 11

INSTRUCTION NO. 9

The Question Is Not Evidence ..................................................................................................... 12

INSTRUCTION NO. 10

Credibility of Witnesses–Generally ............................................................................................. 13

INSTRUCTION NO. 11

Credibility of Witnesses–Inconsistent Statement ....................................................................... 15

INSTRUCTION NO. 12

Credibility of Witnesses–The Defendant as a Witness ................................................................ 16

INSTRUCTION NO. 13

Effect of the Defendant's Decision Not to Testify ....................................................................... 17

INSTRUCTION NO. 14

Character Evidence–Reputation of the Defendant ...................................................................... 18

INSTRUCTION NO. 15

Credibility of Witnesses–Bad Reputation for Truth and Veracity ................................................ 19

INSTRUCTION NO. 16

Credibility of Witnesses–The Refusal of a Witness or the Defendant to Answer ........................ 20

INSTRUCTION NO. 17

Statement or Conduct of a Defendant ........................................................................................... 21

INSTRUCTION NO. 18

Opinion Evidence–The Expert Witness ........................................................................................ 22

INSTRUCTION NO. 19

Charts & Summaries Admitted into Evidence .............................................................................. 23

INSTRUCTION NO. 20

Objections and Rulings ................................................................................................................. 24

INSTRUCTION NO. 21

Court's Comments to Counsel ...................................................................................................... 25

INSTRUCTION NO. 22

Court's Questions to Witnesses .................................................................................................... 26

INSTRUCTION NO. 23

Court's Comments on Certain Evidence ....................................................................................... 27


SECTION TWO: CHARGES AGAINST THE DEFENDANT ..................................................... 28

INSTRUCTION NO. 24

Consider Only the Offense Charged ............................................................................................. 29

INSTRUCTION NO. 25

The Indictment Is Not Evidence ................................................................................................... 30

INSTRUCTION NO. 26

Presumption of Innocence - Burden of Proof .............................................................................. 31

INSTRUCTION NO. 27

Consider Each Count Separately ................................................................................................... 32

INSTRUCTION NO. 28

Disjunctive Proof–Explained ....................................................................................................... 33

INSTRUCTION NO. 29

"On or About"–Explained............................................................................................................. 34

INSTRUCTION NO. 30

The Nature of the Offenses Charged–Counts One, Two, and Three ............................................ 35

INSTRUCTION NO. 31

Purpose of the Statute–Section 793 of Title 18 of the U.S. Code................................................ 38

INSTRUCTION NO. 32

The Statutes Defining the Offenses Charged–Counts One, Two and Three ................................ 39

INSTRUCTION NO. 33

Elements of the Offense Charged–Counts Two and Three ........................................................ 40

INSTRUCTION NO. 34

Elements of the Offense Charged–Count One ........................................................................... 43

INSTRUCTION NO. 35

Elements of the Offense Charged–Relevant Definitions for Counts One to Three ..................... 44

INSTRUCTION NO. 36

Definition of National Defense Information ............................................................................... 47

INSTRUCTION NO. 37

The Nature of the Offense Charged–Count Four (Disclosure of Classified Communication Intelligence Information) ........................................................................................................... 50

INSTRUCTION NO. 38

The Statute Defining the Offense Charged–Count Four (Disclosure of Classified Communication Intelligence Information) ........................................................................................................... 51

INSTRUCTION NO. 39

Elements of the Offense Charged–Count Four (Disclosure of Classified Communication Intelligence Information) ........................................................................................................... 52

INSTRUCTION NO. 40

The Nature of the Offense Charged–Count Five (Theft of Government Property) ..................... 54

INSTRUCTION NO. 41

The Statute Defining the Offense Charged–Count Five (Theft of Government Property) ........... 55

INSTRUCTION NO. 42

Elements of the Offense Charged–Count Five (Theft of Government Property) ........................ 56

INSTRUCTION NO. 43

Definitions for Count Five–Property Belonged to the United States ........................................... 57

INSTRUCTION NO. 44

Definitions for Count Five–"Thing of Value" and "Value" ........................................................ 58

INSTRUCTION NO. 45

Definitions for Count Five–Steal, Conversion, and Conveyance ................................................ 59

INSTRUCTION NO. 46

Definitions for Count Five–"Knowingly" ................................................................................... 60

INSTRUCTION NO. 47

Multiple Sources ....................................................................................................................... 61

INSTRUCTION NO. 48

Venue ....................................................................................................................................... 62

INSTRUCTION NO. 49

Proof of Knowledge or Intent ............................................................................................. 63

INSTRUCTION NO. 50

Motive .................................................................................................................................. 64

INSTRUCTION NO. 52

Rule 404(b) Evidence .......................................................................................................... 65


SECTION THREE: DELIBERATIONS ................................................................................ 66

INSTRUCTION NO. 53

Verdict–Election of Foreperson–Duty to Deliberate–Unanimity–Punishment–Form of Verdict–
Communication with the Court.............................................................................................. 67

INSTRUCTION NO. 54

Exhibits During Deliberations .............................................................................................. 69

**<u>SECTION ONE: GENERAL INSTRUCTIONS</u>**

## INSTRUCTION NO. 1

<u>Introduction to the Final Charge–Province of the Court and of the Jury</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Superseding Indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:01 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 2**

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:02 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 3

Evidence Received in the Case–Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

[[*If applicable:*  When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  A joint stipulation is sufficient to prove the fact stipulated beyond a reasonable doubt, but does not relieve the government of the obligation to prove every element of the offense beyond a reasonable doubt.]]

The Court has taken judicial notice of certain facts or events.  When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to

what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

Authority: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:03 (6th ed., updated through Nov. 2020), modified in part to correct misstatements in publication that the jury is "not required to" accept as evidence a stipulation or agreement as to the existence of a fact or judicial notice of certain facts or event.

