## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>DANIEL EVERETTE HALE, )<br> )<br>Defendant. ) | No. 1:19-cr-059<br><br>Hon. Liam O'Grady<br><br>Trial: April 5, 2021 |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Having reviewed the government's proposed jury instructions, Defendant, Daniel Everette Hale, by undersigned counsel, responds as follows and submits the attached defense proposed instructions for inclusion by the Court in its charge to the jury. The defense reserves the right to modify, withdraw, supplement or substitute instructions as may be suggested by the evidence in the case before the charge conference. The defense also reserves the right to supplement these instructions in response to the government's presentation of its case and/or with an appropriate "Theory of the Defense" instruction prior to the charge conference.

| Govt's Proposed Instruction | Defense Position | Defense Proposed Instruction |
|---|---|---|
| 1. Introduction to the Final Charge | No objection | n/a |
| 2. Judging the Evidence | No objection | n/a |
| 3. Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted | No objection | n/a |
| 4. Direct and Circumstantial Evidence | No objection | n/a |
| 5. Inferences from the Evidence | No objection | n/a |
| 6. Inference of Regularity | Objection, no substitute instruction necessary | n/a |

| Govt's Proposed Instruction | Defense Position | Defense Proposed Instruction |
|---|---|---|
| 7.      Evidence Admitted for a Limited Purpose Only | No objection | n/a |
| 8.      Jury's Recollection Controls | No objection | n/a |
| 9.      The Question is Not Evidence | No objection | n/a |
| 10.     Credibility of Witnesses – Generally | No objection.  Defense proposes additional instruction | Defense No. 1 – Credibility of Witnesses – Law Enforcement and National Security Witnesses |
| 11.     Credibility of Witnesses – Inconsistent Statement | No objection, with "if applicable" section included | n/a |
| 12.     Credibility of Witnesses – The Defendant as a Witness *If applicable* | No objection | n/a |
| 13.     Effect of the Defendant's Decision Not to Testify *If applicable* | No objection | n/a |
| 14.     Character Evidence – Reputation of the Defendant | No objection | n/a |
| 15.     Credibility of Witnesses – Bad Reputation for Truth and Veracity | No objection | n/a |
| 16.     Credibility of Witnesses – The Refusal of a Witness or the Defendant to Answer | No objection | n/a |
| 17.     Statement or Conduct of a Defendant | No objection | n/a |
| 18.     Opinion Evidence – The Expert Witness | No objection | n/a |
| 19.     Charts & Summaries Admitted into Evidence | No objection | n/a |
| 20.     Objections and Rulings | No objection | n/a |
| 21.     Court's Comments to Counsel | No objection | n/a |
| 22.     Court's Questions to Witnesses | No objection | n/a |
| 23.     Court's Comments on Certain Evidence | No objection | n/a |
| 24.     Consider Only the Offense Charged | No objection | n/a |
| 25.     The Indictment Is Not Evidence | No objection | n/a |
| 26.     Presumption of Innocence – Burden of Proof | Objection.  Replace with Defense Proposed Instruction. | Defense No. 2 – Presumption of Innocence – Burden of Proof |

| Govt's Proposed Instruction | Defense Position | Defense Proposed Instruction |
|---|---|---|
| 27.      Consider Each Count Separately | No objection | n/a |
| 28.      Disjunctive Proof – Explained | Objection.  Replace with defense proposed instruction. | Defense No. 3 – Disjunctive Proof - Explained |
| 29.      "On or About" – Explained | No objection | n/a |
| 30.      Count One – The Nature of the Offense Charged | Objection.  Replace with defense proposed instruction. | Defense No. 4 – Count 1 - The Nature of the Offense Charged |
| 31.      Purpose of the Statute – Section 793 of Title 18 of the U.S. Code | Objection.  No substitute needed. | n/a |
| 32.      The Statutes Defining the Offenses Charged | Objection.  No substitute needed. | n/a |
| 33.      Elements of the Offense Charged – Counts Two and Three | Objection.  Replace with defense proposed instructions. | Defense No. 11 – Count 2 – The Nature of the Offense Charged

