IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-59 |
| | ) | |
| DANIEL E. HALE, | ) | Hon. Liam O'Grady |
| | ) | |
| Defendant. | ) | |

FILED IN OPEN COURT
MAR 31 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## STATEMENT OF FACTS

The Defendant, Daniel Everette Hale, agrees that at trial, the parties would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in or about February 28, 2014, and continuing to on or about December 17, 2015, in the Eastern District of Virginia and elsewhere, Mr. Hale, having unauthorized possession of documents relating to the national defense willfully: (a) retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive them; and (b) communicated, delivered or transmitted the documents to a person not entitled to receive them. Specifically, Mr. Hale retained Documents A, B, C, D, E, F, G, I, J, K and M (as those documents are identified in the Superseding Indictment (ECF No. 12)), and communicated them to the person identified in the Superseding Indictment as the Reporter.

2. In July 2009, while the United States was actively engaged in two wars, Mr. Hale, then 21 years old, enlisted in the United States Air Force. From July 2009

until in or about July 2013, Mr. Hale served in the United States Air Force, where he received language and intelligence training and was awarded a Top Secret/Sensitive Compartmented Information ("TS/SCI") security clearance. From March 2012 to August 2012, Mr. Hale deployed to Bagram Airfield in Afghanistan, working as an intelligence analyst in support of a Department of Defense Joint Special Operations Task Force supporting drone and prisoner operations.

3. From December 2013 until August 2014, Mr. Hale was employed by a defense contractor. While working for the defense contractor, Mr. Hale was assigned to the National Geospatial-Intelligence Agency ("NGA") in Springfield, Virginia, where he worked as a political geography analyst. Mr. Hale continued to hold a TS/SCI security clearance while working at NGA.

4. In or around April to May, 2013, Mr. Hale met the person identified in the Superseding Indictment as the Reporter.

5. Between February and May, 2014, Mr. Hale used his classified NGA computer to print Documents A, B, C, D, E, F, G, I, J, K and M. Eight of these documents were classified Secret, and three were classified Top Secret, and the documents contain National Defense Information as that term is defined in the law.

6. After retaining the documents, Mr. Hale communicated them to the Reporter, who published them between August 2014 and December 2015.

7. Mr. Hale was not authorized to possess, or have control over, or retain or take the documents from NGA, and the Reporter was not entitled to receive them.

8. At the times Mr. Hale retained the documents and communicated them to the Reporter, he knew it was unlawful to do so.

9. Mr. Hale authored an essay, attributed to "Anonymous," that became a chapter in a book published by the Reporter's online news outlet (defined as Book 2 in the Superseding Indictment).

10. This statement of facts includes those facts necessary to support Mr. Hale's guilty plea. It does not include every fact known to either party, and it is not intended to be a full enumeration of all the facts surrounding this case.

11. Mr. Hale's actions, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake or accident.

## DEFENDANT'S STIPULATION AND SIGNATURE

After consulting with my attorneys, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the parties would have proven the same beyond a reasonable doubt.

Date: 3/31/21

_____
Daniel Everette Hale
Defendant

## DEFENSE COUNSEL'S SIGNATURE

We are the Defendant's attorneys. We have carefully reviewed the above Statement of Facts with him. To our knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 3-31-21

_____
Todd M. Richman
Cadence A. Mertz
Assistant Federal Public Defenders
Attorneys for Daniel Everette Hale