IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:19cr59 |
| | ) |
| DANIEL EVERETTE HALE | ) |

OPPOSITION TO MOTION TO COMPEL
PRODUCTION OF EVIDENCE OF ACTUAL HARM

In preparation for sentencing, Daniel Hale seeks the production of evidence of actual harm – or the lack thereof – resulting from his conduct. His motion should be denied. We are aware of no damage assessments that focus on the specific national defense information ("NDI") designated by the government in this case under CIPA § 10, much less suggest that little or no actual harm resulted from Hale's criminal activity. In any event, the information Hale seeks to discover is irrelevant for the purposes of sentencing; this is so because the presence or absence of actual harm is not an element of Hale's crime of conviction, and the government does not intend to argue at sentencing that actual harm resulted from his conduct.

I. The Government Has Requested Damage
   Assessments But None Have been Identified

In preparation for charging, we worked with multiple U.S. government agencies to identify potentially discoverable information, including any damage assessments. None were identified. In response to the instant motion, we again asked those agencies to identify any damage assessments. Again, none have been identified. We believe, therefore, that none exist. If, before sentencing, we become aware of a damage assessment that suggests that little or no actual harm was caused by the release of the NDI identified pursuant to CIPA § 10 in this case - -

or simply relates to any information that the government intends to raise at sentencing - - the government will produce the information to the defendant or bring it to the Court pursuant to CIPA § 4.

> II. Hale Is Not Entitled to Damage Assessments of Actual Harm Relating to NDI Other than That Which Was Identified Pursuant to CIPA §10

Even if a government agency did create a damage assessment relating to NDI other than that which was identified pursuant to CIPA § 10, Hale would not in preparation for his sentencing be entitled to it. A defendant's right to discover classified information is circumscribed, and turns on whether the information "is relevant and helpful to the defense . . . or is essential to a fair determination of a cause." *United States v. Moussaoui*, 382 F. 3d 453, 472 (4th Cir. 2004) (internal citations and quotations omitted). Moreover, while a defendant is entitled to discovery that is "necessary" or "at least essential" to his defense, he is not entitled to information that is merely cumulative, corroborative, or speculative. *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (*en banc*).

The statute that Hale violated, 18 U.S.C. § 793(e), criminalizes the retention and transmission of NDI that the defendant has reason to believe "*could* be used to the injury of the United States or to the advantage of any foreign nation." (emphasis added). With respect to the classified NDI stolen by Hale and communicated to the reporter in violation of 18 U.S.C. § 793(e), the government intends at sentencing to argue only the standard set by the statute. That is, the *potential harm* that could have resulted from the specific NDI being stolen and communicated. What Hale is requesting – evidence of actual damage – is much broader than he is entitled to under the "relevant and helpful" standard established under *Moussaoui* and *Smith*.

Although defendants are entitled to discovery that may mitigate their sentences, Hale's requested discovery is divorced from the applicable discovery standards. We are unaware of any

case in which a court found that a defendant was entitled to discover government information simply on the grounds that it might undercut a fact that (a) is not an element of the offense of conviction; and (b) the government will not, in fact, attempt to prove at sentencing. Here, Hale will not be sentenced for any offense of which "actual harm" is an element. Further, we will not present at sentencing evidence of "actual harm" caused by Hale's criminal activity. As a result, the presence or absence (or the magnitude) of such actual harm will not be at issue at sentencing. Accordingly, such evidence would be neither "necessary" or "essential" to Hale's defense.

The absurdity of Hale's position is apparent upon considering the nature and circumstances of his conduct. Hale has admitted that he stole numerous documents. These documents, totaling hundreds of pages in the aggregate, contained information that was the property of multiple government agencies. Some of the documents were marked "Top Secret"; some were marked "Secret"; some were marked "For Law Enforcement Use Only"; and some were unclassified. By Hale's theory, evidence of the lack of actual harm found from the theft of any of the information that he stole would be a mitigating circumstance. This theory, however, flies in the face of § 10 of the Classified Information Procedures Act and this Court's discovery rulings in this case.

