IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-59 |
| | ) | |
| DANIEL EVERETTE HALE, | ) | Hon. Liam O'Grady |
| | ) | |
| Defendant. | ) | Sentencing: July 27, 2021 |

**REPLY IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF EVIDENCE OF ACTUAL HARM**

The government in its response to the defense motion misunderstands the nature of this Court's task at sentencing and, it seems, its own task in producing relevant and favorable evidence under Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. It is not up to the government to pick and choose what will be relevant at Mr. Hale's sentencing, nor to control what the Court may consider at sentencing by narrowing its proposed trial evidence. Rather, it is elementary that a sentencing court *may* consider nearly any factor that would be aggravating or mitigating, *see* 18 U.S.C. § 3661, and *must* consider the factors set forth in 18 U.S.C. § 3553(a), among them the nature of the offense and the sentences of other similarly situated defendants. The Court must consider these factors whether or not the government intends, or intended, to offer evidence on them.

As a result, the government's decision not to offer proof of actual harm at sentencing does not render evidence of actual harm irrelevant. Neither does the fact that actual harm was not an element the government was required to prove at trial.

The question of actual harm is relevant at sentencing because, among other things, it describes the nature of the offense and because it sets Mr. Hale's conduct in context with that of others convicted under the same or similar statutes.

In its response to the defense Motion to Compel, the government betrays an alarming dissociation from the fundamental principles of sentencing and discovery. As the gatekeeper for the production of evidence to the defense under Rule 16 and *Brady*, "the government must always produce any potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed—with the benefit of hindsight—as affecting the outcome of the trial." *United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005). *See also Juniper v. Zook*, 876 F.3d 551, 566 n.7 (4th Cir. 2017).

The government here wishes to drastically curtail its obligations by limiting what it says it would have relied on at a trial. This turns the government's production obligations on its head and, further, ignores that the issue here is evidence relevant to sentencing. Just because the government intended to offer a subset of proof at trial does not permit the government to withhold favorable evidence that is relevant to the charges in the indictment and for which the defendant will be sentenced. *See, e.g.*, *Wolfe v. Clarke*, 691 F.3d 410, 423-24 (4th Cir. 2012) (district court "rightly lambasted" the government for not producing evidence to defense unless prosecutor first deems it "material" and "credible"). *See also Safavian*, 233 F.R.D. at 16 ("The problem with . . . the government's view of its obligations at this stage of the proceedings, however, is that it permits prosecutors to withhold admittedly favorable

evidence whenever the prosecutors, in their wisdom, conclude that it would not make a difference to the outcome of the trial. Most prosecutors are neither neutral (nor should they be) nor prescient, and any such judgment necessarily is speculative on so many matters that simply are unknown and unknowable before trial begins . . ."); *Juniper v. Zook*, 876 F.3d at 572-73 (admonishing prosecution for "arrogat[ing] to itself a central function belonging to the criminal jury and pursu[ing] its role as adversary to the exclusion of its role as architect of a just trial" (internal quotation marks and citation omitted)). Were the government correct, defendants could object to the introduction at sentencing of evidence about their criminal history or aggravating factors or other relevant criminal conduct. These typically are not requisite elements to be proven at trial, but nevertheless the government regularly relies on all three in service of its sentencing arguments.

At sentencing, this Court will be considering the whole of Mr. Hale's offense conduct, along with other aggravators and mitigators that the parties put forward. It will not limit its analysis to the specific items in the government's § 10 notice. Nor could it. The count to which Mr. Hale pled guilty is not so limited. *See* Superseding Indictment, Dkt. No. 12 (Count 2). Even if it were, the Sentencing Guidelines' consideration of broadly defined relevant conduct would bring in the remainder of the conduct alleged in the indictment, regardless of the government's trial strategy. *See* U.S.S.G. § 1B1.3.

For the reasons the defense stated in its Motion, the existence or absence of harm resulting from Mr. Hale's conduct—all of it—may make a material difference

at sentencing.[1] A lack of any actual harm would put Mr. Hale's conduct at one end of the spectrum of defendants convicted for similar offenses, as well as give context to the nature of Mr. Hale's conduct. *See* 18 U.S.C. § 3553(a). Although potential sentencing disparity is not the only factor the Court will consider, it is one that the Court *must* include in its analysis. The government's narrow concession that it is not aware of any harm analyses produced in response to the disclosure of the § 10 subject matter is insufficient. It must be compelled to state whether or not it is aware of any evidence that Mr. Hale's conduct—for which he will be sentenced—resulted in harm and, if so, the nature and extent of that harm.

Respectfully Submitted,

DANIEL EVERETTE HALE
By Counsel,

Geremy C. Kamens
Federal Public Defender

/s/ Cadence Mertz
Todd M. Richman
Va. Bar No. 41834
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defenders
Office of the Federal Public Defender

---

[1] By way of further illustration, consider a simple assault and battery case. Injury is not an element of a simple assault charge, thus the government need not prove whether injury occurred to obtain a conviction. *See, e.g.*, 18 U.S.C. § 113(a)(1)-(5); *Martino v. United States*, No. 13-cr-350-2-LMB, 2020 WL 3579548, at *3 (E.D. Va. July 1, 2020) (setting out elements of simple assault). At sentencing, however, it would be undeniably relevant whether the victim was, in fact, injured and, if so, how seriously. The defense would have a right to discover this information. If no injury resulted, the defense would have a right to offer this evidence as mitigating and as a rationale for sentencing the defendant differently than those who had committed assaults that did result in injury.

1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0840
Facsimile: (703) 600-0880
Cadence_Mertz@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2021, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

/s/ Cadence Mertz
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0840
Facsimile: (703) 600-0880
Cadence_Mertz@fd.org