UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANIEL EVERETTE HALE,<br><br>Defendant. | Case No. 1:19-CR-0059-LO<br><br>MOTION FOR LEAVE TO FILE AMICUS CURIAE ON BEHALF OF CAIR FOUNDATION |

### MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ON BEHALF OF CAIR FOUNDATION

The Council on American-Islamic Relations ("CAIR" or "CAIR Foundation") respectfully moves this Court for leave to file an amicus curiae brief in the above-captioned matter to offer information that CAIR believes will be relevant in determining Mr. Hale's sentence. Mr. Hale consents to this filing and the federal government take no position.

### ARGUMENT

District courts have the authority to grant non-parties, like CAIR, leave to appear and file amicus curiae briefs. In using this authority, this Court "has broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*." *Tafas v. Dudas,* 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). But generally, district courts grant such leave when a judge 'deems the proffered information timely and useful." *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996).

1

CAIR has timely and useful information to offer this Court as it determines Mr. Hale's sentence. While disclosure of the watch listing guidance is not formally part of the offense to which Mr. Hale has pleaded guilty, it is part of the course of conduct that the Court will consider in imposing sentence. CAIR can provide the Court with specific examples of benefit to individuals and the community from Hale's actions. Accordingly, the proposed amicus has "a unique perspective [and] specific information that can assist the Court beyond what the parties can provide." *Voices for Choices v. Ill. Bell Tel. Co.,* 339 F.3d 542, 545 (7th Cir. 2003) (Posner, J., in chambers).

Numerous Muslim Americans have sought legal assistance from CAIR after finding that they had been placed on the Selectee List or the No Fly List ("NFL"). Frequently these clients of CAIR have told CAIR that they were contacted by federal agents and told that if they would serve as informants, they would be removed from the list. This pattern, repeated over and over in CAIR's clients' accounts, certainly suggested that people were being designated for the lists arbitrarily and without reference to any meaningful threat. But the criteria for inclusion on these lists were unknown, and the process to request removal was completely opaque.

Daniel Hale's disclosure of the unclassified 2013 Watchlisting Guidance revealed that the criteria for inclusion are circular and illogical. With the unclassified 2013 Watchlist Guidance in hand CAIR was able to present focused claims on behalf of its clients. As a result, these legal challenges have achieved much success.

The proposed amicus brief explains how the documents about the watchlist that Mr. Hale disclosed helped Americans challenge their illegal placement on the No Fly List and other secret lists. Mr. Hale's disclosures were a boon to people's ability to protect their

constitutional rights against the federal government's ever-growing watchlisting practices. CAIR urges the Court to grant this motion and to take into account, when it determines Mr. Hale's sentence, the great benefit the disclosure of the 2013 Watchlisting Guidance was to the thousands of Americans who are injured by its once-secret processes.

        CAIR LEGAL DEFENSE FUND

        BY:   /s/ Lena Masri
        LENA F. MASRI
        GADEIR I. ABBAS*
        JUSTIN SADOWSKY
        453 New Jersey Ave, SE
        Washington, DC 20003
        Phone: (202) 488-8787

        *Mr. Abbas is licensed in VA, not in D.C.
        Practice limited to federal matters.

        PROFETA & EISENSTEIN

        BY:   /s/ Jethro M. Eisenstein*
        45 Broadway, Suite 2200
        New York, New York 10006
        Phone: (212) 577-6500

        *Pro Hac Motion Pending