IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL EVERETTE HALE,<br><br>    *Defendant*. | No. 1:19-cr-59<br><br>The Honorable Liam O'Grady |

**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF**
**<u>GOVERNMENT'S MOTION TO SEAL</u>**

The United States of America, through undersigned counsel, and pursuant to Local Criminal Rule 49 of the U.S. District Court for the Eastern District of Virginia, respectfully requests that the Court seal the documents that are the subject of this motion to seal. In support of its request, the government states as follows:

1. The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing of a document is appropriate where there is a substantial probability that the release of the sealed document would compromise the government's on-going investigation severely. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988);

*In re Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *In re Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366 (D. Kan. 1992).

2. Sealing is necessary because the information described in the accompanying documents relates to national security interests. The government has considered procedures other than sealing and none will suffice to protect this information from disclosure. The materials to be filed under seal would need to remain sealed until further order of the Court. Moreover, sealing the accompanying documents comports with Paragraph 8 of the Protective Order, Dkt. 30, that this Court issued on May 23, 2019.

3. A proposed Order is attached.

WHEREFORE, the United States respectfully requests that the accompanying documents be sealed until further Order of the Court.

Respectfully Submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Alexander P. Berrang
Gordon Kromberg
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: alexander.p.berrang@usdoj.gov
Email: gordon.kromberg@usdoj.gov

Heather Schmidt
Senior Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
heather.schmidt@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 20, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to counsel of record in this case. I also provided an electronic copy to all counsel of record by means of electronic mail.

                                        Respectfully Submitted,

                                        Raj Parekh
                                        Acting United States Attorney

By:        /s/
                                        Alexander P. Berrang
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Phone: (703) 299-3700
                                        Fax: (703) 299-3981
                                        Email: alexander.p.berrang@usdoj.gov