IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-CR-59 |
| v. | |
| DANIEL EVERETTE HALE, | Sentencing: July 27, 2021 |
| *Defendant*. | |

REPLY TO DEFENSE POSITION ON SENTENCING

      The broad swaths of highly classified documents that Hale stole belie his post-hoc rationalization of his criminal conduct as simply an effort to "inform[] American citizens' knowledge about actions taken by their government."  Dkt. 240 at 22.  As explained in greater detail in the government's classified filing, many of the classified documents Hale disclosed were completely unrelated to his work in the Air Force and at NGA.  Moreover, all but one of the remaining documents were technical in nature.  If Hale truly believed the United States was conducting unlawful or immoral warfighting operations, he had other options besides unilaterally disclosing classified information – but he chose none of them.  He chose none of them because he was less concerned with the promises he made to protect the information with which he was entrusted, than with ingratiating himself with journalists who could assist him becoming one himself.  His decision to abuse the trust that had been placed in him is inexcusable, and his disclosure of the documents that he stole risked aiding terrorists planning to attack the United States and  state adversaries collecting intelligence on the United States, as well as jeopardizing the lives of the servicemembers with whom Hale previously served.

<u>18 U.S.C. § 793 Retention Cases Resulting in Guideline Sentences</u>

Hale asks for a sentence of 12 to 18 months, which is far outside the applicable U.S. Sentencing Guidelines range.  Hale's memorandum minimizes the nature of his offense and the potential harm from his actions.  To justify this sentence, Hale cites multiple cases, half of which were not for the same statute to which Hale plead guilty.

Missing from Hale's analysis are § 793 cases in which defendants received a Guidelines sentence for merely *retaining* national defense information.  *See, e.g., United States v. Ford*, 288 F. App'x 54, 61 (4th Cir. 2008) (affirming 72-month sentence for retention of materials classified as Top Secret); *United States v. Martin*, 1:17-cr-69-RDB) (D. Md. 2019) (nine-year sentence for unlawful retention of Top Secret information); *United States v. Pho*, 1:17-cr-00631 (D. Md. 2018) (66-month sentence for unlawful retention of materials classified as Top Secret). *See also United States v. Marshall*, 3:17-cr-1 (S.D. TX 2018) (41-month sentence for unlawful retention of materials classified at the Secret level); *United States v. Mehalba*, 03-cr-10343-DPW (D. Ma. 2005) (20-month sentence in connection with plea for unlawful retention – not transmission – in violation of 793(e) and two counts of violating 18 U.S.C. 1001; court departed downward due to mental health of defendant).

Hale is more culpable than these defendants because he did not simply retain the classified documents, but he provided them to the Reporter knowing and intending that the documents would be published and made available to the world.  The potential harm associated with Hale's conduct is far more serious than mere retention, and therefore calls for a more significant sentence.

<u>Potential Harm</u>

The statute that Hale violated, 18 U.S.C. § 793(e), criminalizes the retention and transmission of national defense information that the defendant has reason to believe "*could* be used to the injury of the United States or to the advantage of any foreign nation."  In other words, it is the *potential harm* that could have resulted from the specific NDI being stolen and communicated that is at issue in this sentencing, not the actual damage.[1]  Although Hale argues that the absence of damage assessments is proof that no damage occurred, his argument is wrong and premised on a logical fallacy: the absence of evidence does not constitute evidence of absence.

The classified information Hale stole and disclosed to the Reporter is different from several of the other "leak" cases Hale cites in his motion, including *Libby*, *Kiriakou*, and *Sterling*.  In those cases, which involved the disclosures of the identities of U.S. government undercover agents, officers, or clandestine sources, the damage was immediately clear.  In Hale's case, where the classified information does not relate to a specific individual or piece of technology, and has a wide audience, including countless terrorists organizations and foreign governments, actual damage may not be known for years, if at all.

For example, in October 2020, five years after Hale stole and disclosed the Top Secret information in Documents D and E, the government learned that those documents were included in a publication distributed to aid ISIS fighters in avoiding detection and targeting by the U.S.

---

[1] Hale claims the delay bringing charges was the result of political concerns.  It was not. The sensitivity of the classified information Hale disclosed, the number U.S. Intelligence Community (USIC) members who had equities in this information (as is represented by the numerous classified declarations filed by the government in the CIPA § 6 phase of the case), and the number of pages Hale disclosed – 150 pages, required extensive coordination within the government to proceed with charges.

military.  *See* Exhibits D and G to our initial Position on Sentencing.  We do not know whether this information already has been or will be used in the future by terrorists or other foreign adversaries.  What we *can* be sure of is that Hale's actions *risked* damage to the safety and security of Americans in the past, and will continue to do so in the future.

Hale previously has argued to this Court that, through leaks that made possible movies such as "Zero Dark Thirty," the American public was aware of the nature of drone warfare long before he himself disclosed any stolen documents.  *See* Order (Dkt #98, December 3, 2019) ("The defendant argues that these materials relate to whether substantially similar information has become public, which directly bears on whether the NDI in this case is closely held and potentially damaging").  As this Court wrote in December 2019, "the defendant's proposed substantial similarity requirement is an unworkable standard."  *Id.*  In his arguments today, Hale makes the same mistake.  Regardless of whether *some* information about drone warfare was not potentially damaging when Hale stole and disclosed information to Reporter in 2014, the stolen information designated as NDI surely was.

<u>Hale Has Expressed No Remorse for His Crime</u>

Notwithstanding his guilty plea, Hale continues to claim he was a whistleblower who simply disclosed some innocuous "over-classified," "tactical" documents that caused no actual harm to the national security of the United States.  Dkt 240 at 25.  That argument is inconsistent with his conduct.  First, since many of the documents related to topics outside of his job responsibilities, Hale could not have been sufficiently knowledgeable about them to know that their disclosure was innocuous.  Second, multiple legitimate avenues for actual "whistleblowing" were available to Hale, but he never pursued them.  *See* GX 711-174 (attached to this pleading as Exhibit K).  Instead, he provided documents to Reporter in the hopes that doing so would help

him become a journalist himself.   After all, he looked up to journalists "like rock stars"  and wanted to be one himself so that he could to "speak truth to power" while "hav[ing] great sex all the time and mak[ing] just enough to live but not too much that [he] [became] a part of the upper crust."  Exhibit J (appended to the government's initial sentencing position paper, containing Government Exhibit 811).

Hale has expressed no remorse for his crime.  According to Hale, what he did was legally wrong but morally right.  Hale has never acknowledged the potentially serious, and in some cases, exceptionally grave damage to national security his actions could have caused.   Under these circumstances, he cannot be entitled to a reduction in offense level for acceptance of responsibility.  In analogous circumstances, no one would award such a reduction to a heroin dealer who admitted that he violated the law by distributing heroin, but simultaneously asserted that by distributing the heroin he was helping society rather than harming it.

In sum, Hale was motivated not by transparency but by self-aggrandizement.  A significant sentence therefore is necessary and appropriate.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date: July 26, 2021                    By:  _____/s/_____

Gordon Kromberg
Alexander P. Berrang
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Gordon.Kromberg@usdoj.gov
Alexander.P.Berrang@usdoj.gov

By:        /s/
               Heather M. Schmidt
               Senior Trial Attorney
               National Security Division
               United States Department of Justice
               950 Pennsylvania Ave., NW
               Washington, D.C. 20530
               Tel.: (202) 233-2132
               Fax: (202) 233-2146
               Heather.Schmidt@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of filing (NEF) to counsel of record for the defense.

By:   _____/s/_____
Gordon Kromberg
Assistant United States Attorney