```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA


   UNITED STATES OF AMERICA       :
                                  :
             Plaintiff,           :  Criminal Action
                                  :  No. 1:19-cr-59
   v.                             :
                                  :
   DANIEL EVERETTE HALE,          :  March 31, 2021
                                  :  10:00 a.m.
                                  :
                                  :
             Defendant.           :
                                  :
   ............................   :
```

**TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
BEFORE THE HONORABLE LIAM O'GRADY,
UNITED STATES DISTRICT COURT JUDGE**

APPEARANCES:

For the United States:	**Gordon D. Kromberg, Assistant U.S. Attorney**
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700
Email: Gordon.kromberg@usdoj.gov

**Alexander Patrick Berrang, Assistant U.S. Attorney**
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
Email: Alexander.P.Berrang@usdoj.gov

**Heather Schmidt, Assistant U.S. Attorney**
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
Email: Heather.schmidt@usdoj.gov

*Scott L. Wallace, RDR, CRR, Official Court Reporter*

```
APPEARANCES (Cont.):

For the Defendant:        Todd M. Richman, Assistant Federal
                          Public Defender
                          Office of the Federal Public
                          Defender (Alexandria)
                          1650 King St, Suite 500
                          Alexandria, VA 22314
                          (703) 600-0800
                          Email: Todd_richman@fd.org

                          Cadence Mertz, Assistant Federal
                          Public Defender
                          Office of the Federal Public
                          Defender (Alexandria)
                          1650 King St
                          Suite 500
                          Alexandria, VA 22314
                          703-600-0800
                          Email: Cadence_mertz@fd.org



 Court Reporter:          Scott L. Wallace, RDR, RMR, CRR
                          Official Court Reporter
                          United States District Court
                          401 Courthouse Square
                          Alexandria, VA  2231-5798
                          Office: 703.549.4626
                          Cell: 202.277.3739
                          Email: Scottwallace.edva@gmail.com
```

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

**AFTERNOON SESSION, MARCH 31, 2021**

(2:03 p.m.)

    THE COURTROOM CLERK: The Court calls *United States of America versus Danielle Everett Hale*, Criminal Case 2019-cr-59.

    May I have appearances, please, first for the government?

    MR. KROMBERG: Good afternoon, Your Honor. Gordon Kromberg and Alex Berrang and Heather Schmidt from the counterespionage section of DOJ are for the government.

    With us at counsel table is FBI Special Agent Laura Pino.

    THE COURT: All right. Good afternoon to each of you. And?

    MR. RICHMAN: And good afternoon, Your Honor. Todd Richman and Cadence Mertz for Mr. Hale, who is present.

    THE COURT: All right. Good morning to you both, and good morning, Mr. Hale.

    THE DEFENDANT: Good morning, Your Honor.

    THE COURT: This comes on for a change of plea, and I understand that Mr. Hale is intending to plead guilty to Count 2; is that correct?

    MR. RICHMAN: That's correct, Your Honor. It's Count 2 of the superseding indictment.

    THE COURT: All right. Are you ready to proceed now?

    MR. RICHMAN: Yes, Your Honor.

    THE COURT: All right. Then let's swear Mr. Hale, please.

    (DANIEL EVERETTE HALE, DEFENDANT IN THE CASE, SWORN)

1         THE COURT:  All right.  How old are you, Mr. Hale?
2         THE DEFENDANT:  Sir, can you repeat the question?
3         THE COURT:  How old are you?
4         THE DEFENDANT:  I'm 33 years old.
5         THE COURT:  All right.  And how far did you go in school?
6         THE DEFENDANT:  I graduated high school and attended
7    college briefly.
8         THE COURT:  All right.  And you read and write the English
9    Lang without difficulty?
10        THE DEFENDANT:  Yes, Your Honor.
11        THE COURT:  Are you taking any medication which would make
12   it difficult for you to understand the questions I'm asking you
13   here today?
14        THE DEFENDANT:  No, Your Honor.
15        THE COURT:  All right.  Has anybody made any threats or
16   promises that -- about any repercussions of your entry of your
17   plea of guilty here to Count 2 that aren't -- well, let me end it
18   right there.  Has anybody made any threats or promises to get you
19   to plead guilty to Count 2?
20        THE DEFENDANT:  No, Your Honor.
21        THE COURT:  Are you prepared to plead guilty to Count 2
22   because you are guilty of that charge?
23        THE DEFENDANT:  Yes, Your Honor.
24        THE COURT:  All right.  Have you told your counsel
25   everything about the facts of this case so that they can