**INSTRUCTION NO. 4**

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:04 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 5**

<u>Inferences from the Evidence</u>

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:05 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 6**

<u>Inference of Regularity</u>

In the absence of evidence in the case to the contrary, you may infer, but are not compelled to infer, that official duty has been regularly and properly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

When evidence has been received in the case concerning any of these questions, you should be guided by the evidence and the application of your common sense.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:06 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 7

<u>Evidence Admitted for a Limited Purpose Only</u>

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

<u>Authority</u>: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 11:09 (6th ed., updated through Nov. 2020), modified to remove reference to evidence "admitted only concerning a particular party."

**INSTRUCTION NO. 8**

<u>Jury's Recollection Controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:07 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 9**

<u>The Question Is Not Evidence</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:08 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 10

<u>Credibility of Witnesses–Generally</u>

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 15:01 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 11**

<u>Credibility of Witnesses–Inconsistent Statement</u>

***If Applicable***

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

[[***If applicable:***  If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves]].

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 15:06 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 12**

<u>Credibility of Witnesses–The Defendant as a Witness</u>

***If Applicable***

You should judge the testimony of the defendant in the same manner as you judge the

testimony of any other witness in this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice
and Instructions § 15:12 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 13

<u>Effect of the Defendant's Decision Not to Testify</u>

### *If Applicable*

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that the defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 15:14 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 14**

<u>Character Evidence–Reputation of the Defendant</u>

***If Applicable***

The defendant has offered evidence of his good general reputation for [[***choose***: truth and veracity // honesty and integrity // being a law-abiding citizen]].  The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

[[***If applicable***:  Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crimes charged, may give rise to a reasonable doubt since the jury may think it improbable or unlikely that a person of good character for [[***choose***: truth and veracity // honesty and integrity // being a law-abiding citizen]] would commit such crimes.]]

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 15:15 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 15**

<u>Credibility of Witnesses–Bad Reputation for Truth and Veracity</u>

***If Applicable***

The credibility of a witness [[***if applicable***: or the defendant]] may be discredited or impeached by evidence showing that the general reputation of the witness [[***if applicable***: or the defendant]] for truth and veracity is bad.

If you believe a witness [[***if applicable***: or the defendant]] has been so impeached and thus discredited during this trial, it is your exclusive right to give the testimony of that impeached witness [[***if applicable***: or the defendant]] such weight, if any, you think it deserves.

You may consider this evidence of bad reputation for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness [[***if applicable***: or the defendant]].

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 15:09 (6th ed., updated through Nov. 2020).

19

**INSTRUCTION NO. 16**

<u>Credibility of Witnesses–The Refusal of a Witness or the Defendant to Answer</u>

***If Applicable***

The law requires that every witness [[***if applicable***: defendant]] answer all proper questions put to him or her at trial unless the Court rules that he or she is privileged to refuse to answer on Constitutional or other grounds.

The fact that a witness [[***if applicable***: defendant]] refuses to answer a question after being instructed by the Court to answer it may be considered by the jury as one of the factors in determining the credibility of the witness [[***if applicable***: defendant]] and the weight his or her testimony deserves.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 15:11 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 17

Statement or Conduct of a Defendant

### *If Applicable*

Evidence relating to any alleged statement, admission, act, or omission alleged to have been made or done by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care.  All such alleged statements, admissions, acts, or omissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, admission, act, or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement, admission, act, or omission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made or done the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and his treatment while in custody or under interrogation as shown by all of the evidence in the case.  Also consider all other circumstances in evidence surrounding the making of the alleged statement, admission, act, or omission.

If after considering the evidence you determine that a statement, admission, act, or omission was made or done knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

Authority: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 14:03 (6th ed. 2008, updated through Aug. 2018), modified to consistently include admissions, acts, or omissions.

**INSTRUCTION NO. 18**

<u>Opinion Evidence–The Expert Witness</u>

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [[***if applicable***: including that of other "expert witnesses,"]] you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 14:01 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 19**

<u>Charts & Summaries Admitted into Evidence</u>

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in records or other documents which [[***choose***: are also in // have not been admitted into]] evidence in the case.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

<u>Authority</u>: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 14:02 (6th ed., updated through Nov. 2020), modified in part to remove the reference to "books" and account for the records underlying the summary exhibits not being admitted into evidence.  *See United States v. Blackwell*, 436 F. App'x 192, 199 (4th Cir. 2011) (per curiam).

**INSTRUCTION NO. 20**

<u>Objections and Rulings</u>

It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

<u>Authority</u>: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 11:03 (6th ed., updated through Nov. 2020), modified to remove "Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards."

## INSTRUCTION NO. 21

<u>Court's Comments to Counsel</u>

### *If Applicable*

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 11:04 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 22**

<u>Court's Questions to Witnesses</u>

***If Applicable***

During the course of the trial, I may occasionally have asked questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may have related.  The Court may have asked a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

<u>Authority</u>: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 11:05 (6th ed., updated through Nov. 2020), modified to be in the past tense.

**INSTRUCTION NO. 23**

<u>Court's Comments on Certain Evidence</u>

***If Applicable***

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 11:06 (6th ed., updated through Nov. 2020).

**<u>SECTION TWO: CHARGES AGAINST THE DEFENDANT</u>**

**INSTRUCTION NO. 24**

<u>Consider Only the Offense Charged</u>

The defendant is not on trial for any act or any conduct not specifically charged in the

Superseding Indictment.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:09 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 25

<u>The Indictment Is Not Evidence</u>

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crime charged.  Even though the Superseding Indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to the Superseding Indictment and, therefore, denies that he is guilty of the charges.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 13:04 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 26

### Presumption of Innocence - Burden of Proof

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the Superseding Indictment, began the trial with a "clean slate"—with no evidence against him. The Superseding Indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the Superseding Indictment, you must find the defendant not guilty of the offenses.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:10 (6th ed., updated through Nov. 2020), amended to conform with Fourth Circuit precedent by removing the disfavored "two inference instruction," *United States v. Blankenship*, 846 F.3d 663, 679 (4th Cir. 2017), and the definition of reasonable doubt, which is not required to be given, *United States v. Walton*, 207 F.3d 694, 696–97 (4th Cir. 2000) (*en banc* and per curiam); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998).