Defense No. 12 – Count 2 – The Essential Elements of the Charged Offense

Defense No. 13 – Count 2 – First Element – Possession

Defense No. 14 – Count 2 – Second Element – Information Related to the National Defense

Defense No. 15 – Count 2 – Third Element – Defendant Willfully Retained or Communicated Information

Defense No. 16 – Count 3 – The Nature of the Offense Charged

Defense No. 17 – Count 3 – First Element – Possession

Defense No. 18 – Count 3 – Second Element – Information |

| Govt's Proposed Instruction | Defense Position | Defense Proposed Instruction |
|---|---|---|
| | | Relating to the National Defense<br><br>Defense No. 19 – Count 3 – Third Element – Defendant Willfully Communicated Information to Person Not Entitled to Receive It |
| 34.    Elements of the Offense Charged – Count One | Objection.  Replace with defense proposed instructions. | Defense No. 5 – The Essential Elements of the Charged Offense – Count 1<br><br>Defense No. 6 – Count 1 – First Element – Defendant Obtained a Document<br><br>Defense No. 7 – Count 1 – Second Element – Information Related to the National Defense<br><br>Defense No. 8 – Count 1 – Third Element – Defendant's Purpose<br><br>Defense No. 9 – Count 1 – Fourth Element – Knowledge and Intent |
| 35.    Elements of the Offense Charged – Relevant Definitions for Counts 1, 2 & 3 | No objection. | n/a |
| 36.    Definition of National Defense Information | Objection.  Replace with defense proposed instruction. | Defense No. 10 |
| 37.    The Nature of the Offense Charged – Count Four – Disclosure of Classified Communications Intelligence Information | No objection | n/a |
| 38.    The Statute Defining the Offense Charged – Count Four – Disclosure of Classified Communications Intelligence Information | No objection | n/a |
| 39.    Elements of the Charged Offense – Count Four – | No objection | n/a |

| Govt's Proposed Instruction | Defense Position | Defense Proposed Instruction |
|---|---|---|
| Disclosure of Classified Communication Intelligence Information | | |
| 40.     The Nature of the Offense Charged – Count Five – Theft of Government Property | No objection | n/a |
| 41.     The Statute Defining the Offense Charged – Count Five – Theft of Government Property | Objection, the instruction should include full reproduction of statutory language. | n/a |
| 42.     The Essential Elements of the Charged Offense – Count Five | Objection, replace with defense proposed instruction. | Defense No. 20 – Count 5 – The Essential Elements of the Charged Conduct |
| 43.     Definitions for Count Five – Property Belonging to the United States | No objection | n/a |
| 44.     Definitions for Count Five – "Thing of Value" and "Value" | No objection | n/a |
| 45.     Definitions for Count Five – Steal, Conversion and Conveyance | No objection | n/a |
| 46.     Definitions for Count Five – Knowingly | No objection | n/a |
| 47.     Multiple Sources | Objection, no substitute instruction needed. | n/a |
| 48.     Venue | Objection, replace with defense proposed instruction. | Defense No. 21 |
| 49.     Proof of Knowledge or Intent | No objection | n/a |
| 50.     Motive | No objection | n/a |
| 51.     Rule 404(b) Evidence *If applicable* | No objection | n/a |
| 52.     Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court | No objection | n/a |
| 53.     Exhibits | No objection | n/a |
|         N/A | | Verdict Form |

Respectfully submitted,

DANIEL EVERETTE HALE,
Defendant

By Counsel,

By:      /s/
Todd Richman
Cadence Mertz
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King St, Suite 500
Alexandria, VA 22314
Phone: (703) 600-0800
Fax: (703) 600-0880
Email: Todd_Richman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

      /s/
Cadence Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King St, Suite 500
Alexandria, VA 22314
Phone: (703) 600-0840
Fax: (703) 600-0880
Email: Cadence_Mertz@fd.org

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### Credibility of Witnesses – Law Enforcement and National Security Witnesses

You have heard the testimony of law enforcement and national security officials. The fact that a witness may be employed by the government as a law enforcement or national security official does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of any other witness.