In fact, pursuant to CIPA § 10, we carefully designated the particular classified information that constituted NDI for purposes of 18 U.S.C. § 793. As this Court recognized in considering Hale's previous motions to compel discovery, we narrowly drew the NDI in this case. One reason that we did so was to circumscribe the parameters of the proof that would be needed to establish the elements of the charged offenses, as well as the government's attendant discovery obligations. After all, in order to prove at trial that disclosure of the classified

information that Hale stole and communicated to the reporter could cause harm to the national security, the government would be required to disclose even more classified information to describe that potential harm. Accordingly, we sought to identify that NDI in a manner that would permit us properly to prosecute Hale while still minimizing the need to expose even more classified information than he stole in the first place.

As a result of the precision with which the NDI was selected, Hale's entitlement to pre-trial discovery properly was narrowed as well. Indeed, much of the pre-trial discovery sought by Hale was disallowed on the grounds that the possible existence of prior leaks of information similar to that stolen by Hale was irrelevant to the case against him, unless those disclosures were of information that was *identical* to that which was designated under CIPA § 10. *See, e.g.,* Order, Dkt. 98, December 3, 2019, at 3-4 ("Furthermore, the defendant's proposed substantial similarity requirement is an unworkable standard").

Now, after entry of Hale's guilty plea, he seeks evidence of "actual harm" with respect to *all* of the information that he stole, including the hundreds of pages of material that was *not* designated as NDI under CIPA § 10. Acceptance of his position would require the United States to disclose information to Hale about the presence or absence of actual harm caused by the disclosure of information that was not designated under CIPA § 10; it would result in the anomaly that Hale would be entitled to broader discovery after conviction than before, and would negate the protections afforded to the United States through the CIPA process.

The best authority Hale can muster for the discovery he seeks is *United States v. Sterling,* but his reliance on that case is misplaced. Hale fails to recognize that in *Sterling*, proof of actual harm was adduced at trial. Were we to introduce evidence of actual harm against Hale, then his analogy to Sterling might be useful; as noted above, however, we are not. As a result, Sterling's

4

prosecution is clearly distinguishable from Hale's. By relying on a case in which the government introduced evidence of actual harm - - which most assuredly has not been done in his own case – Hale undermines his own argument by pointing to a key distinction between Hale's prosecution and Sterling's.

In any event, the proof of actual harm in *Sterling* was not admitted to prove the existence of NDI. Instead, such proof was inherent in the government's evidence that linked Sterling to the news article that contained the stolen information in the first place.[1] As a result (and even though the government was required to prove only potential harm in order to establish the leaked materials as NDI), evidence of actual harm necessarily was established in the course of proving that Sterling disclosed the NDI without authorization. So, despite the fact that proof of actual harm was admitted at trial to prove that Sterling was the leaker in the first place, no additional discovery relevant to the presence of absence (or magnitude) of actual harm was required in connection with sentencing. Accordingly, the *Sterling* context was markedly different from the situation involving Hale.

---

[1] That is, in *Sterling,* the government was required to present the testimony of the covert agent (that was exposed by Sterling's crime) to establish that the article that published the NDI at issue was based on a product that initially was produced by the covert agent and Sterling. Thus, proving the linkage between the published article and Sterling's involvement in the initial product necessarily outed the covert agent who worked with Sterling on that initial product.

Conclusion

This Court should reject Hale's attempt to expand the government's discovery obligation, and deny his motion.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Gordon Kromberg
Alexander P. Berrang
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Gordon.Kromberg@usdoj.gov
Email: Alexander.P.Berrang@usdoj.gov

By: _____/s/_____
Heather M. Schmidt
Senior Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Tel.: (202) 233-2132
Fax: (202) 233-2146
Email: Heather.Schmidt@usdoj.gov

Certificate of Service

I hereby certify that on June 1, 2021, I electronically filed the foregoing OPPOSITION TO MOTION TO COMPEL PRODUCTION OF EVIDENCE OF ACTUAL HARM with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                           /s/ .
                             Gordon D. Kromberg
                             Assistant United States Attorney
                             Virginia Bar No. 33676
                             Assistant United States Attorney
                             Attorney for the United States
                             2100 Jamieson Avenue
                             Alexandria, VA 22314
                             (703) 299-3700
                             (703) 837.8242 (fax)
                             gordon.kromberg@usdoj.gov