1  represent you to the best of their ability?
2          THE DEFENDANT: Yes, Your Honor.
3          THE COURT: And are you satisfied with their services on
4  your behalf?
5          THE DEFENDANT: Yes, Your Honor.
6          THE COURT: All right. Let's look at Count 2. Do you
7  understand that Count 2 charges that beginning or about February
8  28th of 2014 and continuing to on or about December 17th of 2015,
9  in the Eastern District of Virginia and elsewhere, you without --
10 you had unauthorized possession of, access to, and control over a
11 series of documents that are identified in the -- and we'll talk
12 about it in a minute -- related to National Defense, and that you
13 willfully retained the documents and failed to deliver them to
14 the officer or employee of the United States entitled to receive
15 them and communicated, delivered, and transmitted such documents
16 to a person not entitled to receive them, specifically you
17 retained the documents related to the National Defense and
18 transmitted them to the reporter and/or reporters' online news
19 outlet.
20         Do you understand that there are documents that are listed
21 below that, A through -- well, A, B, C, D, E, F, G, I, J, K and
22 M -- and that the chart identifies the date -- printed the date
23 of initial publication the classification of each of those
24 documents? Do you see that, sir?
25         THE DEFENDANT: I do.

1    THE COURT: All right. And have you actually reviewed the
2 documents that are identified in that chart to make certain that
3 they are the documents that you transmitted?
4    THE DEFENDANT: I have, and they are.
5    THE COURT: All right. And did you go over the elements
6 of the offense of Title 18, Section 793(e) identified in Count 2
7 that the government must prove beyond a reasonable doubt before
8 you would be convicted of that charge? Did you go over that, the
9 elements of that offense with your counsel?
10    THE DEFENDANT: I did, Your Honor.
11    THE COURT: All right. Do you need anymore time to speak
12 to them about the elements of the offense or your decision to
13 plead guilty here today?
14    THE DEFENDANT: I do not.
15    THE COURT: All right. Do you understand that you have a
16 right to plead not guilty and to require the government to prove
17 its case against you beyond a reasonable doubt?
18    THE DEFENDANT: I do.
19    THE COURT: Do you understand you're entitled to a jury
20 trial if you wish where 12 members of the community would hear
21 evidence; only if they unanimously found you guilty would you be
22 convicted of this offense? Do you understand that?
23    THE DEFENDANT: I do.
24    THE COURT: And do you understand that if there was a
25 trial, the government would be required to put witnesses on the

1 stand; they'd be under oath and subject to cross-examination by
2 your counsel?  You'd have a right to contest the evidence that
3 the government sought to admit against you.  You'd have a right
4 to testify in a trial if you wished, and you have an absolute
5 right not to testify, if you do not wish to, because you have a
6 Constitutional right to remain silent, and no inference of your
7 guilt could be made by the trier of fact because you have that
8 right to remain silent.  Do you understand that?
9       THE DEFENDANT:  I do.
10      THE COURT:  Do you understand you have a right to use the
11 power of the Court to compel witnesses to attend and testify on
12 your behalf, and you have a right to counsel at every stage of
13 the proceedings against you?  Do you understand those rights as
14 well?
15      THE DEFENDANT:  Yes, sir.
16      THE COURT:  And you went over your right to have a trial
17 with your counsel and have decided to waive that right and plead
18 guilty instead hear today?
19      THE DEFENDANT:  I have, Your Honor.
20      THE COURT:  Do you understand that the violation of Count
21 2 carries with it a maximum sentence of ten years of
22 imprisonment, a fine, a special assessment, and I believe it's up
23 to three years of supervised release?  But am I correct about
24 that?
25      MR. RICHMAN:  That's correct.