**INSTRUCTION NO. 27**

<u>Consider Each Count Separately</u>

A separate crime is charged in each count of the Superseding Indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:12 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 28

<u>Disjunctive Proof–Explained</u>

The Court instructs the jury that although the Superseding Indictment may charge the defendant with committing an offense in several ways, using conjunctive language (for example, "and"), it is sufficient if the government proves the offense in the disjunctive (for example, "or"), that is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense.

Therefore, I instruct you that it is unnecessary for the government to prove that the defendant did each of those things alleged in the Superseding Indictment.   It is sufficient if the government proves beyond a reasonable doubt that the defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed.

<u>Authority</u>: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 13:07 (6th ed., updated through Nov. 2020); *United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009), *as corrected* (Mar. 31, 2009) ("It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive.").

## INSTRUCTION NO. 29

### "On or About"–Explained

The Superseding Indictment charges that the offenses alleged in the Superseding Indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on or between dates reasonably near the dates alleged in the Superseding Indictment, it is unnecessary for the government to prove that the offenses were committed precisely on the dates charged.

Authority: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 13:05 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 30

### The Nature of the Offenses Charged–Counts One, Two, and Three

The defendant has been charged in the Superseding Indictment with knowingly and unlawfully obtaining, retaining, and disclosing national defense information.

Count One of the Superseding Indictment charges that, beginning on or about February 28, 2014, and continuing to on or about May 14, 2014, in the Eastern District of Virginia and elsewhere, the defendant, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents connected with the national defense, namely:

| Document | Date Printed | Date of Initial Publication | Classification |
|----------|--------------|-----------------------------|----------------|
| A | February 28, 2014 | October 2015 | SECRET |
| B | February 28, 2014 | October 2015 | SECRET |
| C | February 28, 2014 | October 2015 | SECRET |
| D | February 28, 2014 | October 2015 | SECRET |
| E | February 28, 2014 | October 2015 | TOP SECRET |
| F | February 28, 2014 | October 2015 | SECRET |
| G | April 3, 2014 | April 2015 | TOP SECRET |
| I | April 20, 2014 | August 2014 | SECRET |
| J | April 20, 2014 | December 2015 | SECRET |
| K | April 20, 2014 | April 2015 | TOP SECRET |
| M | May 14, 2014 | August 2014 | SECRET |

knowing and having reason to believe at the time he obtained Documents A-G, I-K, and M that they had been or would be disposed of by any person contrary to federal law.

Count Two of the Superseding Indictment charges that, beginning on or about February 28, 2014, and continuing to on or about December 17, 2015, in the Eastern District of Virginia and elsewhere, the defendant, having unauthorized possession of, access to, and control over the following documents related to the national defense, willfully (a) retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive them; and (b) communicated, delivered, and transmitted such documents to a person not entitled to

35

receive them.  Specifically, the defendant retained the following documents relating to the

national defense, and transmitted them to the Reporter and/or the Reporter's Online News Outlet:

| Document | Date Printed | Date of Initial Publication | Classification |
|---|---|---|---|
| A | February 28, 2014 | October 2015 | SECRET |
| B | February 28, 2014 | October 2015 | SECRET |
| C | February 28, 2014 | October 2015 | SECRET |
| D | February 28, 2014 | October 2015 | SECRET |
| E | February 28, 2014 | October 2015 | TOP SECRET |
| F | February 28, 2014 | October 2015 | SECRET |
| G | April 3, 2014 | April 2015 | TOP SECRET |
| I | April 20, 2014 | August 2014 | SECRET |
| J | April 20, 2014 | December 2015 | SECRET |
| K | April 20, 2014 | April 2015 | TOP SECRET |
| M | May 14, 2014 | August 2014 | SECRET |

Finally, Count Three charges that, beginning on or about February 28, 2014, and

continuing to on or about December 17, 2015, in the Eastern District of Virginia and elsewhere,

the defendant, having unauthorized possession of, access to, and control over documents related

to the national defense of the United States, namely:

| Document | Date Printed | Date of Initial Publication | Classification |
|---|---|---|---|
| A | February 28, 2014 | October 2015 | SECRET |
| B | February 28, 2014 | October 2015 | SECRET |
| C | February 28, 2014 | October 2015 | SECRET |
| D | February 28, 2014 | October 2015 | SECRET |
| E | February 28, 2014 | October 2015 | TOP SECRET |
| F | February 28, 2014 | October 2015 | SECRET |
| G | April 3, 2014 | April 2015 | TOP SECRET |
| I | April 20, 2014 | August 2014 | SECRET |
| J | April 20, 2014 | December 2015 | SECRET |
| K | April 20, 2014 | April 2015 | TOP SECRET |
| M | May 14, 2014 | August 2014 | SECRET |

did willfully communicate, deliver, transmit and cause to be communicated, delivered, and

transmitted, and attempt to communicate, deliver and transmit and cause to be communicated,

delivered, and transmitted the same to persons not entitled to receive them, through the publication, dissemination, and distribution to the general public of articles and books concerning Classified Documents A-G, I-K, and M.

Authority: Adapted from the Superseding Indictment; and 18 U.S.C. §§ 793(c) & (e).