It is quite legitimate for defense counsel to try to attack the credibility of a law enforcement or national security witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or national security witness and to give that testimony whatever weight, if any, you find it deserves.

AUTHORITY: Adapted from 1 L. Sand, *Modern Federal Jury Instructions* § 7-16 (2007).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2</u>
### Presumption of Innocence – Burden of Proof

I instruct you that you must presume the defendant to be innocent of the crimes charged.  Thus, the defendant, although accused of crimes in the Superseding Indictment, began the trial with a "clean slate"—with no evidence against him.  The Superseding Indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the Superseding Indictment, you must find the defendant not guilty of the offenses.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 12:10 (6th ed., updated through Nov. 2020), amended to conform with Fourth Circuit precedent by removing the disfavored "two inference instruction," *United States v. Blankenship*, 846 F.3d 663, 679 (4th Cir. 2017).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3</u>
### Disjunctive Proof – Explained

The Court instructs the jury that although an individual Count in the Superseding Indictment may charge that the defendant committed an element of the offense charged in that Count in several ways, using conjunctive language (for example, "and"), it is sufficient if the government proves the offense in the disjunctive (for example, "or"). The jury must find unanimously that each element of the offense charged in that Count was committed, but on the element that is charged conjunctively, it is sufficient that the jury unanimously find that the individual element was committed in one of the conjunctive ways.

Therefore, I instruct you that it is unnecessary for the government to prove that the defendant committed an element of a charged offense in each of the ways the government alleges he committed that element in the Superseding Indictment. It is sufficient if the government proves beyond a reasonable doubt that the defendant committed that element through one of the alternative acts as charged, as long as you all agree that that element was committed through the same particular alternative act.

AUTHORITY: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 13:07 (6th ed., updated through Nov. 2020); *United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009), *as corrected* (Mar. 31, 2009) ("It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive.").

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4</u>

### Count 1 – The Nature of the Offense Charged

The indictment charges the defendant with obtaining national defense information.  The indictment, as amended by the government, reads as follows:

Beginning on or about February 28, 2014, and continuing to on or May 14, 2014, in the Eastern District of Virginia and elsewhere, the defendant, DANIEL EVERETTE HALE, for the purpose of obtaining information respecting the nation defense, unlawfully obtained documents connected with the national defense, namely:

| Document | Date Printed | Date of Initial Publication | Classification |
|----------|--------------|------------------------------|----------------|
| A | February 28, 2014 | October 2015 | SECRET |
| B | February 28, 2014 | October 2015 | SECRET |
| C | February 28, 2014 | October 2015 | SECRET |
| D | February 28, 2014 | October 2015 | SECRET |
| E | February 28, 2014 | October 2015 | TOP SECRET |
| F | February 28, 2014 | October 2015 | SECRET |
| G | April 3, 2014 | April 2015 | TOP SECRET |
| I | April 20, 2014 | August 2014 | SECRET |
| J | April 20, 2014 | December 2015 | SECRET |
| K | April 20, 2014 | April 2015 | TOP SECRET |
| M | May 14, 2014 | August 2014 | SECRET |

knowing and having reason to believe at the time he obtained Documents A-G, I-K, and M that they had been or would be [ ] disposed of by [Mr. Hale himself] contrary to the provisions of Title 18, United States Code, Chapter 37.

(In violation of Title 18, United States Code, Section 793(c).)

The indictment charges the defendant with violating section 793(c) of Title 18 of the United States Code.  That section provides:

Whoever for the purpose [of obtaining information respecting the national defense] receives or obtains…any document,…of anything connected with the national defense, knowing or having reason to believe at the time he receives

or obtains . . . that it has been or will be . . . disposed of by any person contrary to the provisions of [Chapter 37 of Title 18 of the United States Code, commits a crime].