*1*      THE COURT: All right. Thank you. Do you understand that
*2* as well?

*3*      THE DEFENDANT: Yes, I do, Your Honor.

*4*      THE COURT: Do you understand that I'm not going to
*5* sentence you today, and I'm going to continue this case for
*6* approximately 90 or a hundred days for sentencing, and that there
*7* will be a presentence report, and that report will contain a
*8* Sentencing Guideline calculation? Do you understand that?

*9*      THE DEFENDANT: Yes, I do.

*10*      THE COURT: All right. And have you gone over with
*11* counsel the -- some of the Guideline calculations before today?

*12*      THE DEFENDANT: Yes, we have, Your Honor.

*13*      THE COURT: Do you understand that ultimately the
*14* Guideline calculation won't be determined until your date of
*15* sentencing and that the Probation Office will initially evaluate
*16* the evidence and determine what they believe the Guidelines
*17* should be, and then your counsel and the government will have an
*18* opportunity to respond to the probation officer's calculation
*19* agreeing or disagreeing with it, and then on your date of
*20* sentencing I'll determine the Guideline calculation, which is
*21* considered by the Court in sentencing. Do you understand that?

*22*      THE DEFENDANT: I'm sorry, Your Honor, could you repeat
*23* that question?

*24*      THE COURT: Yes. It's a long question, and it was rather
*25* confusing.

*1*  THE DEFENDANT:  Sorry.

*2*  THE COURT:  But the Guideline calculation won't be
*3* determined until your date of sentencing, and that calculation is
*4* something that the Court considers in determining the right
*5* sentence.  The Probation Office initially reviews the case and
*6* determines what it believes the guidelines should be.

*7*  They publish that to your counsel and the government, and
*8* then your counsel and the government have a right to comment,
*9* agree or disagree, and they'll do that in writing to me before
*10* sentencing, and then at sentencing I consider the arguments of
*11* both parties and I determine what the proper Guideline should be
*12* for the case.  Do you understand that now?

*13*  THE DEFENDANT:  Yes, I do.

*14*  THE COURT:  Okay.  Have you gone over the Statement of
*15* Facts carefully?

*16*  THE DEFENDANT:  Yes, sir, we have.

*17*  THE COURT:  And also with your counsel?

*18*  THE DEFENDANT:  Yes, Your Honor.

*19*  THE COURT:  All right.  And do you agree that the
*20* government would have proven beyond a reasonable doubt with
*21* admissible and credible evidence the facts that are identified in
*22* this Statement of Facts?

*23*  THE DEFENDANT:  Yes, Your Honor.

*24*  THE COURT:  All right.  So let's go over the Statement of
*25* Facts.

*1*       MR. RICHMAN: Your Honor, if I could just interject. Just
*2* because -- I'm fine with Your Honor reviewing it. I want to be
*3* clear that, because there are other pending counts and we don't
*4* know for sure whether the government will dismiss those, I would
*5* like to make sure that we stick specifically to what we have
*6* proffered here as the facts and not go beyond it.
*7*       THE COURT: All right. That's fine. The first paragraph
*8* indicates that from in or about February 28th of 2014 and
*9* continuing to December 17th of 2015, you, having unauthorized
*10* possession of documents relating to the National Defense,
*11* willfully retained the documents and failed to deliver them to
*12* the officer or employee of the United States entitled to receive
*13* them, and communicated, delivered, or transmitted the documents
*14* to a person not entitled to receive them.
*15*       Specifically, you retained documents A, B, C, D, E, F, G,
*16* I, J, K and M, and communicated them to the person identified in
*17* the superseding indictment as the reporter. Is that correct,
*18* sir?
*19*       THE DEFENDANT: Yes, Your Honor.
*20*       THE COURT: And then in paragraph 2 it states that in July
*21* of 2009, while the United States was actively engaged in two
*22* wars, you at 21 years old enlisted in the United States Air
*23* Force, and from July of 2009 to in or about July of 2013, you
*24* served in the United States Air Force where you received language
*25* and intelligence training and were awarded a Top Secret Sensitive