## INSTRUCTION NO. 31

### Purpose of the Statute–Section 793 of Title 18 of the U.S. Code

Protection of the military secrets of the United States is crucial to the security of the United States and to its people.  Congress, therefore, has made it a crime to jeopardize the security of the United States by gathering, transmitting, delivering or retaining information pertinent to the national defense.

Authority: 1 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶¶ 29-14 & 29-20 (Matthew Bender Nov. 2020).

**INSTRUCTION NO. 32**

<u>The Statutes Defining the Offenses Charged–Counts One, Two and Three</u>

Section 793(c) of Title 18 of the U.S. Code provides, in relevant part, that:

> [w]hoever, for the purpose [of obtaining information respecting the national defense], . . . obtains from any person[] or from any source whatever, . . . any document . . . connected with the national defense, knowing or having reason to believe, at the time he . . . obtains . . . it, that it has been or will be disposed of by any person contrary to [Section 793(e) of Title 18 of the U.S. Code] . . . .

shall be guilty of an offense against the United States.

Section 793(e) of Title 18 of the U.S. Code provides, in relevant part, that:

> [w]hoever, having unauthorized possession of, access to, or control over any document . . . relating to the national defense . . . willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it . . . .

shall be guilty of an offense against the United States.

<u>Authority</u>: Adapted from the Superseding Indictment; and 18 U.S.C. §§ 793(a), 793(c), and 793(e).

39

## INSTRUCTION NO. 33

### Elements of the Offense Charged–Counts Two and Three

Every crime has what are called elements, which are the essential components of that crime.  For a defendant to be found guilty of a particular crime, the government must produce enough evidence to establish each element of the crime beyond a reasonable doubt.  Because Counts Two and Three have similar elements to each other and elements that overlap with Count One, I will begin by providing you with the elements for Counts Two and Three.

In order to prove the defendant guilty of retaining or communicating national defense information, as charged in Count Two, or causing the communication of national defense information, as charged in Count Three, the government must prove three essential elements beyond a reasonable doubt.  The first two elements for Counts Two and Three are the same, and are as follows:

One:        The defendant had unauthorized possession of, access to, or control over a document; and

Two:        The document related to the national defense.

Counts Two and Three each have one additional element.  I will refer to this element as the third element.

For Count Two, the third element the government also must prove beyond a reasonable doubt is that the defendant either: (a) willfully retained a document related to the national defense and failed to deliver it to the officer or employee of the United States entitled to receive the document; or (b) willfully communicated, delivered, and transmitted a document related to the national defense to a reporter or a reporter's online news outlet, who were not entitled to receive it.

Whereas for Count Three, the third element the government must prove beyond a reasonable doubt is any of the following:

(a) the defendant willfully communicated, delivered, or transmitted a document related to the national defense to a member of the general public—other than the Reporter—who was not entitled to receive it;

(b) the defendant willfully caused the communication, delivery, or transmission of a document related to the national defense to a member  of the general public—other than the Reporter—who was not entitled to receive it;

(c) the defendant attempted to communicate, deliver, or transmit a document related to the national defense to a member of the general public—other than the Reporter—who was not entitled to receive it; or

(d) the defendant attempted to cause a document related to the national defense to be communicated, delivered, or transmitted to a member of the general public—other than the Reporter—who was not entitled to receive it.

If a defendant willfully causes an act to be done by another, the defendant is responsible for those acts as though he personally committed them.  To establish that the defendant caused an act to be done, the government must prove beyond a reasonable doubt: (1) that another person committed the crime of the unauthorized disclosure of national defense information or committed an indispensable element of that crime; and (2) that the defendant willfully caused these acts, even though he did not personally commit these acts.

The government need not prove that the person who committed the crime of the unauthorized disclosure of national defense information did so with criminal intent.  That person may be an innocent intermediary or pawn.

The defendant need not perform the crime of the unauthorized disclosure of national defense information, be present when it is performed, or be aware of the details of its execution to be guilty of causing an act to be done by another. However, a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere knowledge that the unauthorized disclosure of national defense information is being committed without more is also not sufficient to establish causing an act to be done through another.

An attempt to commit a crime involves more than mere preparatory steps. Some preparations, however, may amount to an attempt. It is a question of degree. You may find that the defendant's preparation constituted an attempt if you find that he intended to willfully communicate, deliver, or transmit a document related to the national defense to a person of the general public other than the Reporter, and if you find that he committed an act which constituted a substantial step toward such communication, delivery, or transmission of the document. A substantial step may be less than the last act necessary before the actual commission of the crime.

Authority: Adapted from the Superseding Indictment; 18 U.S.C. § 793(e); 1 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶¶ 29-16, 29-21 (Matthew Bender Nov. 2020); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 542 (2019 Online Edition); Jury Instructions at 1539:10–13, 1539:23–1540:7, 1544:24–1545:24, 1547:12–19, *United States v. Sterling*, No. 1:10-CR-485-LMB (E.D. Va. Jan. 22, 2015); Jury Instructions at 44, *United States v. Ford*, No. 05-CR-0235, Dkt. 38 (Instruction No. 41); Jury Instructions at 194:10–20, *United States v. Morison*, No. Y-84-00455 (D. Md. 1985); *United States v. Pratt*, 351 F.3d 131, 136 (4th Cir. 2003) ("[T]he direct, substantial act toward the commission of a crime need not be the last possible act before its commission."); *United States v. Drake*, 818 F. Supp. 2d 909, 916–17 (D. Md. 2011) ("Only the second 'information' clause [of § 793(e)] requires proof of the 'reason to believe' element.").

## INSTRUCTION NO. 34

### Elements of the Offense Charged–Count One

Count One charges the defendant with obtaining national defense information.  In order

to prove the defendant guilty of Count One, the government must prove the following essential

elements beyond a reasonable doubt:

> <u>One</u>:     The defendant obtained or received from any source a document, writing, photograph, or note connected with the national defense;
>
> <u>Two</u>:     The defendant did so for the purpose of obtaining information respecting the national defense;
>
> <u>Three</u>:     At the time the defendant obtained the aforementioned material, he  knew or had reason to believe that he would dispose of the material contrary to law.