AUTHORITY: Superseding Indictment (as amended in subsequent pleadings); Title 18, United States Code, Section 793(c).

6

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5</u>

### The Essential Elements of the Charged Offense – Count 1

Every crime has what are called elements, which are the essential components of that crime. For a defendant to be found guilty of a particular crime, the government must produce enough evidence to establish each element of the crime beyond a reasonable doubt.

In order to establish a violation of section 793(c) as charged in Count One, the government must prove all of the following elements beyond a reasonable doubt:

*First*, that on or about February 28, 2014 to on or about May 14, 2014, the defendant obtained the Documents A, B, C, D, E, F, G, I, J, K, and M;

*Second*, that Documents A, B, C, D, E, F, G, I, J, K, and M were related to national defense;

*Third*, that the defendant obtained the documents for the purpose of obtaining information respecting the national defense; and

*Fourth*, that the defendant obtained Documents A, B, C, D, E, F, G, I, J, K, and M knowing or having reason to believe that he would dispose of the documents contrary to the provisions of Title 18, United States Code, 37, by communicating, delivering, or transmitting the documents to a person not entitled to receive them.


AUTHORITY: Adapted from 18 U.S.C. § 793(c); 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Section 29.03, Instruction 29-15 (2013)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### Count 1 - First Element – Defendant Obtained a Document

The first element the government must prove beyond a reasonable doubt is that on February 28, 2014 and continuing to on or about May 14, 2014, the defendant obtained Documents A, B, C, D, E, F, G, I, J, K, and M.

AUTHORITY: Adapted from 1 L. Sand, et al., Modern Federal Jury Instructions, Section 29.03, Instruction 29-16 (2013).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

**Count 1 - Second Element – Information Related to National Defense**

The second element the government must prove beyond a reasonable doubt is that the documents are connected with the national defense of the United States. You must determine whether the Documents A, B, C, D, E, F, G, I, J, K, and M as described in the Superseding Indictment are directly and reasonably connected with the national defense.

Whether information is related to the national defense is defined by law and requires that the Government prove two things:

First, the Government must prove that the material is closely held by the United States Government. Where information has been made public by the United States government and is found in sources lawfully available to the general public, it is not closely held and as such does not relate to the national defense. Similarly, where the information is lawfully available to the public and the United States Government has made no effort to guard such information, the information itself does not relate to the national defense. Classified information does not become lawfully available by virtue of having been leaked. In determining whether material is closely held, you may consider whether it has been classified by appropriate authorities and whether it remained classified on the date or dates pertinent to the indictment.

Second, the Government must prove that the disclosure of the material would be potentially damaging to the United States or might be useful to a foreign nation

or an enemy of the United States.

The full legal definition of "national defense information" is provided in Jury

Instruction ___.

AUTHORITY: Adapted from 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Section 29.03, Instruction 29-17 (2013); Adapted from <u>United States v. Mallory</u>, 709 F. Supp. 2d 455 (E.D. Va. 2010), <u>aff'd,</u> 461 F. App'x 352 (4th Cir. 2012); <u>United States v. Morison,</u> 844 F.2d 1057, 1071-72 (4th Cir. 1988).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

### Count 1 - Third Element – Defendant's Purpose

The third element the government must prove beyond a reasonable doubt is that the defendant acted with a specific purpose to obtain national defense information, as that is defined in the law.  I have previously provided to you the definition of national defense information in Instruction No. ___ addressing the second element of Count 1.