1  Compartmented Information Security Clearance.  Is that correct,
2  sir?
3          THE DEFENDANT:  Yes, Your Honor.
4          THE COURT:  And is it correct that from March 2012 through
5  August of 2012, you were deployed to Bagram Airfield in
6  Afghanistan and worked as an intelligence analyst in support of a
7  Department of Defense Joint Special Operations Task Force
8  supporting drone and prisoner operations?
9          THE DEFENDANT:  Yes, Your Honor.
10         THE COURT:  And is it correct that from December 2013
11 until August 2014 you were employed as a defense contractor?  Is
12 that correct?
13         THE DEFENDANT:  I was.
14         THE COURT:  And that, while working for the defense
15 contractor, you were assigned to the National
16 Geospatial-Intelligence Agency in Springfield where you worked as
17 a political geography analyst; is that correct?
18         THE DEFENDANT:  I was, yes, Your Honor.
19         THE COURT:  And that you continued to hold your top secret
20 classified security clearance while working at NGA?
21         THE DEFENDANT:  Yes.
22         THE COURT:  All right.  Is it correct that in or about
23 April to May of 2013 you met a person identified in the
24 superseding indictment as "the reporter"?
25         THE DEFENDANT:  I did.

*1*       THE COURT: And is it correct that between February and
*2* May of 2014, you used your classified NGA computer to print out
*3* documents A, B, C, D, E, F, G, I, J, K and M; is that correct?
*4*       THE DEFENDANT: Yes, Your Honor.
*5*       THE COURT: And is it correct that eight of these
*6* documents were classified as secret and three were classified as
*7* top secret, and that the documents contained National Defense
*8* information as that term is defined in the law?
*9*       THE DEFENDANT: Yes, Your Honor.
*10*       THE COURT: All right. And after retaining the documents,
*11* you communicated them to the reporter who published them between
*12* August of 2014 and December of 2015; is that correct?
*13*       THE DEFENDANT: Yes, Your Honor.
*14*       THE COURT: Okay. Is it correct that you were not
*15* authorized to possess or have control over or retain or take the
*16* documents from the NGA and the reporter was not entitled to
*17* receive them?
*18*       THE DEFENDANT: That's correct.
*19*       THE COURT: And that at the time that you retained the
*20* documents and communicated them to the reporter, you knew that it
*21* was unlawful to do so?
*22*       THE DEFENDANT: I did, Your Honor.
*23*       THE COURT: All right. Is it correct that you authored an
*24* essay attributed to "anonymous" that became a chapter in a book
*25* published by the report's online news outlet, defined as Book 2

*1*   in the superseding indictment?

*2*          THE DEFENDANT:  I did, Your Honor.

*3*          THE COURT:  All right.  And you understand that these

*4*   Statement of Facts include those facts necessary to support your

*5*   guilty plea and may not include every fact known to either party,

*6*   and it's not intended to be a full enumeration of all the facts

*7*   surrounding this case?

*8*          THE DEFENDANT:  Yes.

*9*          THE COURT:  All right.  And you did these acts knowingly

*10*  and deliberately and not by mistake or accident?

*11*         THE DEFENDANT:  I did.

*12*         THE COURT:  All right.  How do you plead, then, Mr. Hale,

*13*  to Count 2 which charges that, beginning on or about February

*14*  28th and continuing to December 17th of 2015 in the Eastern

*15*  District of Virginia and elsewhere, that you had unauthorized

*16*  possession of and access and control over the documents

*17*  identified as A, B, C, D, E, F, G, I, J, K and M, and that these

*18*  documents related to the National Defense and that you willfully

*19*  retained the documents and failed to deliver them to the officer

*20*  or employee of the United States entitled to receive them; and B,

*21*  communicated and delivered and transmitted such documents to a

*22*  person not entitled to receive them, specifically you retained

*23*  documents relating to the National Defense and transmitted them

*24*  to the reporter or the reporter's online news outlet in violation

*25*  of Title 18, Section 793(e), guilty or not guilty, sir?