For purposes of the third element, it would be contrary to law for a person to have

unauthorized possession of, access to, or control over a document, writing, photograph, or note

relating to the national defense, for the purpose of, communicating, delivering, or transmiting

such material, to a person who was not entitled to receive it.

<u>Authority</u>: Adapted from 18 U.S.C. §§ 793(a), 793(c), and 793(e); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 169 (2019 Online Edition).

**INSTRUCTION NO. 35**

Elements of the Offense Charged–Relevant Definitions for Counts One to Three

For purposes of Counts One, Two, and Three, the following definitions apply:

(1)      "Possession" is a commonly used and understood word.  Basically, it means to exert control over something.

(2)      "Unauthorized possession" means a person has possession of something that he is not entitled to have.  In this case, unauthorized possession of national defense information means possession of national defense information by:

(a)      A person who does not hold a security clearance;

(b)      A person who holds a security clearance, but does not have a need to know the national defense information; or

(c)      A person who holds a security clearance and has a need to know the national defense information but who removes the information without authorization from its secure, authorized location.

(3)      "Need to know" means a determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized government function.

(4)      An act is done "willfully" if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is with a purpose to disobey or disregard the law.  The government is not required to prove the defendant knew the specific law or rule at issue.  Rather, it is sufficient for the government to establish beyond a reasonable doubt that the defendant knew his conduct was unlawful as a general matter.

(5)     Like possession, the term "retains" is a commonly used and understood word.  It essentially means to keep or use something.  For purposes of Count Two, a defendant need not keep or use national defense information for any set period of time in order to retain it.  Rather, for purposes of Count 2, even a brief or transitory possession of national defense information constitutes "retention" of such material *if* that possession was undertaken with illicit intent.  For purposes of Count 2, possession does not constitute willful "retention" where the documents were (a) obtained with an innocent intent; (b) were possessed but for a fleeting moment in time; (c) were abandoned reflexively; and (d) where the defendant did not intend to prevent authorities from discovering his possession of that national defense information.

(6)     A person is "entitled to receive" classified, national defense information if he (a) holds a security clearance; and (b) has a need to know the information.  A person with a security clearance but no need to know that information is not a person who is entitled to receive such information.  A member of the press can be among the persons who are not entitled to receive classified, national defense information.  In deciding whether the person who received the document at issue was entitled to have it, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the document.

(7)     The term "knowingly," as used in Counts One to Three to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, he realized what he was doing or what was happening around him, and he did not act because of ignorance, mistake, or accident.

(8)     "Reason to believe" means that the defendant knew facts from which he could conclude or reasonably should have concluded that the information could be used for the prohibited purposes.  It does not mean that the defendant acted negligently.

Authority: Adapted from 18 U.S.C. §§ 793(c) & (e); 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 17:04 (6th ed., updated through Nov. 2020); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 173 (2019 Online Edition); Jury Instructions at 1203:24–1204:3, *United States v. Mallory*, No. 1:17-CR-154-TSE (E.D. Va. June 7, 2018); Jury Instructions at 1540:8–1541:4, 1541:15–1542:3, 1545:25–1546:8, *United States v. Sterling*, No. 1:10-CR-485-LMB (E.D. Va. Jan. 22, 2015); *United States v. Vereen*, 920 F.3d 1300, 1308 (11th Cir. 2019) (suggesting a statute's prohibition on willful possession permits an innocent possession defense); *United States v. Gilbert*, 430 F.3d 215, 219 (4th Cir. 2005) (similar); *United States v. Morison*, 844 F.2d 1057, 1073 (4th Cir. 1988); *United States v. Truong Dinh Hung*, 629 F.2d 908, 919 (4th Cir. 1980); *United States v. Bishop*, 740 F.3d 927, 932-33 (4th Cir. 2014); *United States v. Blizzard,* 812 F. Supp. 79, 80 (E.D. Va. 1993) (Hilton, J.) (defining "retain" for purposes of 18 U.S.C. 641), *aff'd,* 27 F.3d 100 (4th Cir. 1994); *United States v. Mason,* 233 F.3d 619, 624 (D.C. Cir. 2000) ( "fleeting possession" of a firearm might be a defense to a charge of a violation of 18 U.S.C. 922(g) where the firearm was attained innocently; held with no illicit purpose; possession of the firearm was transitory; and the defendant took adequate measures to turn the firearm over to police with immediacy and through a reasonable course of conduct).

## INSTRUCTION NO. 36

<u>Definition of National Defense Information</u>

For purposes of Counts One, Two, and Three, the government must prove beyond a reasonable doubt that at least one document, writing, photograph, or note the defendant obtained was connected with the national defense, and that he obtained such document, writing, photograph, or note for the purpose of obtaining information respecting the national defense.

The term "national defense" refers to all matters that directly or may reasonably be connected with the national defense of the United States, including matters relating to the nation's intelligence capabilities.  In other words, the term "national defense" is a generic concept of broad connotation referring not only to U.S. military, naval, and air establishments, but also to all related activities of national defense preparedness.

To prove that documents, writings, photographs, or notes connect or relate to the national defense, there are two things that the government must prove.  First, the government must prove that the material is closely held by the U.S. government.  Second, the government must prove that the material the defendant obtained, if disclosed, would have been potentially damaging to the United States or might have been useful to a foreign nation or enemy of the United States at the time of the conduct at issue.