AUTHORITY: Adapted from 18 U.S.C. § 793(c); 1 L. Sand, et al., Modern Federal Jury Instructions, Section 29.03,  Instruction 29-17 (2013); Adapted from United States v. Mallory, 709 F. Supp. 2d 455 (E.D. Va. 2010), aff'd, 461 F. App'x 352 (4th Cir. 2012); United States v. Morison, 844 F.2d 1057, 1071-72 (4th Cir. 1988).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9
### Count 1 – Fourth Element - Knowledge and Intent

The fourth element the government must prove beyond a reasonable doubt is that the defendant acted knowingly or having reason to believe that he would dispose of the documents by communicating, delivering or transmitting them to a person not entitled to receive them.

An act is done knowingly if it is done voluntary and intentionally and not because of a mistake or other innocent reason. "Reason to believe" means that the defendant knew facts from which he concluded or reasonably should have concluded that the document could be used for the prohibited purpose.

Unless I instruct you otherwise, as I have for the term "national defense information," you should give words used in the Superseding Indictment their ordinary meaning. In the ordinary usage, the act of "disposing of" something means to get rid of something, to deal with conclusively, or to rid oneself of physical possession of the thing.

AUTHORITY: 1 L. Sand, et al., Modern Federal Jury Instructions, Section 29.03, Instruction 29-18 (2013); United States v. George, 946 F.3d 643, 646 (4th Cir. 2020); *United States v. Charlestain*, 2012 WL 1952292 at *4 (S.D.FL., May 3, 2012); American Heritage Dictionary; Merriam-Webster.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

### Definition of National Defense Information

For purposes of Counts 1, 2, and 3, the government must prove beyond a reasonable doubt that at least one document, writing, photograph, or note the defendant obtained was connected with the national defense, and that he obtained such document, writing, photograph, or note for the purpose of obtaining information respecting the national defense. The terms "information respecting the national defense" is a legal term of art with a specific definition. It is sometimes also referred to as "national defense information" or "NDI." The legal definition of "information respecting the national defense," "national defense information," or "NDI," is as follows:

The term "national defense" refers to all matters that directly or may reasonably be connected with the national defense of the United States, including matters relating to the nation's intelligence capabilities. In other words, the term "national defense" is a generic concept of broad connotation referring not only to U.S. military, naval, and air establishments, but also to all related activities of national defense preparedness.

To prove that documents, writings, photographs, or notes connect or relate to the national defense, there are two things that the government must prove. First, the government must prove that the document is closely held by the U.S. government. Second, the government must prove that the document the defendant obtained, if disclosed, would have been potentially damaging to the United States or might have

been useful to a foreign nation or enemy of the United States at the time of the conduct at issue.

In determining whether a document is closely held, you may consider whether the national defense information it contains has been classified by appropriate authorities and whether it remained classified on the date or dates pertinent to the Superseding Indictment. Where the national defense information has been made public by the U.S. government and is found in sources lawfully available to the general public, it is not closely held and as such does not relate to the national defense.  Similarly, where the sources of national defense information are lawfully available to the public and the U.S. government has made no effort to guard such information, the information itself does not relate to the national defense. Classified information does not become lawfully available simply by virtue of having been leaked and made public.

The government, however, need not prove the potential disclosure of the material would have caused actual damage or harm to the United States, or actually aided a foreign nation or enemy of the United States.  Instead, evidence of potential damage or harm to the United States, or potential aid to a foreign nation or enemy of the United States is sufficient to establish the second prong of the national defense information element.

During the trial, you may have heard the attorneys refer to certain evidence or materials as classified information, or that certain information was classified. Classified information is information that has been determined pursuant to a system

established by the Executive Branch to require protection against unauthorized disclosure. Although national defense information is not the same as classified information, you may consider the fact that information was classified in determining whether the information at issue was national defense information.