1    THE DEFENDANT:  I plead guilty, Your Honor.

2    THE COURT:  All right.  Mr. Richman, have you gone over
3 the facts of the case with Mr. Hale?

4    MR. RICHMAN:  I have, Your Honor.

5    THE COURT:  And gotten discovery from the government?

6    MR. RICHMAN:  Yes.

7    THE COURT:  And you believe that Mr. Hale's plea is
8 knowingly and voluntarily made today?

9    THE DEFENDANT:  I do.

10   THE COURT:  And that there's a basis in fact for it?

11   THE DEFENDANT:  Yes.

12   THE COURT:  All right.  Well, based on Mr. Hale's answers
13 to my questions and the Statement of Facts and answers of
14 counsel, I find Mr. Hale guilty of Count 2.  I'll order a
15 presentence report.  I'll continue the case.  How's July 13th for
16 the parties at 10:00?  Does that work?

17   MR. RICHMAN:  That's fine, Judge.

18   MR. KROMBERG:  That's fine, Your Honor.

19   THE COURT:  All right.  What is the government's position
20 with regard to the remaining counts in the indictment.  We have a
21 trial set for Monday.

22   MR. KROMBERG:  Judge, I think that the trial should be
23 removed from the docket on Monday and placed in abeyance, and
24 we'll revisit the issue at sentencing.

25   THE COURT:  All right.  Any objection to that, Mr.

1  Richman?

2      MR. RICHMAN: I don't mind if the government needs some
3  additional time to consider, but I -- I mean, we've got a trial
4  set. I don't think it should be just held in abeyance for months
5  pending sentencing.

6      THE COURT: Well, we've got a -- the counts all carry
7  ten-year maximum counts. Count 2 in the Statement of Facts
8  include much of the information that would flow from the other
9  evidence about the remaining counts. We've got relevant conduct
10 issues within the Guidelines.

11     MR. RICHMAN: The Guidelines would be effectively -- not
12 effectively, I think they are exactly the same, whether it's one
13 count or all five, so --

14     THE COURT: -- right --

15     MR. RICHMAN: -- I think the government needs to make a
16 decision. I don't mind if they need past Monday, but -- I don't
17 think they should get to wait to see how the sentence is and then
18 say, you know, now we'd like to go to trial on the other four
19 counts.

20     THE COURT: Well, two things. One, I'm going to grant the
21 motion to hold the trial in abeyance and continue it to the date
22 of sentencing for further review. As you are aware, the
23 government has been asking that they not be required to dismiss
24 any counts in normal pleas that we take, and we haven't really
25 flushed out the exact reason, but there's some appellate concerns

1  there, and if the government does attempt to set a new trial date
2  at the date of sentencing, we'll take it up at that time as to
3  whether that's appropriate or not.
4         MR. RICHMAN:  Understood.
5         THE COURT:  Okay.  All right.  What's the government's
6  position on continued conditions of release for Mr. Hale?
7         MR. BERRANG:  Your Honor, as the Court knows, now that the
8  defendant has pled guilty under 3143(a)(1), the Court shall
9  detain him unless the Court finds by clear and convincing
10 evidence that he's not likely to flee or pose a danger to the
11 safety of any other person in the community.  So, in this matter
12 we ask the Court to require the defendant to meet that burden,
13 and we will defer to the Court's decision whether that burden has
14 been met.
15        THE COURT:  All right.  Mr. Richman?
16        MR. RICHMAN:  Thank you, Your Honor.  I would submit that
17 Mr. Hale's performance on pretrial release, other than some small
18 things very early that did not cause the Court to revoke, but
19 ever since then it's been totally -- he's been totally compliant,
20 that that absolutely meets that burden.
21        First, as to danger, you know, the only offense that we
22 have is this offense which he, of course, could not commit again.
23 It requires access.  So I simply don't think that the
24 government -- I don't think that even exists.
25        And as to flight, he's shown up here today willingly to

*1* plead guilty knowing the consequences. He's come to every court
*2* proceeding. You know, he's been in touch with pretrial and he's
*3* complied with that. I think that that's clearly enough to show
*4* the Court by clear and convincing evidence that he's not a danger
*5* of flight.