In determining whether material is closely held, you may consider whether the national defense information has been classified by appropriate authorities and whether it remained classified on the date or dates pertinent to the Superseding Indictment.  Where the national defense information has been made public by the U.S. government and is found in sources lawfully available to the general public, it is not closely held and as such does not relate to the national defense.  Similarly, where the sources of national defense information are lawfully available to the public and the U.S. government has made no effort to guard such information,

the information itself does not relate to the national defense.  Classified information does not become lawfully available simply by virtue of having been leaked and made public.

In determining whether, at the time of the defendant's conduct, the disclosure of the material at issue would have been potentially damaging to the United States or might have been useful to a foreign nation or enemy of the United States, you should examine the information in the documents.  This is because the official nature of the documents involved in this case is pertinent to whether their unauthorized disclosure would have potentially injured the United States or aided a foreign nation.  You also should consider the testimony of witnesses who testified as to the content and significance of the information in the documents and who described the purpose and the use to which the information contained therein could be put.

The government, however, need not prove the potential disclosure of the material would have caused actual damage or harm to the United States, or actually aided a foreign nation or enemy of the United States.  Instead, evidence of potential damage or harm to the United States, or potential aid to a foreign nation or enemy of the United States is sufficient to establish the second prong of the national defense information element.

(CONTINUED ON NEXT PAGE)

During the trial, you may have heard the attorneys refer to certain evidence or materials as classified information, or that certain information was classified.  Classified information is information that has been determined pursuant to a system established by the Executive Branch to require protection against unauthorized disclosure.  Although national defense information is not the same as classified information, you may consider the fact that information was classified in determining whether the information at issue was national defense information.

Authority: Adapted from 18 U.S.C. § 793(c); 1 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶¶ 29-17, 29-23 (Matthew Bender Nov. 2020); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 173 (2019 Online Edition); Jury Instructions at 1202:9–1203:10, *United States v. Mallory*, No. 1:17-CR-154-TSE (E.D. Va. June 7, 2018); Jury Instructions at 1542:10–1544:6, *United States v. Sterling*, No. 1:10-CR-485-LMB (E.D. Va. Jan. 22, 2015); Jury Instructions at 37 (relevant instruction attached from prosecuting attorney as the instructions are not on public docket), <u>*United States v. Hoffman*, 955 F. Supp. 2d. 555 (E.D. Va. 2014)</u>; *Gorin v. United States*, 312 U.S. 19, 28 (1941); *United States v. Squillacote*, 221 F.3d 542, 575-80 (4th Cir. 2000); *United States v. Morison*, 844 F.2d 1057, 1071-72 (4th Cir. 1988); *United States v. Truong Dinh Hung*, 629 F.2d 908, 918 n.9 (4th Cir. 1980).

**INSTRUCTION NO. 37**

The Nature of the Offense Charged–Count Four
(Disclosure of Classified Communication Intelligence Information)

The defendant has been charged in the Superseding Indictment with unlawfully disclosing classified communication intelligence information.

Count Four of the Superseding Indictment charges that, beginning on or about February 28, 2014, and continuing to in or about October 2015, in the Eastern District of Virginia and elsewhere, the defendant did willfully communicate, furnish, transmit, and otherwise make available to an unauthorized person any classified information concerning the communication intelligence activities of the United States, namely:

| Document | Date Printed | Date of Initial Publication | Classification |
|---|---|---|---|
| A | February 28, 2014 | October 2015 | SECRET |
| D | February 28, 2014 | October 2015 | SECRET |
| E | February 28, 2014 | October 2015 | TOP SECRET |
| K | February 28, 2014 | April 2015 | TOP SECRET |

Adapted: Adapted from the Superseding Indictment and 18 U.S.C. § 798(a)(3).

**INSTRUCTION NO. 38**

The Statute Defining the Offense Charged–Count Four
(Disclosure of Classified Communication Intelligence Information)

Section 798(a)(3) of Title 18 of the U.S. Code provides, in relevant part, that:

> [w]hoever, knowingly and willfully communicates, furnishes, transmits, or otherwise makes available to an unauthorized person . . . any classified information . . . concerning the communication intelligence activities of the United States . . . .

shall be guilty of an offense against the United States.

Authority: Adapted from 18 U.S.C. § 793(a)(3).

**INSTRUCTION NO. 39**

Elements of the Offense Charged–Count Four
(Disclosure of Classified Communication Intelligence Information)

In order to prove the defendant guilty of disclosing classified communication intelligence information, as charged in Count Four, the government must prove the following essential elements beyond a reasonable doubt:

One:    The defendant communicated, furnished, transmitted, or otherwise made available classified information;

Two:    The classified information concerned the communication intelligence activities of the United States; and

Three:    The defendant did so knowingly and willfully.

As I previously instructed you, "classified information" is information which, at the time of a violation of this section is, for reasons of national security, specifically designated by a United States Government Agency for limited or restricted dissemination or distribution.

The term "knowingly," as used in Count Four to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

To act "willfully" is to act voluntarily and intentionally and with the specific intent to do something the law forbids, that is, with a purpose to disobey or disregard the law.  Again, the government is not required to prove the defendant knew the specific criminal prohibits at issue. Rather, it is sufficient for the government to establish beyond a reasonable doubt that the defendant knew his conduct was unlawful as a general matter.

The term "communications intelligence" means all procedures and methods used in the interception of communications and the obtaining of information from such communications by other than the intended recipients.

<u>Authority</u>: Adapted from 18 U.S.C. § 798(a)(3) and 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 17:04 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 40

### The Nature of the Offense Charged–Count Five (Theft of Government Property)

The defendant has been charged in the Superseding Indictment with stealing or converting property belonging to the U.S. government, and with conveying or disposing without authority property belonging to the U.S. government.