AUTHORITY: Adapted from 18 U.S.C. § 793(c); Superseding Indictment; 1 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶¶ 29-17, 29-23 (Matthew Bender Nov. 2020); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 173 (2019 Online Edition); Jury Instructions at 1202:9–1203:10, *United States v. Mallory*, No. 1:17-CR-154-TSE (E.D. Va. June 7, 2018); Jury Instructions at 1542:10–1544:6, *United States v. Sterling*, No. 1:10-CR-485-LMB (E.D. Va. Jan. 22, 2015); Jury Instructions at 37 (relevant instruction attached from prosecuting attorney as the instructions are not on public docket), *United States v. Hoffman*, 955 F. Supp. 2d. 555 (E.D. Va. 2014); *Gorin v. United States*, 312 U.S. 19, 28 (1941); *United States v. Squillacote*, 221 F.3d 542, 575-80 (4th Cir. 2000); *United States v. Morison*, 844 F.2d 1057, 1071-72 (4th Cir. 1988); *United States v. Truong Dinh Hung*, 629 F.2d 908, 918 n.9 (4th Cir. 1980).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11</u>

### Count 2 – The Nature of the Offense Charged

The indictment charges the defendant with the retention and transmission of National Defense Information and causing the communication of National Defense Information.  The indictment reads as follows:

> Beginning on or about February 28, 2014, and continuing on or about December 17, 2015 in the Eastern District of Virginia, the defendant, DANIEL EVERETTE HALE, having unauthorized possession of, access to, and control over the following documents related to the national defense, willfully:
>
> a. Retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive them; and
>
> b. Communicated, delivered, and transmitted such documents to a person not entitled to receive them.

The documents that are the subject of Count Two are: Documents A, B, C, D, E, F, G, I, J, K, and M.

Count 2 charges a violation of Section 793(e) of Title 18 of the United States Code, which provides:

> Whoever having unauthorized possession of … any document … relating to the national defense, . . . , willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, … the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United Stated entitled to receive it [commits a crime].

AUTHORITY: Superseding Indictment; Title 18, United States Code, Section 793(e).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### Count 2 – The Essential Elements of the Charged Offense

Every crime has what are called elements, which are the essential components of that crime.  For a defendant to be found guilty of a particular crime, the government must produce enough evidence to establish each element of the crime beyond a reasonable doubt.

In order to prove the defendant guilty of the retention and transmission of National Defense Information and causing the communication of National Defense Information, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant had unauthorized possession of the Documents A, B, C, D, E, F, G, I, J, K, and M as described in the Superseding Indictment;

Second, that the documents were related to national defense, as that term is legally defined; and

Third, that on February 28, 2014, and continuing on or about December 17, 2015, the defendant either: (a) willfully retained a document related to the national defense and failed to deliver it to the officer or employee of the United States entitled to receive the document; or (b) willfully communicated, delivered, and transmitted a document related to the national defense to a reporter or a reporter's online news outlet, who were not entitled to receive it.

AUTHORITY: Adapted from 18 U.S.C. § 793(e); Superseding Indictment; 1 L. Sand, et al., Modern Federal Jury Instructions, Section 29.04,  Instruction 29-21 (2013).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

### Count 2 - First Element – Possession

The first element the government must prove beyond a reasonable doubt is that the defendant had unauthorized possession of the Documents A, B, C, D, E, F, G, I, J, K, and M as described in the Indictment.

The word "possession" is a commonly used and commonly understood word. It means the act of having or holding property or the detention of property in one's power or command. Possession may mean actual physical possession or constructive possession. A person has constructive possession of something if he knows where it is and can get it any time he wants, or otherwise can exercise control over it.

A person has unauthorized possession of something if he is not entitled to have it.

AUTHORITY: 1 L. Sand, et al., Modern Federal Jury Instructions, Section 29.04, Instruction 29-22 (2013).

18

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

**Count 2 – Second Element – Information Related to National Defense**

The second element the government must prove beyond a reasonable doubt is that the documents are connected with the national defense of the United States.

Whether a document is national defense information is a question that the government must prove beyond a reasonable doubt by proving that the document is both closely held by the United States and that its disclosure would be potentially damaging to the United States or might be useful to a foreign nation or an enemy of the United States.  The term "national defense information" is a legal term and is further defined in Jury Instruction No. ___.