*6* THE COURT: What is his employment status today?

*7* MR. RICHMAN: Right. Well, as Your Honor -- he's
*8* unemployed. As Your Honor recalls, he had a serious motorcycle
*9* accident, couldn't work for a while after that clearly, and then
*10* since he's been mobile enough again, this trial has been right on
*11* the horizon and it wasn't feasible to start a job and then
*12* suddenly be unavailable, so he is unemployed at present.

*13* THE COURT: All right. The Probation Office has indicated
*14* that he's compliant and recommended that he be continued on
*15* present conditions. I can't have a sidebar, I guess, under these
*16* conditions. I want to make sure that you don't have any mental
*17* health concerns about Mr. Hale.

*18* MR. RICHMAN: Your Honor, he receives services, as I'm
*19* sure the Court knows, through the VA, and we don't have any
*20* concerns that would affect this analysis.

*21* I mean, certainly Mr. Hale has some issues that he tries
*22* to deal with, but we don't have any concerns that I think would
*23* be relevant to what's before the Court.

*24* THE COURT: Mr. Hale, obviously this has been on your mind
*25* for years, but also now this decision that you've made, it may

1  reduce your stress level, I'm not sure, but as you go through the
2  process of meeting with the probation officer and generating a
3  report and working through with your counsel the matters that
4  will take place at your sentencing, that creates additional
5  stress.  How are you dealing with that stress?  And you don't
6  have to be specific about it.  I'm concerned about your safety at
7  the time of sentencing.  So tell me how you're going to deal with
8  that.
9          THE DEFENDANT:  I understand your question, Your Honor.
10 Um, for more than a year now, having lived with the persons I'm
11 living with now, through friends, they're very supportive.  They,
12 for a long time, were permitting me to live without rent, paying
13 rent.  I do whatever I can.  And since my -- I'm sorry, Your
14 Honor.  I'm not prepared to answer this question right now, but
15 I'll do my best.  Much of these days I'm much of a home taker.  I
16 clean, take care of the house and chores and cook for my
17 roommates, three meals a day, and keep everything in order while
18 I'm unemployed and unable to help financially.
19         So, for now, until the day of sentencing, I will likely
20 continue to do so, remain quarantined, and just try to think
21 about taking care of -- and giving back to the people who have
22 supported me all along the way.  I'm sorry, Your Honor, I don't
23 know if that answers your question.
24         THE COURT:  Well, it helps.  I want you to promise me that
25 if you feel that you're going into a depression and are thinking

1  about hurting yourself that you will identify that to the
2  Probation Office right away.  Do you promise to do that?
3             THE DEFENDANT:  Yes, Your Honor, I promise to do that.
4             THE COURT:  All right.  All right, then, I find that the
5  factors have been met.  And I've been observing Mr. Hale for
6  quite a long period of time, and, as Mr. Richman alluded to, I've
7  allowed him to stay out on conditions of release when he
8  initially had some problems because I was hoping that the
9  services that he was receiving would help him in the long run,
10 and I think that it -- they have, and I don't find that he's a
11 danger to himself or pose a danger to others presently, and I do
12 not believe he's a flight risk, having come in today and been at
13 all prior hearings and having followed the directions of his
14 counsel at every stage of the proceedings.  So I'll permit you to
15 continue on your conditions of release.  It's a new -- you have
16 to be especially careful now that you've pled guilty and make
17 sure that you are listening very carefully to what the Probation
18 Office needs you to do.  And if you have any questions about
19 that, then you check with your counsel right away, all right,
20 sir?
21            THE DEFENDANT:  Yes, sir, Your Honor.
22            THE COURT:  All right.  Anything else this afternoon?
23            MR. KROMBERG:  No, thank you, Your Honor.
24            THE COURT:  All right.  Thank you, counsel.  All right.
25 We're in recess.

(Proceedings adjourned at 2:32 p.m.)

**C E R T I F I C A T E**

        I, Scott L. Wallace, RDR-CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Scott L. Wallace                    1/7/21
-----------------------------      -----------------
**Scott L. Wallace, RDR, CRR**              **Date**
  **Official Court Reporter**