Count Five of the Superseding Indictment charges that, between on or about February 28, 2014, and continuing to in or about December 2016, in the Eastern District of Virginia, and elsewhere, the defendant did knowingly and unlawfully steal and convert to his own use or the use of another, and without authority, conveyed and disposed of records and things of value of the United States, namely:

| Document | Date Printed | Date of Initial Publication | Classification |
|---|---|---|---|
| A | February 28, 2014 | October 2015 | SECRET |
| B | February 28, 2014 | October 2015 | SECRET |
| C | February 28, 2014 | October 2015 | SECRET |
| D | February 28, 2014 | October 2015 | SECRET |
| E | February 28, 2014 | October 2015 | TOP SECRET |
| F | February 28, 2014 | October 2015 | SECRET |
| G | April 3, 2014 | April 2015 | TOP SECRET |
| I | April 20, 2014 | August 2014 | SECRET |
| J | April 20, 2014 | December 2015 | SECRET |
| K | April 20, 2014 | April 2015 | TOP SECRET |
| L | April 30, 2014 | July 2014 | UNCLASSIFIED |
| M | May 14, 2014 | August 2014 | SECRET |
| N | May 14, 2014 | August 2014 | UNCLASSIFIED |
| O | May 15, 2014 | December 2016 | UNCLASSIFIED |
| P | May 15, 2014 | December 2016 | UNCLASSIFIED |
| Q | May 15, 2014 | December 2016 | UNCLASSIFIED |
| R | May 15, 2014 | December 2016 | UNCLASSIFIED |
| T | June 27, 2014 | N/A | UNCLASSIFIED |

The aggregate value of said records and things of value being more than $1,000.

Adapted: Adapted from the Superseding Indictment and 18 U.S.C. § 641.

**INSTRUCTION NO. 41**

<u>The Statute Defining the Offense Charged–Count Five (Theft of Government Property)</u>

Section 641 of Title 18 of the U.S. Code provides, in relevant part, that:

> [w]hoever . . . steals . . . or knowingly converts to his use or the use of another, or[,] without authority, . . . conveys or disposes of any record . . . or thing of value of the United States . . . .

shall be guilty of an offense against the United States.

<u>Authority</u>: Adapted from 18 U.S.C. § 641.

**INSTRUCTION NO. 42**

Elements of the Offense Charged–Count Five
(Theft of Government Property)

In order to prove the defendant guilty of theft of U.S. government property, as charged in

Count Five, the government must prove either of the following sets of essential elements beyond

a reasonable doubt:

One:  The record or thing of value described in the Superseding Indictment belonged to the United States;

Two:  The defendant stole or converted that property to his own use or the use of another;

Three:  The total value of that property was greater than $1,000; and

Four:  The defendant acted knowingly and willfully with the intent to permanently or temporarily deprive the government of the use and benefit of its property.

OR

One:  The record or thing of value described in the Superseding Indictment belonged to the United States;

Two:  The defendant conveyed or disposed of that property;

Three:  The defendant did not have the legal authority to do so;

Four:  The total value of that property was greater than $1,000; and

Five:  The defendant acted knowingly and willfully with the intent to permanently or temporarily deprive the government of the use and benefit of its property.

Authority: Adapted from 18 U.S.C. § 641; 1 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶ 23A-2 (Matthew Bender Nov. 2020); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 128 (2019 Online Edition); Jury Instructions at 1549:10–19, *United States v. Sterling*, No. 1:10-CR-485-LMB (E.D. Va. Jan. 22, 2015); *United States v. Landersman*, 886 F.3d 393, 409 (4th Cir. 2018); *United States v. Ayesh*, 702 F.3d 162, 169 (4th Cir. 2012); *United States v. Hamilton*, 699 F.3d 356, 363 (4th Cir. 2012).

## INSTRUCTION NO. 43

Definitions for Count Five–Property Belonged to the United States

The government must prove beyond a reasonable doubt that the property described in the Superseding Indictment belonged to the U.S. government.

To satisfy this element, the government must prove that the property in question was a "thing of value of the United States." That means, that at the time the property was allegedly stolen, converted, conveyed, or disposed of, the U.S. government had title to, possession of, or control over the property.

The government does not have to prove that the defendant knew the property belonged to the United States. The government, however, must prove that the defendant knew the property belonged to someone other than himself.

In addition, the government does not have to prove that the United States suffered an actual loss as a result of the defendant's theft, conversion, conveyance, or disposal of the property in question.

Authority: Adapted from 1 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶ 23A-3 (Matthew Bender Nov. 2020); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 130-31 (2019 Online Edition); *United States v. Ayesh*, 702 F.3d 162, 169 n.2 (4th Cir. 2012); *United States v. Jeffery*, 631 F.3d 669, 677 (4th Cir. 2011).

## INSTRUCTION NO. 44

### Definitions for Count Five–"Thing of Value" and "Value"

A "thing of value," as that term is used in Count Five, can be anything and includes classified information.

"Value," as that term is used in Count Five, means face, par, or market value, or cost price, either wholesale or retail, whichever is greater. Market value means the price a willing buyer would pay a willing seller at the time the property was stolen, converted, conveyed, or disposed of.

In determining the value of the property at issue, you may consider the aggregate or total value of the property at issue. That is, if you find beyond a reasonable doubt that the total value of the documents stolen, converted, conveyed, or disposed of by the defendant exceeded $1,000, then that element of the offense has been met.

Authority: Adapted from 18 U.S.C. § 641; 1 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶ 23A-6 (Matthew Bender Nov. 2020); Jury Instructions at 1549:24–1550:3, *United States v. Sterling*, No. 1:10-CR-485-LMB (E.D. Va. Jan. 22, 2015).

## INSTRUCTION NO. 45

### Definitions for Count Five–Steal, Conversion, and Conveyance

For purposes of Count Five, the following definitions apply:

(1)     The term "steal" means to take away from a person in lawful possession without right with the intention to keep wrongfully. The intent required in § 641 is the intent to appropriate the government property to a use inconsistent with the owner's rights and benefits.