AUTHORITY: 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Section 29.04, Instruction 29-23 (2013); Adapted from <u>United States v. Mallory</u>, 709 F. Supp. 2d 455 (E.D. Va. 2010), <u>aff'd,</u> 461 F. App'x 352 (4th Cir. 2012).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

### Count 2 – Third Element – Defendant Willfully Retained and Failed to Deliver Document or Willfully Communicated it to the Reporter

The third element the government must prove beyond a reasonable doubt is that the defendant either (a) willfully retained documents related to the national defense and failed to deliver them to an officer or employee of the United States entitled to receive the document; or (b) willfully communicated, delivered, and transmitted a document related to the national defense to the reporter or the reporter's online news outlet, who were not entitled to receive the documents. The specific documents at issue in Count 2 are Documents A, B, C, D, E, F, G, I, J, K, and M.

In deciding whether the person who received the document at issue was entitled to have it, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the documents.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

The government need not prove that the defendant actually delivered Documents A, B, C, D, E, F, G, I, J, K, and M as described in the Indictment – it is enough to prove that the defendant merely attempted to do so. Further the government need not prove that the defendant did the act himself – it is enough to

prove that he merely caused the act to be done.

AUTHORITY: Adapted from 18 U.S.C. § 793(e); Superseding Indictment; 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Section 29.04, Instruction 29-25 (2013).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

### Count 3 – The Nature of the Offense Charged

The indictment charges the defendant with causing the communication of

National Defense Information.  The indictment reads as follows:

> Beginning on or about February 28, 2014, and continuing on or about December 17, 2015 in the Eastern District of Virginia, the defendant, DANIEL EVERETTE HALE, having unauthorized possession of, access to, and control over the following documents related to the national defense, willfully:

> Communicated, delivered, transmitted, and caused to be communicated, delivered and transmitted, and attempted to communicate, deliver and transmit, and cause to be communicated, delivered and transmitted, such documents to person [other than the Reporter or the Reporter's news organization] not entitled to receive them, through the publication, dissemination, and distribution to the general public of articles and books concerning Classified Documents A-G, I-K, and M.

The indictment charges the defendant with violating section 793(e) of Title

18 of the United States Code.  That section provides:

> Whoever having unauthorized possession of … any document … relating to the national defense, . . .  willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, … the same to any person not entitled to receive it [commits a crime].

AUTHORITY: Superseding Indictment; Title 18, United States Code, Section 793(e).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17**

### **Count 3 - First Element – Possession**

**See Defendant's Proposed Instruction No. 13**

AUTHORITY: 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Section 29.04, Instruction 29-22 (2013).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18

### Count 3 – Second Element – Information Related to National Defense

**See Defendant's Proposed Instruction No. 10**

AUTHORITY: 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, § 29.04, Instruction 29-23 (2013); Adapted from <u>United States v. Mallory</u>, 709 F. Supp. 2d 455 (E.D. Va. 2010), <u>aff'd,</u> 461 F. App'x 352 (4th Cir. 2012).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

### Count 3 – Third Element – Defendant Willfully Communicated it to the Public, Which Was Not Entitled to Receive It

The third element the government must prove beyond a reasonable doubt is that the defendant willfully communicated, delivered, and transmitted a document related to the national defense to persons, other than the Reporter or the Reporter's news organization, who were not entitled to receive them and that this was done through the publication, dissemination and distribution to the general public of articles and books concerning the Documents.  The specific documents at issue in Count 2 are Documents A, B, C, D, E, F, G, I, J, K, and M.

In deciding whether persons who received the document at issue were entitled to have it, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the documents.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

The government need not prove that the defendant actually delivered Documents A, B, C, D, E, F, G, I, J, K, and M as described in the Indictment – it is enough to prove that the defendant merely attempted to do so.   Further the government need not prove that the defendant did the act himself – it is enough to

prove that he merely caused the act to be done.