(2)     The term "conversion" refers to the act of control or dominion over the property of another that seriously interferes with the rights of the owner.  The act of control or dominion must be without authorization from the owner.  The government must prove both that the defendant knew the property belonged to another and that the taking was not authorized.

Conversion, however, may be consummated without any intent to keep and without any wrongful taking, where the initial possession by the converter was entirely lawful.  Conversion may include misuse or abuse of property.  It may reach use in an unauthorized manner or to an unauthorized extent of property placed in one's custody for limited use.

(3)     As for "conveyance without legal authority," that phrase means to transfer or deliver or caused to be transferred or delivered to another without actual permission from someone who has the legal capacity to give permission.

Authority: Adapted from 1 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶ 23A-6 (Matthew Bender Nov. 2020); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 130 (2019 Online Edition); Jury Instructions at 1549:20–23, *United States v. Sterling*, No. 1:10-CR-485-LMB (E.D. Va. Jan. 22, 2015); ); *United States v. Jones*, 217 F. App'x 333, 336 (5th Cir.2007); *Ailsworth v. United States*, 448 F.2d 439, 442 (9th Cir. 1971).

**INSTRUCTION NO. 46**

<u>Definitions for Count Five–"Knowingly"</u>

The term "knowingly," as used in Count Five to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

<u>Authority</u>: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 17:04 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 47**

<u>Multiple Sources</u>

For Counts One through Four, the government must prove beyond a reasonable doubt each and every element of these offenses, as I have explained them to you, but the government does not have to prove that the defendant was the only person who communicated the national defense information alleged in the Superseding Indictment.

Your duty as jurors is limited to determining whether the government has proved beyond a reasonable doubt that the defendant committed the offenses charged, irrespective of whether other persons may have communicated the same or similar information.

<u>Authority</u>: Jury Instructions at 1546:9–18, *United States v. Sterling*, No. 1:10-CR-485-LMB (E.D. Va. Jan. 22, 2015).

**INSTRUCTION NO. 48**

<u>Venue</u>

The government has to prove venue only by a preponderance of the evidence.  This means the government has to convince you only that it is more likely than not that part, if not all, of the offense took place in the Eastern District of Virginia.

<u>Authority</u>: Adapted from *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) ("The prosecution bears the burden of proving venue by a preponderance of the evidence . . . .").

**INSTRUCTION NO. 49**

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 17:07 (6th ed., updated through Nov. 2020).

## INSTRUCTION NO. 50

<u>Motive</u>

Proof of motive is not a necessary element of the crimes with which the defendant is charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that a defendant is innocent.

Good motive alone is never a defense where the act done or omitted is a crime.  One may not commit a crime and be excused from criminal liability because he desired or expected that ultimate good would result from his criminal act.  Moreover, if one commits a crime under the belief, however sincere, that his conduct was religiously, politically, or morally required, that is no defense to the commission of a crime.  The motive of the defendant is irrelevant except insofar as motive may aid you in determining that defendant's intent.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be or whether any motive be shown, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of a defendant.

<u>Authority</u>: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 17:06 (6th ed., updated through Nov. 2020); *United States v. Pomponio*, 429 U.S. 10, 11–12 (1976); *United States v. Aaron*, 590 F.3d 405, 408-09 (6th Cir. 2009); *United States v. Dack*, 987 F.2d 1282, 1285 (7th Cir. 1993); *United States v. Ackerman*, 704 F.2d 1344, 1351 (5th Cir. 1983); *United States v. Moylan*, 417 F.2d 1002, 1004-05 (4th Cir. 1969); *United States v. Rosen*, 445 F. Supp. 2d 602, 626 (E.D. Va. 2006); *United States v. Morison*, 622 F. Supp. 1009, 1010 (D. Md. 1985).

## INSTRUCTION NO. 51

<u>Rule 404(b) Evidence</u>

### *If Applicable*

You have heard evidence that the defendant allegedly engaged in misconduct in the past similar to acts charged in the Superseding Indictment.  You may not consider this evidence in deciding if the defendant committed the acts charged in the Superseding Indictment.

However, you may consider this evidence for certain limited purposes, such as to prove that the defendant had a motive or the opportunity to commit the crime charged in the Superseding Indictment; to prove that the defendant had the state of mind or the intent necessary to commit the crime charged in the Superseding Indictment; to prove that the defendant acted according to a plan or in preparation to commit the crime charged in the Superseding Indictment; to prove that the defendant knew what he was doing when he committed the crime charged in the Superseding Indictment; to prove the defendant's identity; or to prove that the defendant did not commit the crime charged in the Superseding Indictment by mistake or accident.

Do not conclude from this evidence that the defendant has bad character in general or that because the defendant may have committed other similar acts that it is more likely that he committed the crimes with which he is currently charged.

<u>Authority</u>: Adapted from Fed. R. Evid. 404(b) and Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 961 (2019 Online Edition).

## **SECTION THREE: DELIBERATIONS**

## INSTRUCTION NO. 52

Verdict–Election of Foreperson–Duty to Deliberate–Unanimity–Punishment–Form of Verdict–
Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you

67

should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the Superseding Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience and reads as follows:

[[*The verdict or a summary can be read to the jury*]]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officer that he too, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 20:01 (6th ed., updated through Nov. 2020).

**INSTRUCTION NO. 53**

<u>Exhibits During Deliberations</u>

I am sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations.

<u>Authority</u>: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 20:04 (6th ed., updated through Nov. 2020).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2021, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send a notification of that electronic filling

(NEF) of the foregoing to the attorneys of record for the defendant.


By: _____/s/_____
Alexander P. Berrang
Gordon D. Kromberg
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: Alexander.P.Berrang@usdoj.gov
Email: Gordon.Kromberg@usdoj.gov

Heather M. Schmidt
Senior Trial Attorney
Counterintelligence-Export Control Section
National Security Division
U.S. Department of Justice