AUTHORITY: 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Section 29.04, Instruction 29-25 (2013).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### Count 5 – The Essential Elements of the Charged Offense

Every crime has what are called elements, which are the essential components of that crime.  For a defendant to be found guilty of a particular crime, the government must produce enough evidence to establish each element of the crime beyond a reasonable doubt.

In order to prove the defendant guilty of the offense of theft of government property, the government must prove the following three elements beyond a reasonable doubt:

*First*, that the record or thing of value described in the Superseding Indictment belonged to the United States and that the property had an economic value at the time charged;

*Second*, that the defendant either (a) stole or converted that property to his own use or the use of another, or (b) that the defendant conveyed or disposed of that property and did not have legal authority to do so; and

*Third*, that the defendant acted knowingly and willfully with the intent to permanently or temporarily deprive the government of the use and benefit of its property.

If you find the defendant guilty of this offense, you will also have to determine whether the defendant stole property worth more than $1,000 in total.

AUTHORITY: Adapted from ★ L. Sand, et al. *Modern Federal Jury Instructions* § 1-119 (First Circuit § 4.18.641 (updated Dec. 9, 2019)).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21**

### **Venue**

The government has to prove venue by a preponderance of the evidence and it must do so separately with respect to each count of the Superseding Indictment.  This means that the government has to convince you that it is more likely than not that venue exists in the Eastern District of Virginia with respect to each count of the Indictment.

In order for venue to exist in the Eastern District of Virginia, the essential conduct element of each offense must have taken place in the Eastern District of Virginia.  The essential conduct element is the act that the statute charged criminalizes.  For example, if Count 3 charges the unlawful communication, delivery or transmission of national defense information to a person other than the reporter, then the "essential conduct element" is the communication, delivery or transmission of the information.  Even though Count 3 has other elements, such as the unauthorized possession of documents related to the national defense, that unauthorized possession is not the "essential conduct element" because it is not the act that is outlawed by the charged statute.

28

AUTHORITY: *United States v. Jefferson*, 674 F.3d 332, 365 (4th Cir. 2012); *United States v. Sterling*, 860 F.3d 233, 243-44 (4th Cir. 2017).

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **No. 1:19-cr-59** |
| **v.** ) | |
| ) | **Hon. Liam O'Grady** |
| **DANIEL EVERETTE HALE,** ) | |
| ) | |
| **Defendant.** ) | |

<u>VERDICT FORM</u>

### Count 1

With respect to Count 1, obtaining national defense information knowing that he would dispose of it by violating Section 793(e) of Title 18 of the United States Code (communicating, delivering or transmitting national defense information), We, the Jury, find the Defendant, Daniel Everette Hale:

Not Guilty _____          Guilty _____

### Count 2

With respect to Count 2, retention and transmission of national defense information, (answer both parts):

a. With respect to the offense of retaining documents containing national defense information and failing to return them to an officer or employee of the United States entitled to receive them, We, the Jury, find the Defendant, Daniel Everette Hale:

Not Guilty _____          Guilty _____

b. With respect to the offense of communicating, delivering or transmitting documents containing national defense information to a person not entitled to receive them, We, the Jury, find the Defendant, Daniel Everette Hale:

Not Guilty _____          Guilty _____

### Count 3

With respect to Count 3, causing the communication of national defense information, We, the Jury, find the Defendant, Daniel Everette Hale:

Not Guilty _____          Guilty _____

### Count 4

With respect to Count 4, disclosing classified communication intelligence information, We, the Jury, find the Defendant, Daniel Everette Hale:

Not Guilty _____          Guilty _____

### Count 5

a. With respect to Count 5, theft of government property, We, the Jury, find the Defendant, Daniel Everette Hale:

Not Guilty _____          Guilty _____

(if "Guilty," answer question b):

b. With respect to the value of the government property at issue in Count Five, We, the Jury, find that the government

Has _____          Has Not _____

Proven that the value of the property was greater than $1,000.


**So say we all this _____ day of April, 2021.**


_____
**Foreperson**